V2.6-23

**Faith Lynn Brashear**
Plaintiff /Witness/ Advocate
In RE: 1095 Lowry Ranch Road
Corona, CA 92881
Tel: 951-268-4042
<u>Preferred Response</u>: Fax: 855-204-0859
Faith@Betterquest.com <u>Mail Response</u>:

N/S



FILED
CLERK, U.S. DISTRICT COURT
APR - 6 2016
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# FEDERAL COURT OF CALIFORNIA
# FOR THE LOS ANGELES, CENTRAL DISTRICT

FAITH LYNN BRASHEAR, an individual,
Plaintiff
vs.
THE MORTGAGE LAW FIRM, PLC, as
Trustee and Agent of a Beneficiary; as agent
for Wells Fargo Bank, N.A.; DARREN J.
DEVLIN, President of of The Mortgage Law
Firm, PLC;
SPECIALIZED LOAN SERVICING LLC, as
servicer for HSBC Bank USA, National
Association, as Trustee for the Holders of the
Deutsche Alt-A Securities, Inc., Mortgage
loan Trust, Mortgage Pass-Through
Certificates Series 2007 –OA4; MARK
MCCLOSKEY Assistant Vice President of
Specialized Loan Servicing LLC, and All
persons and entities claiming any right to real
property located at 1095 Lowry Ranch Road
Corona, California 92881 and Does 1-10,
inclusively,
                                Defendants

CASE No. **CV16-2360 GW (GJSx)**

**JURY TRIAL DEMANDED**
**1**. Preliminary Injunction and OSC re (Rule
65(b)(1)(A)&(B) Rule 65(d)et seq; in re:
U.S.C., Title 15, §79r(f)  and §2924.12);
**(CCP §525-529; §2924.12);**

**2.** CANCELLATION and
EXPUNGEMENT of Void Instruments
on Plaintiff's Land Record as CLOUDs
on Title;

**3.** DECLARATORY RELIEF
(Judicial determination that the
"Assignments of Deed of Trusts" are Void
Instruments) In re: Jesinoski and Yvanova
Supreme court rulings.

**4.** DECLARATORY RELIEF Judicial
determination that the rulings at Superior
Court are VOID ab initio re: Misconduct.
CCP Section 52.1 – Witness Tampering.

**5**. Rescission under *Truth in Lending Act;*
Damages for Statutory Violations in re:
Civil Code Sections: 2923.55, 2923.7,
2924.9, 2924.10, and 2924.17.

**6.** Compliance under *Truth in Lending* Act,
et al. 130 [15 U.S.C., 1640], and 26 U.S.
Code § 673 - Reversionary interests



APR - 6 2016
Clerk, US ___ ct Court
___ 4612

1

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th,
8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

**TABLE OF CONTENTS**                                         **PAGE**

Points and Authorities            *IN MEMORANDUM*            *passim*

I.     PREFIX ....................................................................  4

II.    CONSTITUTIONAL QUESTION BEFORE THE COURT....  5

III.   PREFIX NOTICE ......................................................  8

IV.    *URGENCY - SALE DATE PENDING* ......................  15

V.     VENUE AND JURISDICTION......................................  20

VI.    PART ONE OF COMPLAINT ......................................  23

VII.   FIRST QUESTION BEFORE THE COURT ....................  23

VIII.  SECOND QUESTION BEFORE THE COURT ..................  27

IX.    THIRD QUESTION BEFORE THE COURT ....................  28

X.     ***URGENT MATTER AT HAND***........................  32

XI.    PARTIES.....................................................................  35

XII.   GENERAL ALLEGATIONS ........................................  38

XIII.  QUITCLAIM DEED OWNERSHIP AND LEGAL TITLE ...... 41

XIV.   VOID ASSIGNMENT OF DEED OF TRUST....................  42

XV.    EMBEDED TRACKING UPON THE CONTRACT............  47

XVI.   BACKGROUND IN RE: PLAINTIFF .............................  54

XVII.  REASONS FOR GRANTING INJUNCTION....................  60

XVIII. OBSTRUCTION OF JUSTICE......................................  62

XIX.   **PART TWO OF COMPLAINT**...............................  68

XX.    CORE INFORMATION BEING WITHHELD ..................  69

XXI.   WHAT TIPS THE SCALES?........................................  74

- 2

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th,

8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

XXII.   FOURTH QUESTION BEFORE THE COURT…………..…   80

XXIII.   FIFTH QUESTION BEFORE THE COURT……………..….   85

XXIV.   SIXTH QUESTION BEFORE THE COURT ……………..….   85

XXV.   INFERIOR COURTS ARE IN CONFLICT OF LAW………..   86

XXVI.   FALSE CLAIMS……………………………….…..……….   91

XXVII.   STATEMENT OF THE FORTHCOMING CASE………….   92

XXVIII.   WHERE THE TAX AVOIDANCE BEGAN………………   94

XXIX.   CONGRESSIONAL BACKGROUND………………………   110

XXX.   STATUATORY PROVISIONS OF REG–136676–13………   111

XXXI.   REGLATORY HISTORY OF REG-136676-13……………..   112

XXXII.   INTRODUCTION TO COLLATERALIZATION  …………   117

XXXIII.   A TANGABLE MORTGAGE NEVER EXISTED …………   121

XXXIV.   PLAINTIFF'S DAMAGE …………………………………...   123

XXXV.   ORIGINAL SOURCE STATEMENT…………………………   126

XXXVI.   FIRST MATTER PRELIMINARY INJUNCTION…………   128

XXXVII.   SECOND MATTER CANCELATION OF

VOID INSTRUMENTS………………………………………   144

XXXVIII.   THIRD MATTER- DECLARATORY RELIEF………………   145

XXXIX.   FOURTH MATTER "IN REM" ACTION

DECLARATORY RELIEF TO QUITE TITLE………….   149

XL.   FIFTH MATTER – TILA RECISSION………………………   163

XLI.   SIXTH MATTER – TILA RESTITUTION……………….....   169

XLII.   PRAYER FOR RELIEF……………………………………..   173

3

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,] 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

# ***** PREFIX******

Article I, Section 10 of the United States Constitution allows you to Contract as long as you do not infringe on life, liberty or property.  To date the banking industry has conducted over 5 Million foreclosures across this Nation. It is no longer a question of "if" these infringements have happened to us (See: Peterson vs Bank of America; Ruffy vs Bank of America; and Harkey V. US Bank Et Al.)  These recent historical events are forever forged into the minds of every American across this Nation recognized as *"the Great Mortgage Crisis"*. *See Wall Street & the Financial Crisis Anatomy of a Financial Collapse US Senate Staff report April 13 2011*.

Today we live in a World where lawyers are retained for their creative interpretations of the law, instructed to blindly follow the banks attorney foreclosure manuals designed to circumnavigate the law, instead of protecting the laws us lowly laymen are desperately fighting to hold on to (Ex 7).  We have become a society of modification agents and glorified salvage attorneys steering lambs into slaughter.

Today we live in a society where it is ok to pay grafts through third parties to judges in order to obtain judicial favors and where extortion is considered a normal business practice in order to bleed protection money from those infringed until they give up hope, refuse to pay, or they cannot pay, until that inevitable eviction day.  Yet when we pose serious questions to the courts who serve us, as the attorneys who serve justice won't, we are told our arguments do not hold merit as they were self inflicted.

- 4

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

Today we live in a society where the banks, through presidential initiatives, bail outs, and the raping of retirement funds, can swap out their anteceded junk assets by trickling it down to the very people who's backs they have already broken.

We the People of the United States of America have become no more than a sad historical statistic, a cost index, manipulated at a whim and labeled as dead beats in a system designed to trigger defaults. We look the other way instead of looking at the fallen, because that is just how it is, and we forget about how is should be. Political rights and lefts have become more important than what is right and wrong.

It was Thomas Jefferson who said, *"I know no safe depository of the ultimate powers of the society but the people themselves, and if we think them not enlightened enough to exercise their control with a wholesome discretion, the remedy is not to take it from them, but to inform their discretion by education. This is the true corrective of abuses of constitutional power."* I, Plaintiff stand against this tide of inflicted prejudice, because **I have standing.** I will fight like no one has ever fought before because I, Plaintiff know without doubt that it is right thing to do. I, Plaintiff stand with the discarded authority under which this Nation was formed.

## CONSTITUTIONAL QUESTION BEFORE THE COURT

1. How can a borrower of a property, be lawfully siesed of their home upon inception? (See *Exhibit E page 4 BORROWER COVENANTS*).

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

2. This specific verbiage is evident on every MERS in Uniform with Fannie Mae/ Freddie MAC contract *(Exhibit E bottom of page one)* associated with a Mortgage Pass Through Loan Trust. (RMPT)

3. The capitalization *BORROWER COVENANTS*, within the contract itself indicates an "entity" covenant in Contract law, not a "person".  So if I, Plaintiff, did not covenant this, then who did?

4. Plaintiffs contracts stated *(Exhibit E Page 3 TRANSFER OF RIGHTS IN THE PROPERTY)* that Plaintiff irrevocably transferred her property.

5. I, Plaintiff has been recently made aware that if you irrevocably grant a property, you fall into a Government office of accounting.  The contract then becomes a basis of the performance of an irrevocable right that you repudiated. So what irrevocable right was transferred?

6. Contract law dictates that if the Deed of Trust does not contain language "providing for a conclusive presumption of the regularity of sale," it is defective, the sale is considered void by matters of law. Little v. C.F.S. Serv. Corp., 188 Cal. App. 3d 1354, 1359 (1987).

7. The Security and Exchange Commission (herein SEC) has already tied Goldman Sachs with the Structuring and Marketing of CDO tied to Subprime Mortgages.  It was not until the Securities and Exchange Commission announced *Jan. 14, 2016* — that Goldman, Sachs & Co. has agreed to pay $15

6

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th,
8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

million to settle charges that its securities lending practices **violated Federal regulations** for the marketing of these synthetic contract that, I Plaintiff, am addressing.

8. Plaintiff alleges and asserts that she was not only a victim of a marketed Synthesized Collateralized Debt Obligation (CDO) contract designed to bypass the securitization process, Plaintiff was incentivized to market Synthesized Collateralized Debt Obligation (CDO) under the presumption of a Mortgage Deed of Trust.

9. A synthetic CDO is a form of collateralized debt obligation (CDO) that invests in credit default swaps (CDSs) or other non-cash assets to gain exposure to a portfolio of fixed income assets.

10. **A Synthetic Mortgage Deed of Trust is a Synthetic CDO in that it was the "bearer note" instrument used to facilitate a portfolio of fixed income assets under a Pass through Mortgage Trust.**

11. A Synthetic Mortgage Deed of Trust is nothing more than a repurposed security deed of conveyance used in the collateralization process.

12. I, Plaintiff hereby request a clearer definition as it pertains to the 14th Amendment in regards to due process set forth upon a following Motion for more definitive statements to help clarify matters of law being demurred out of justice.  Please explain how can Plaintiff have been a purchaser of a property if

-                                                                7

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

she was legally siesed from her estate upon inception. Who then at that moment upon inception, becomes the borrower under contract law?

13. Article VI, Paragraph 2 of the Constitution establishes that the Federal Constitution, and Federal law generally, take precedence over State laws, and even State constitutions.  Plaintiffs contract falls within a Constitutional conflict of law that courts across the nation have been turning a blind eye to. I, Plaintiff respectfully would like to know why?

## PREFIX NOTICE

14. **Due to the complexities of this complaint, this complaint has been broken apart into two sections.  The first part addresses the immediate matters of law that are <u>NOT subject to judicial modification</u>.  The second part addresses what is shamefully being withheld from the public, council and the judges.  NOTE: A separate REALTOR complaint is forthcoming to elaborate this complaint further, it will expose the truth and detail exactly where these housing bond manipulations are still taking place.  Current Defendants will be asked to address their awareness of the second part of the complaint.**

## FORTHCOMING DEFENDANTS

15. **NOTICE TO ALL PARTIES, THEIR COUNCIL and DOES to follow:**

- 8

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

NOTIFICATION UNDER Federal Rule of Civil Procedure 45(c), (d), (e), and (g)

(Effective 12/1/13) Under 18 U.S.C. § 3237(a) (1988) to the following entities is

hereby made : Federal National Mortgage Association, Timothy J. Mayopoulos, Chief

Executive Officer Fannie Mae, U.S. Bank NA, as trustee as successor in interest to

Bank of America, NA as successor by merger to Lasalle Bank, NA as trustee for

WAMU Mortgage Pass-Through Certificate Series 2006-AR13 Trust,  Ms. Malia H.

Wasson U.S. Bank NA Regional President of Portland & Southwest Washington,

HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee of the Holders of the

Deutsche Alt-A Securities, Inc., Mortgage Loan Trust, Mortgage Pass-Through

Certificates Series 2007-OA4; CHARLES G. MEYER JR Director, HSBC Bank

USA, N.A. MORTGAGE ELECTRONIC REGISTRATION SYSTEM, CORE

LOGIC and/or FIRST AMERICAN TITLE.

16. **YOU ARE HEREBY NOTIFIED** THAT EITHER a date will be forth coming as a

result of this case where wither yourself, a named party in this notice, a

council representative to the party and/or a representative from this party

will/may be instructed to take oral deposition of the above named party or

party-affiliated deponent, by the plaintiff, the plaintiffs advocate affiliates

and/or legal council in this action, at a location to be determined at a future

date. The deposition will/may continue from such date, day to day until

completed.

9

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th,
8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

## TO THESE COURTS

17. <u>The complexities of this complaint were made as such by Defendants own</u>

<u>actions. The Deeds of Trust, Notices of Default and the various title recordings</u>

<u>ARE in themselves prima facia to Plaintiffs case.  There is critical information</u>

<u>being withheld from both these courts and council that needs to be brought</u>

<u>forth to determine the severity of impact to the general welfare.</u>

18. Part one of this complaint falls under strict construction of Regulation Z – for

an acknowledge 2009 TILA 1635 recession where the voiding was made

absolute ab initio. The <u>Truth in Lending Act allows for judicial enforcement</u>

<u>because TILA IS AN ISSUE OF FACT, a CONGRESSIONAL INTENT</u>, that

allows these courts to take judicial action <u>to ORDER compliance</u> with the

provisions of the Truth and Lending ACT through assignment of a mediator.

The steps to TILA and TILA restitution have been properly asserted and

outlining further herein.

19. Due to the additional complexities arising from this Situation, failure to adhere

to the law, willful delays imposed upon Plaintiff, (*see additional Delays and*

*Damages attached declarations and attestations*) additional discoveries have

surfaced which hold much deeper implications.  A Substantive Test for

Conditions Subsequent upon Plaintiffs properties is now needed to determine

what reversionary rights were left on the table by an implied 1099-A

10

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th,

8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

partnership created by these synthesized contracts in conflict of Constitutional

supremacy laws.

20. The order for compliance for a proper TILA restitution a Substantive Test for

Conditions Subsequent will be needed upon the following properties:   1095

Lowry Ranch Road, Corona CA 92881-  12302 Sunrise Drive, Bainbridge

Island WA 92881 – Wrongfully foreclosed – 13900 Hidden Heights Lane,

Bainbridge Island WA 92881 – Wrongfully foreclosed.

21. The second part of the complaint deals specifically with unaddressed <u>Matters</u>

<u>of Law</u> under Regulations X, (REG-136676-13) and IRC 26 U.S. Codes which

also <u>ARE</u> <u>NOT subject to judicial modification.</u>

22. Plaintiffs complaint touches upon an ongoing topic between the National Bar

Association and the Internal Revenue Service (*See Attached Exhibit 4- 2013*

*proposed rulemaking concerning Mortgage Loan Pass through Trusts*.)  Even

top legal minds are having difficulties arguing over what many consider a

crisis of peculate that should never have happened.

23. Plaintiff is but a lowly layman who is already prejudiced by presumptions upon

this filing.  To construct a plea against something <u>that is not legally possible,</u>

<u>yet happened</u> is an impossible prayer for relief that must be heard. ***Trinsey v***

***Pagliaro, D.C.Pa. 1964, 229 F.Supp. 647.***

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th,

8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

24. Plaintiffs complaint requires the courts to look towards themselves in regards to specific Matters of Law to address serious issues to both Plaintiff, the pending Defendants and the General Welfare.  This complaint is being thoughtfully brought forth by a pro-se litigant, who is a well educated, original source volunteer Federal Witness holding direct knowledge of matters pertaining to the contracts that perpetuated the Mortgage Crisis, via baptism by legal cross fire in perpetual study of law across this nation. *Exhibit W.*

## VOIR DIRE

25. The FEDERAL *RULES OF CIVIL PROCEDURE, 28 USCA: states* "**every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled. even if the party has not demanded such relief in his pleadings." *See also JONAS Z. LONA v. CITIBANK, N.A., as Trustee, etc*. Officers of the court who many come in contact with the matter of Goodner versus Disaster Services are noticed under authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities of Haines v Kerner, 404 U.S. 519-421, Platsky v. C.I.A. 953 F.2d. 25, and Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000).  (**In re Haines: pro se litigants are held to less stringent pleading standards than bar licensed attorneys.**

-                                                                                    12

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

26. Here comes, Faith Lynn Brashear, Plaintiff with a Section 1983 case who claims federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction to cases arising under the U.S. Constitution.  Plaintiff brings this suit pursuant to Title 42 U.S. Code § 1983 for violations of certain protections guaranteed to her by the Fifth, Eighth, Ninth and Fourteenth Amendments of the Federal Constitution **AND** under **18 U.S. Code § 1512 – REPEATEDLY Tampering with a witness, victim, or an informant.**

27. Plaintiff holds standing under (5.1.A.1.a.) as Congress intended the law to so directly benefit the Plaintiff, such that those in her place are the "unmistakable focus" and where "an unambiguously conferred right" herein exists.  A strong argument can be made that Congress' mandates are, in *Gonzaga*'s terms, "phrased in terms of the persons protected."

28. This Court may reach to the issue of additional standing based on prudential concerns under 8 U.S.C. § 3552(b) for additional study on how this information pertains to the UCL National Foreclosure act in draft with the intention to remove these synthesized blights from the Mortgage Electronic Registration System (MERS) system.

29. Plaintiff falls into the "zone of interest" as she holds the ability as and Original Source REALTOR by default through circumstance who intends to bring suit upon the pending defendants: in RE:  ATTEMPTED DECEIT;  EXTORTION;

- 13

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

CONSTRUCTIVE FRAUD: FRAUDULENT CONCEALMENT;  FRAUDULENT

CONVEYANCE; WRONGFUL FORECLOSURES: TAX AVOIDANCE  and Violations

of : CC § 1572, CC § 1709, CC § 1710 *See Barrows v. Jackson and New Energy*

*Economy, Inc. v. Shoobridge, 2010-NMSC-049, ¶16, 149 N.M. 42, 243 P.3d 746*

30. Title 42 U.S. Code § 1983 reads as follows:

> *Every person who, under color of any statute, ordinance, regulation,*
>
> *custom, or usage, of any State or Territory, subjects, or causes to be subjected,*
>
> *any citizen of the United States or other person within the jurisdiction thereof*
>
> *to the deprivation of any rights, privileges, or immunities secured by the*
>
> *Constitution and laws, shall be liable to the party injured in an action at law,*
>
> *suit in equity, or other proper proceeding for redress.*

31. Plaintiff is showing these courts, where upon these Synthetic Mortgage Deed

of Trust, they are embedded with the tracking codes that pre-set the timing

mechanisms within the contract that are set to pre-trigger defaults and how it is

tied to defective notices, title recordings and the HUD-1 closing statements.

32. Preliminary investigations suggest that algorithms embedded in these

Synthesized contracts hold probable cause to investigate the further tampering

of the Housing Bond Market.

33. Plaintiff is coming forth Under 18 U.S. Code § 1513 (B) with information

relating to the commission or possible commission of a Federal offense. The

-                                                          14

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th,

8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

1989 amendment added 18 U.S.C. § 1344 (bank fraud) as a predicate offense.

*See Financial Institutions Reform, Recovery and Enforcement Act of 1989,*

*Pub. L. No. 101-73, Title IX,§ 968, 103 Stat. 506 (Aug. 9, 1989)* and asks the

patience of these courts. This complaint involves Forensic Accounting and

Fraud Investigations which can ONLY be conveyed initially by a pro-se

written complaint to enable better understanding.

34. **The wider spread Damage of Defendants actions would be in excess of $20**

**Million NOT ONLY in the misappropriation of Non Ordinary Income**

~~upon the General Public, but in the controlled event being set in motion to~~

**trigger.**  These courts, knew or should have known this was happening.

### *URGENCY - SALE DATE PENDING*

35. **TO ALL PARTIES AND THEIR COUNSEL OF RECORD Plaintiff Faith**

**Lynn Brashear, hereby moves this Court *Ex Parte* upon 24 hour Notice as**

**required under *Federal Rules of Criminal Procedure Rule 47, FRCP***

**7(b)(1).and *C.C.P.* 527(c)(2)(A) for a Temporary Restraining Order  and**

**Preliminary Injunction for the purpose of issuance of a writ of mandamus**

**[to maintain status quo], the effect of which restrains DefendantsTHE**

**MORTGAGE LAW FIRM, PLC, as Trustee and Agent of a Beneficiary;**

**as agent for Wells Fargo Bank, N.A.; DARREN J. DEVLIN, President of**

-                                                                              15

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th,
8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

The Mortgage Law Firm, PLC; SPECIALIZED LOAN SERVICING LLC, as servicer for HSBC Bank USA, National Association, as Trustee for the Holders of the Deutsche Alt-A Securities, Inc., Mortgage loan Trust, Mortgage Pass-Through Certificates Series 2007 –OA4; MARK MCCLOSKEY Assistant Vice President of Specialized Loan Servicing LLC, and All persons and entities claiming any right to real property located at 1095 Lowry Ranch Road Corona, California 92881 and Does 1-10, inclusively including HSBC BANK USA, NATIONAL ~~ASSOCIATION, as Trustee of the Holders of the Deutsche Alt-A~~ Securities, Inc., Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-OA4; CHARLES G. MEYER JR Director, HSBC ~~BANK USA, NATIONAL ASSOCIATION;~~  ;  as foreclosing entities and trustees and all other involved Defendants and each of them, from auctioning by an improper non-judicial foreclosure of her <u>primary residence,</u> a single family residence known as 1095 Lowry Ranch Road, Corona CA  which is facing an illegal  foreclosure auction sale with a specific date* pending as of the filing of this action but who has received a recorded Notice of Default that is faulty, premature and unenforceable as a prefatory tool leading to a non-judicial foreclosure which must be stopped.

-                                                                                        16

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,] 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

36. **The facts will show by _extremely convincing evidence_ these entities hold no reason or right to foreclose since NO foreclosing Defendant has complied with the statutory requirements of California State or Federal law. This is a foreclosure action that commenced prior January 1, 2013, the _Perata Act of 2008_ then, applies. However to the extent that any foreclosure sale is to be performed AFTER January 1, 2013, the provisions of the Foreclosure Protection Act of 2012 apply. In EITHER event, violations of both codes are evident justifying immediate issuance of a TRO and PI.**

### *SALE DATE PENDING*

37. **Plaintiff advises the court that a "SALE DATE" for the property is scheduled for April 20th, 2016,** _(Ex. H)_ **– Defective** _Notice of Trustee's Sale._

38. **Under Regulations X, Z ,(REG-136676-13) and under Under IRC 26 U.S. Code § 108 et al, Plaintiff has repeatedly acknowledged her rights and has properly asserted her claims to the following properties:** 1095 Lowry Ranch Road, Corona CA 92881 -- 12302 Sunrise Drive Bainbridge Island, WA 98110 -- 13900 Hidden Heights Lane, Bainbridge Island, WA 98110

39. **TO ALL PARTIES AND THEIR COUNSEL OF RECORD – DUE TO TAMPERING OF A MOTION AT THE SAN FERNADO VALLEY FEDERAL BANKRUPTCY COURTS REQUESTING PROOF OF**

- 17

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

**AUTHORITY AND FAILURE TO ACTUALLY HEAR THE**

**COMPLAINT IN THE CENTRAL DISTRICT DIMISSED FOR A FEE**

**WAIVER – WHICH HAS NOW IN FACT BEEN PAID, SAID PROOF**

**TO REPRESENT IS DEMANDED.**

40. Plaintiff asserts the right to rebut the <u>presumption</u> that counsel has the authority to represent and appear on behalf of Defendants.

41. It is a well-known and common practice for banks to sell unsecured, charged-off accounts to unrelated third party debt collectors, which include law firms.

42. FURTHER, since Defendant "The Mortgage Law Firm", alleged themselves as a "duly appointed trustee" while simultaneously attempted to extort business from Plaintiff to stay a foreclosure on behalf of their ALLEGED clients, **Plaintiff must now insist – Clean hands please.** (*Exhibit T*)

43. Counsel may have an unsecured interest in the foreclosure and may be collecting under the name of the Defendant in the capacity of a salvage agent.

44. Without valid authority to bring suit under the name of the Defendant, counsel has not only committed a felony, but has committed a fraud upon these Courts and upon the Plaintiff.

45. This verification extends to all council past and present council representation, who have implied their authority to represent multiple Defendants.

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

46. Penal Code section 115 provides that each fraudulent instrument filed or offered for filing constitutes a separate violation (subdivision (b)) and may be punished separately (subdivision (d)). "Thus, the Legislature has unmistakably authorized the imposition of separate penalties for each prohibited act even though they may be part of a continuous course of conduct and have the same objective." *See (People v. Gangemi (1993) 13 Cal.App.4th 1790, 1800 [17 Cal.Rptr.2d 462].)*

47. To protect the honor of these Courts and the substantive rights of Plaintiff, the Plaintiff demands absolute and strict proof that Counsel is authorized to represent Defendant, by means of counsel.

48. Debtor demands the same authorization for all attorneys who have entered an appearance.

NOTE:  It is res judicata that <u>contracts</u> between attorneys and their clients <u>are not privileged information</u>. See *Clarke v. American Commerce National Bank*: <u>*Clarke v. American Commerce National Bank*</u>, *974 F.2d 127 (9th Cir. 1992), [T]he identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege. <u>Id.</u> at 129 (citations omitted).*

*"When a lawyer's authority to represent a client is questioned, either by*

-                                                                                         19

V2.6-23

*another party or by the court, the attorney must demonstrate his or her*

*authority." - in In re Ellis, 1991 and 2 similar citations Pueblo of Santa Rosa*

*v. Fall, 273 U.S. 315 (1927) A court has power at any stage of a case to*

*require an attorney to show his authority to appear. P 273 U.S. 319.*

## VENUE AND JURISDICTION

49. The courts holds the ULTIMATE jurisdiction over the subject matter of this

action pursuant to 28 U.S.C. § 1331 and 31 U.S.C §3732, the latter of which

specifically confers jurisdiction on this court for actions brought pursuant to 31

U.S.C. §§3729 and 2720. Plaintiff establishes subject matter jurisdiction under

28 U.S.C. §§ 3730(b). Under 31 U.S.C §3730 (e) there has been no statutorily

relevant public disclosure of the "allegations or transactions" in the Complaint.

50. This court has personal jurisdiction and venue pursuant to 28 U.S.C. § 1391 (b)

and 31 U.S.C. § 3732 (a) because that section authorizes nationwide service of

process and because the Defendants have minimum contacts with the United

States, Moreover, the Defendants can be found in, reside, transact, or have

transacted business in both California and/or Washington State.

51. This Court has Original jurisdiction to move Plaintiff's Claims under suspicion

of violation of 18 U.S. Code § 242 and under 18 U.S.C. § 1964 (c) in

accordance with the decision of the United States Supreme Court in Tafflin v

- 20

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th,
8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

Levitt, 493 U.S. 455 (1990) should encoded manipulations correlating to the real estate bond market be satisfactorily proven and/or should the judicial involvement in REO double dealings by the Superior Court Justice in Riverside be proven.

52. Venue is proper, this Court has subject matter jurisdiction over this action by virtue of 28 U.S.C. §1331 because this is a civil action arising under the laws of the United States, including 18 U.S.C. §1964, Title V of P.L. 110-289, 42 USC §1983,1985 and 28 U.S.C. §1391(b)(2) and pursuant to 42 U.S.C.§1983. This complaint further pleads certain violations of 18 USC sec. 1961, et seq.

53. This court further has supplemental jurisdiction over this complaint pendent State claims pursuant to 28 USC sec.1367; this Court has jurisdiction to provide the declaratory relief requested herein under 28 USC secs.2201 and may fashion the remedies requested herein under 28 USC sec. 2202.

54. Venue in this district is proper under 28 USC sec. 1391(b)(1) because the Defendants who are natural persons are residents of this district, and primarily under 28 USC sec. 1391(b)(2), because the substantial part of the events or omissions giving rise to the claim occurred in this district, and because additional  real estate which is the subject of the action is situated in this district. This Court further has both personal and subject matter jurisdictions to hear this case pursuant to 28 USC § 1332 and because Plaintiffs conflict exists

-                                                                                                21

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

in the cities where the franchise offices of the company the Judge reports

ownership interest upon his CA form 700 are located in: Anaheim, Arroyo

Grande, Bakersfield, Big Bear, Cathedral City, Corona, Fullerton, Huntington

Beach, Irvine, Ladera Ranch, Laguna Beach, Laguna Niguel, Long Beach,

Palm Desert, Oceanside, Marina Del Ray, Mission Viejo, Newport Beach,

Pasadena, Palm Springs, San Clemente, San Diego, Seal Beach, Sunset Beach,

Temecula, Tustin, Yorba Linda, Valencia, and Westlake.

55. The Defendants are business entities organized in a State or jurisdiction other

than the States of damaged consumers with their respective headquarters and

principal place of business located in a State or jurisdiction other than the

States of damage Plaintiff members. See ¶¶ 17-22, supra. 30. The amount in

controversy exceeds $75,000.00.

56. This Court has personal jurisdiction over Defendants because the Defendants

are authorized or have alleged their authorization to do business in all 50

States, on shore and abroad either solely and/or as alleged subsidiaries, and/or

alleged beneficiary nominees, and/or trustee nominees to and/or of the

Defendants; or are acting as Servicers through transfers or Conservators in the

creations of LLC's to transfer these frauds to specific Defendants who are in

collaboration to collect insurance benefits attached to these transfers.

57. Defendants have sufficient minimum contacts with all 50 States and/or

- 22

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th,

8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

otherwise intentionally avail themselves of the markets in all 50 States, both nationally and abroad through promotion and marketing, and wrongdoings by Defendants that are alleged in this complaint. This court has subject matter jurisdiction over these actions pursuant to the Constitution of the United States of America, which enables a Federal Court to adjudicate the wrongful exercise of real property rights, and foreclosure rights with respect to properties located throughout this Nation.

58. Jurisdiction is proper by these courts as these actions fall under Article III. Section 1 under the Constitution of the United States of America as this case is not a cause given by statute to other trail courts because Plaintiffs land, and Plaintiffs liberties have been violated.

**PART ONE OF COMPLAINT**

(Part one is broken down into three serious questions before the courts)

**FIRST SERIOUS QUESTION BEFORE THE COURT – MATTER OF LAW**

59. *Since when is a 2009 (within statues) TILA 1635 (Exhibit D) properly rescinded contract in conflict of Supremacy laws, further acknowledged by ALL PARTIES of their awareness of that fact, time barred for relief?*

23

V2.6-23

*See attached (Exhibit 1) Jesinoski vs Countywide 2015 LAW OF THE LAND ruling 574 U.S. Opinion "congressional Act must be construed as implementing its closest common-law analogue. Cf. Astoria Fed. Sav. & Loan Assn.v. Solimino,501 U.S. 104, 108–109 (1991). The clear import of §1635(a) is that a borrower need only provide written notice (Exhibit D) to a lender in order to exercise his right to rescind". See also People v. Countrywide in re public opinion and Yvanova v. New Century Abacus brief (Exhibit 2) and ruling (Exhibit 3).*

60. Strict construction of Regulation Z would dictate that the voiding be considered absolute and not subject to judicial modification. A judge has no other option but to acknowledge the security interest and obligation to pay ~~charges were automatically voided in 2009, therefore a Notice of Default could~~ not have possibly been issued in 2012, rescinded in 2014 and reissued thereafter. (Cf. Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699, 704-05 (9th Cir. 1986) (courts do not have equitable discretion to alter substantive provisions of TILA. This in and of itself MERITS a Status Quo Injunction until the more serious matters of this complaint can be properly heard.

61. **Plaintiff has properly alleged and asserted and re-asserts that Defendants did not strictly comply with notification** *See Anderson v. Hear Federal Sav*

- 24

V2.6-23

*& Loan Assn (1989) 208 Cal. App 3d 202, 211 and Pfeifer v. Countrywide Home Loans, 211 Cal. App. 4th 1250 (2012):*

62. Plaintiff has properly alleged and asserted and re-asserts that Defendants cannot produce an order to vacate Plaintiff's timely made rescission.

63. **Plaintiff has properly alleged and asserted and re-asserts that Plaintiff was never in Default** *See e.g., Bank of Am. V. La Jolla Group II* **(2005) 129 Cal. App. 4th 706,712**

64. **Plaintiff has properly alleged and asserted and re-asserts that the Foreclosure Initiated by a Wrong Party** *See Glaski v. Bank of America.*

65. Plaintiff has properly alleged and asserted and re-asserts that Defendants cannot produce proper servicing transfers.

66. Plaintiff has properly alleged and asserted and now re asserts transfers were never made in accordance to the pooling and servicing agreements.

67. Plaintiff has properly alleged and asserted and now re asserts transfers that violate the terms of the mortgage loan trust instrument which these transferred are void under New York trust law.   See *Cal.App.4th1079 (2013) Supra, 218 at P. 1094. Further supported by Yvanova vs. New Century Mortgage.*

68. Plaintiff has properly alleged and asserted and re-asserts that Defendants cannot produce proof of proper transfers.

- 25

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,] 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

69. **Plaintiff has properly alleged and asserted and re-asserts *that* only the "True Owner" or "Beneficial holder" of a Deed of Trust can bring to completion a non judicial foreclosure under California Law. *See Barrionuevo v. Chase Bank. Supra, 885, F. Supp. 2d at p. 972.***

70. Plaintiff has properly alleged and asserted and re-asserts that Defendants cannot produce proof of a holder in due course.

71. **Plaintiff has properly alleged and asserted and re-asserts that a void Per Operation of Law instrument was transferred by the wrong party to a third party non bank servicer *See Naranjo v. SBMC Mortgage, (S.D. Cal. 2012) 2012 WL 3030370.* See also "Statement of Void Assignments" and "Steps to TILA" herein, are properly researched, alleged and asserted.**

72. Plaintiff further asserts, that while the provision under TILA does void the alleged note and the alleged security ab initio, it cannot void the use of Plaintiffs signature which created an implied partnership for the use of Plaintiffs estate which obtain credit used for certificates offerings under the Special Purpose Vehicle listed upon Plaintiffs Notices of Default.

73. **A Substantive Test for Conditions Subsequent upon Plaintiffs property is needed to determine what reversionary rights were left on the table by this implied 1099-A partnership created by this defective contract (broken down in the "Statement of the Case").**

- 26

V2.6-23

## SECOND QUESTION BEFORE THE COURT- MATTER OF PROCEDURE

74. Why are courts choosing to ignore attestations by the Securities and Exchange Commission?

75. **The Code of Civil Procedure section 2009 states: "An affidavit may be used to verify a pleading.** *See LISETTE LOU REIFLER, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY.*

76. The PRELIMINARY STATEMENT of the classification REMIC's under a Mortgage Loan Trust's, Pooling and Servicing Agreements states on Page 7 ¶4 the following *"The Securities Administrator shall elect that each of REMIC I, REMIC II and REMIC III, be treated as a REMIC under US 26 Section 860D of the Code. Any inconsistencies or ambiguities in this Agreement or in the administration of this Agreement shall be resolved in a manner that preserves the validity of such REMIC elections."* (Exhibit R)

77. Plaintiff has properly alleged and asserted that is a legal impossibility for Defendant HSBC to act on behalf holders of those Certificates to be able to issue a Notice of Default. (Attested in Exhibit P in re: it was **TERMINATED in 2008)** Yet, HSBC is asserting that a tax exempt special purpose vehicle (SPV) under the IRS CODES as outlined in their own Pooling and Servicing Agreements is a negotiable instrument which is able to act as a Holder in Due

-                                                                           27

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

Course on behalf of Certificate holders of the Mortgage Loan Trust which was in violation of New York laws.

78. Plaintiff has properly alleged and asserts that the Deutsch Classification REMIC listed upon the Notice of Default, was not designed to hold the Note OR the Deed.  *(See Exhibit J Kemp Vs Countrywide Demartini testimony)*

79. Plaintiff points to the first sentence of 2924(a) Every transfer of an interest in property, **other than in trust,** made only as a security for the performance of another act, is to be deemed a mortgage,

80. Plaintiff properly asserts that "other than in trust", means (Mortgage Loan Trusts do not qualify as mortgages).

81. Plaintiff properly asserts that the deed of trust is neither a (i) mortgage with power of sale nor (ii) security as cited in CC 2920-2953.

82. Plaintiff asserts that it is a conflict of law to transfer directly into Trust.

### THIRD QUESTION BEFORE THE COURT – JUDICIAL NOTICE

83. Why are courts taking selective notice of the contents of the Notice of Default, and ignoring FEDERAL CASES that have identified Plaintiffs Loan and the Classification REMIC upon these Defective Notices, in violation of State, Federal, Reg X, Reg Z and Securitization Laws?

28

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

84. Article -3 §203 transfers cannot be made if the transferee engaged in fraud or illegality affecting the instrument, yet this loan jumped from Counrtywide to BAC Financing, to Bank of America to Specialized Loan servicing AFTER it was recinded in 2009 AFTER it was deemed in violation of State and Federal Laws in 2010 AFTER the 2012 arrest were made for the manipulation of the LIBOR index evident in the Mortgage Loan Truss offerings AFTER Ted Tozier and Ginnie Mae tole Bank of America NOT to transfer Countrywide Loans to non bank servicers, and AFTER the Classification REMIC was NAMED in a Federal Law suit for failure to securitize the instrument.   Please explain how this was legally possible?

85. *Intengan v. BAC Home Loans Servicing LP, 214 Cal. App. 4th 1047 (2013):*
*A court may take judicial notice of the existence of a declaration from a servicer asserting compliance with the notice requirements in former CC §*
*2923.5, but cannot take judicial notice of the contents of that declaration. If disputed by the borrower, it is a matter of fact to be determined at trial.*

86. **Plaintiff has properly alleged and asserted and re-asserts that the Notice of Defaults are in conflict of CODE OF CIVIL PROCEDURE SECTION 697.510- 697.670 in that an installment foreclosure cannot be recorded upon an instalment loan, until it all installments become due which is why**

29

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

the fraudulent 2012 notice was "corrected" in 2014 to address these specific laws. *Compare Exhibits A and Exhibit C.*

87. Plaintiff has properly alleged and asserted that it is not by coincidence the installment loan being called due in 2008 upon the 2014 Notice of Default reflects the undisclosed interest's charges of (Exhibit D 2009 acknowledged TILA rescission). **If these courts are to take judicial notice of the Notice of Default at its face value, then Plaintiff hereby <u>DEMANDS of these courts for a more definitive statement definition between a mortgage foreclosure and an installment foreclose PRIOR to passing JUDGMENT in presumptions.</u>**

88. Plaintiff has properly alleged and asserted it was a legal impossibility to issue a notice of default upon a 2009 acknowledged TILA rescinded, void loan positively identified in violations of state and federal laws improperly transferred.  See *The People of the State of California vs Countrywide Financial Corporation, et al Stipulated Judgment and Injunction BB, Pay Option ARMs –Deemed this very loan in violated State and Federal laws, whereby* **Plaintiff attests that the refusal to modify to the allowable floor rate at a LTV of 95% of the fair market value continued for over 7 years.**

89. *States District Court Southern District of New York FEDERAL HOUSING FINANCIAL AGENCY as conservator for the Federal National Mortgage*

- 30

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

*Association and the Federal Home Loan Mortgage Corporation vs. Deutsche Bank AG; Taunus Corporation; DB Structured Products, Inc. Deutsch Bank Securities Inc; Ace Securities Corp; Mortgageit Securities Corp; et al* **specifically named the classification REMIC outlined upon the Notice of Default, for failure to "Qualifying" under traditional security requirements. Required under 17 CFR 339.1.**

90. In 2015 Ginnie Mae has halted the transfer of mortgage servicing rights from Bank of America (BAC FNA Countrywide) to nonbank servicers because the bank was missing documents such as recorded mortgages and title policies on the underlying home loans. ***See Ginnie Mae Nixes Bank of America Mortgage Servicing Transfer***.

91. Plaintiff has properly asserted that irreparable damage of a 2.3Million dollar 1099-A for abandonment of partnership interests will be issued to her upon a wrongful foreclosure. *See USA v Deutsche Bank AG et al in the U.S. District Court for the Southern District of New York, No. 11-02976. The $202.3 million resolves damages and penalties under the False Claims Act.*

92. **Plaintiff is asking the courts UP FRONT to acknowledge that the use of material devisee instrumentality embedded in the application of granting acceptance (the contract), which acts as material violation and that these**

- 31

V2.6-23

**Notices of Default are the concealment of a completely different**

**transaction.**

### ***URGENT MATTER AT HAND***

93. Temporary Restraining Order and OSC re Preliminary Injunction (Rule 65(b)(1)(A)&(B) Rule 65(d)et seq; in re: §2924.12);


### EXHIBITS IN SUPPORT OF TRO

94. In support of this Application for writ of prohibition the court will find these Exhibits:

95. ***Exhibit* E.** Encoded Defective Deed of Trust associated with the real property which evidences the encoding of the immediate tandem funding of the inclusive Promissory Note from a net advance against a Collateralized Debt Obligation.  See MERS MIN#.

96. ***Exhibit K.***  Grant Deed Title Chain showing Plaintiff's ownership history.

97. ***Exhibit M.*** Notice of Intent to Preserve Property Outlining Plaintiffs claim against the abandoned Countrywide contracts.

98. ***Exhibit C.***  Encoded non-compliant Notice of Default date recorded December 22, 2014, *without* a proper Declaration of Due Diligence mandatory under Civil Code § 2923.5. [Declaration of Plaintiff Faith Brashear [hereafter "Faith"] confirms *no "contact"* was effected by the foreclosing Defendant, The

- 32

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th,
8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

Mortgage Law Firm as alleged trustee, Specialized Loan Servicing as alleged servicer] Moreover, under CC § 2923.55, et al, no contact with Plaintiff was made nor notice given prior to the recordation of the defective Notice of Default. Injunctive relief is permitted under the authorities cited, specifically, Civil Code § 2924.19.

99. Plaintiff alleges [and re-alleges in the co-filed *Ex Parte Application for TRO and preliminary injunction* that all Defendants violated one or more of the Civil Code provisions, *inter alia*, especially the strict requirement of **Civil Code § 2923.55**, [i.e., there was no contact by the proper beneficiary, loan servicer or their trustee  prior to recording a notice of default and no declaration of due diligence endorsed by anyone with personal knowledge of the truth of such assertion] sufficiently egregious to warrant injunction against foreclosure of this property under **CC § 2924.12, 2924.18**, et al.

100.   *Exhibit D.* 2009 TILA Recession upon discovery of over $660k  Under the rights of recession the tolerance for a recession upon a presumed refinanced loan in a foreclosure action is allowable when an interest charge 12 C.F.R. § 226.23 (h) (2)(i) is understated by no more than $35; under **Truth in Lending Act**, 15 U.S.C. § 1635 et seq., and Federal Reserve Board **Regulation Z**, 12 C.F.R. § 226.23.   *see Jesinoski v. Countrywide Home Loans, Inc 729 F. 3d 1092 - Court of Appeals, 8th Circuit, 2013 LAW OF THE LAND RULING.*

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

*Matter of State Law. 12 C.F.R. pt. 226,. 2(a)(13)*.  Permanently dissolving any perceived security interest to the property ab initio.

101.    ***Exhibit V.*** Federally Discharged 2009 Chapter 7 Bankruptcy permanently dismissing any perceived mortgage note ab initio.

102.    ***Exhibit G.*** Fabricated Assignment of Deed of trust recorded 9/16/2011 by Servicer Bank of America successor to BAC Home Loan Servicing FNA Countrywide loan Servicing, prepared by Bank of America the servicer transferring 100% beneficiary interests to themselves.

103.    ***Exhibit B.*** Fabricated Notice of Rescission recorded May 23, 2014 by The Mortgage Electronic Registration System on behalf of Countywide Bank, FSB no longer in business.

104.    ***Exhibit H.*** *Notice of Trustee's Sale dated 4/22/2015 notating installments of principal and in payments occurring after a rescinded instrument.  This notice is encoded.

105.    ***Exhibit G.*** Corporation Assignment of Deed of Trust dated 3/20/2012 crossing out the word Mortgage. Defendants are aware that NO MORTGAGE exists upon this property.

106.    Plaintiff's home *was not* in foreclosure when they wrongfully acquired the mortgage servicing rights to her home. By Defendant SLS's own admission in writing, they acknowledged her recessions, yet, despite Ms. Brashear's call

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

after call and at least 40 documented complaints filed directly through the

CFPB (that included a QWR, Dispute of Debt, Notice of Error, Cease and

Desist) that were all ignored, she received a recorded Notice of Default that is

faulty, unlawful and unenforceable as a prefatory tool leading to a non-judicial

foreclosure sale/notice of sale which must be stopped.

107.     Plaintiff was privileged by Countrywide, (the Classification REMIC's

Originator) as a tool of the Industry to solicit synthesized contracts for use in

the MERS nominee system as outlined herein.

108.     Plaintiff **PROXIMITY through association.**

109.     Plaintiff **PROXIMITY through implied 1099 partnership interest.**

Plaintiff **PROXIMITY through her granted use of her property as a**

**freehold interest in her fee simple estate.**

## PARTIES

110.     Defendants are as appears on the caption and are in some manner

responsible for the wrongful and illegal acts complained of herein.

111.     Defendants and each of them are national banks, lenders and capital

providers of purchase money loans to the public, their agents, officers,

managing agents, assignees, successors in interest, appraisers, notaries, actual

trustees, substitute trustees, and holding company or pooling servicing

-                                                         35

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,]

8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

agreement authorized trustees and on information and belief are business entities, LLC's and corporations, organized and existed under the laws of the State of California and other jurisdictions, yet unknown who have contacts and are doing business in California.

112.     SPECIALIZED LOAN SERVICING LLC, as servicer for HSBC Bank USA, National Association, as Trustee for the Holders of the Deutsche Alt-A Securities, Inc., Mortgage loan Trust, Mortgage Pass-Through Certificates Series 2007 –OA4; , and All persons and entities claiming any right to real property located at 1095 Lowry Ranch Road  Corona, California 92881 and Does 1-20, inclusively, and Does 1-20, inclusively and each of them are and at all times herein mentioned was, a business entity or individual agent or assignee or successor in interest doing business in Riverside County, California.

113.     Defendant NON-ENTITIES ARE INDIVIDUALS with principal places of business within this county.

114.     "All Persons Unknown, Claiming Any Legal Or Equitable Right, Title, Estate, Lien, Or Interest In The Property Described In The Complaint Adverse To Plaintiffs' Title, Or Any Cloud On Plaintiffs' Title Thereto" are sued herein pursuant to California Code of Civil Procedure Section 762.020(a).

-                                                                          36

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

115.     Plaintiff is an individual and owner of property the subject premises of this action known as 1095 Lowry Ranch Road, Corona CA 92881

116.     Plaintiff does not know the true names and capacities of the Defendants sued herein as DOES 1 through 20 ("DOE Defendants"), inclusive, and therefore sues said DOE Defendants by fictitious names.

117.     Plaintiffs is informed and believe and based on such information and belief aver that each of the DOE Defendants is contractually, strictly, negligently, intentionally, vicariously liable and or otherwise legally responsible in some manner for the acts and omissions described herein.

118.     Plaintiffs will amend this Complaint to set forth the true names and capacities of each DOE Defendant when same are ascertained.

119.     Plaintiffs are informed and believe and based on such information and belief aver that Defendants and DOE Defendants 1 through 10, inclusive, and each of them, are and at all material times have been, the agents, servants or employees of each other, purporting to act within the scope of said agency, service or employment in performing the acts and omitting to act as averred herein.

*120.*     Plaintiff is unable to allege the elements of such Causes of Action at this time, and as such said pending Defendant(s) are herein named in accordance with the provisions of (***FRCP Rule 17 (b)(2)(3)and et seq where applicable).***

- 37

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,] 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

Plaintiff retains the right to have this complaint moved under *FRCP Rule 17(a)(2)* to further explore the elements of RICO.

*121.*      Plaintiff thereon reserves the right to amend instant Complaint to allege the true names and capacities of such fictitiously named Defendants(s) when the same become known or when it has been ascertained with reasonable certainty that such Cause of Action hereunder can be satisfactorily stated and maintained as against each such fictitiously named individual or entity.

*122.*      Each of the Defendants named herein are believed to, and are alleged to have been acting in concert with, as employee, agent, co-conspirator or member of a joint venture of, each of the other Defendants, and are therefore alleged to be jointly and severally liable for the claims set forth herein, except as otherwise alleged.

## GENERAL ALLEGATIONS

Plaintiff alleges and asserts the following in this section:

123.      Plaintiff alleges that plaintiff is the current legal owner of the subject premises by Grant Deed. (exhibit K)

124.      Plaintiff is the owner of the Residence located at 1095 Lowry Ranch Road, Corona CA 92881.  The subject of this action and for which funds were

38

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th,
8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

apparently paid for purchasing said home at the subject location which is plaintiff's **PRIMARY RESIDENCE** for purposes of Civil Code § 2923-2924 and 2923.55, et seq is the promissory note dated on or about 5/14/2007 This action is subject to the provisions of the *Foreclosure Protection Act of 2013* and the *Perata Act of 2008*. Plaintiff is uncertain of exactly who is the equitable owner under any existing Note or deed of trust associated with the note, thus disputing ownership of the rights. Equitable ownership of the Note or pursuant to a Deed of Trust in California is not an irrebutable presumption nor factual inference and is placed in issue in these pleadings.

125.    Plaintiff 's loan including the promissory note, deed of trust, assignments all are subject to the Civil Code governing non-judicial foreclosures in California and the requirements are binding upon any beneficiaries, loan servicers and trustees associated with the underlying promissory note.

126.    By judicial notice to all statutes and case law applicable, any material violations of the codes designed to protect consumers from improperly effected foreclosure proceedings are subject to injunction and restraining orders, concomitantly.

127.    Plaintiff alleges [and re-alleges in the co-filed *Ex Parte Application for TRO and preliminary injunction* that all defendants violated one or more of the

- 39

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

Civil Code provisions, *inter alia*, especially the strict requirement of **Civil Code § 2923.55**, [i.e., there was no contact by the proper beneficiary, loan servicer or their trustee prior to recording a notice of default and no declaration of due diligence endorsed by anyone with personal knowledge of the truth of such assertion] sufficiently egregious to warrant injunction against foreclosure of this property under **CC § 2924.12, 2924.18**, et al.

128.      Plaintiff alleges the content of any terms contained in the Note or DOT [deed of trust] are fully subordinate to the Civil Code provisions references and in the event of a breach of the code, the code provisions govern.

129.      Plaintiff alleges that foreclosing parties have breached contracts promising to reduce the monthly payments and agreement not to foreclose, damages plaintiff's credit, failed properly account for and credit payments, was overcharged on his note from the time of the closing of escrow to the present resulting in charges not owed, but demanded by defendants, and placed other illegal charges against plaintiffs loan account illegally. This demonstrates a pattern and practice of illegal foreclosure activity and corruption causing plaintiff damages and economic injury.

130.      Plaintiffs asserts the following; (a) that the down payment and closing costs Plaintiff invested are injuries; (b) the pass through funds issued from both national and international investors to the alleged "creditor" that created

- 40

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

Collateralized Debt Obligations (CDO's) which profited from Plaintiffs signatures are injuries. (c) the mortgage payments made to the Servicers on pre-bifurcated promissory notes on any securitized instrument of MERS are injuries. (d) the value loss and hardship loss of money and/or the ability to pay off any notes are injuries. (e) the loss of a good credit rating are injuries. (f) the falsely inflated value of the home vs the actual value of the property are injuries.

### PLAINTIFF'S QUITCLAIM DEED OWNERSHIP AND LEGAL TITLE

131.    On or about 2006, and subsequent thereto the property as fully and legally described herein, and the essence of the instant Action is real property indisputably owned by record by Plaintiff *(Exhibit K)* as evidenced by that certain deed of title Grant Deed Doc# 2006-0158848, Doc#2007-031-0319878 and Doc# 2015-0092654.

132.    Plaintiff herein alleges and asserts that she is the Owner and current occupier of the Real Property as described herein the subject of this instant Action.

133.    At issue before the Court is an Assignment of Deed of Trust which is **"VOID"** by Operation of Law.

134.    The allegations, assertion and contentions of being **"Void"** as to this

- 41

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

"Assignment of Deed of Trust" will be presented herein.

## VOID ASSIGNMENT OF DEED OF TRUST

(Plead in the alternative) (Cancelation and Expungement of Instruments)

*Carpenter vs Longan 83 U.S. 16 Wall 271 (1872); Domarad vs Fisher 270 Cal*

*App 2nd 543; Lewis vs Booth 345*

135.    In alternative and as jointly pled, and as a preliminary affirmation and allegation Plaintiff herein contends that the "Assignment of Deed Trust" as herein referenced as **"void"** in that they were <u>assigned signature alone by themselves</u> and were not correspondently or contemporaneously assigned with any related Loan, Debt or Promissory Note or related type instrument.  An assignment of this nature, absent a joint, corresponding or contemporaneous assignment o the Note is a "Null and Void" transaction, and since this, is what had occurred, the lack of any such joint assignment would render them as being "void".

136.    1st ASSIGNMENT OF DEED OF TRUST (EX-N) Doc#2011-0411709 Purported Assignment drafted by the "servicer", "Bank of America as successors by merger to BAC Home Loans Servicing LP FKN Countrywide Home Loans Servicing LP" from Mortgage Electronic Registration System

-                                                                               42

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

transferring all beneficial interests on behalf of Countrywide Home Loans, Inc. dated 9/16/2011.

137. 2ⁿᵈ CORPORATION ASSIGNMENT OF DEED OF TRUST/ ~~MORTGAGE~~ (EX-N) Doc#2012-0129567  Purported Assignment drafted by "the servicer" "Bank of America as successors by merger to BAC Home Loans Servicing LP FKN Countrywide Home Loans Servicing LP from Countrywide Home Loans, Inc. to "HSBC Bank USA, National Association, as trustee for the holders of the Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, ~~Mortgage Pass-through Certificates Series 2007-OA4". Transferring all~~ beneficial interests dated Dated May 20,2012 on behalf of Bank of America the "servicer".

*138.*     Plaintiff herein alleges that this initial and original "Assignment of Deed of Trust" as previously alleged in the name of "Countrywide Home Loans, Inc" authorized by the Mortgage Electronic Registration System was conducted during the time that this the Signing entity "Mortgage Electronic Registration System" was suspended by the California Secretary of State, and held inactive as a Business Entity for a numerous amount of years prior to this purported Assignment, which would have been physically, factually and legally impossible, and thus "void".  (Exhibit I*)*  See Also *United States of America Department of the Treasury Comptroller of the Currency/ Board of*

43

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5ᵗʰ, 8ᵗʰ 9ᵗʰ and 14ᵗʰ. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

*Governors of the Federal Reserve System/ Federal Deposit Insurance*

*Corporation/ Office of the Thrift Supervision/Federal Housing Financial Agency*

*In the Matter of MERSCORP, Inc and the Mortgage Electronic Registration*

*System, Inc. Order to Cease and Desist. MERS MERSCORP and MERS*

*MEMBERS April 12,2011.*

139.    Plaintiff herein alleges that this initial and original "Assignment of Deed of Trust" as previously alleged in the name of "Countrywide Home Loans, Inc" was conducted during the time that this the Assignor entity was out of business, and held inactive as a Business Entity for a numerous amount of years prior to this purported Assignment, which would have been physically, factually and legally impossible, and thus "void".

140.    Plaintiff herein alleged that the Assignment of Deed of Trust is NOT a Corporate Assignment of Deed of Trust.

141.    Plaintiff herein alleged that "Bank of America as successors by merger to BAC Home Loans Servicing LP FKN Countrywide Home Loans Servicing LP" was not acting in the capacity of a Corporation for the first original Assignment of Deed of Trust making a transfer to themselves as "individual", by themselves as "Corporation" factually and legally impossible, and thus "void".

142.    Plaintiff herein alleged that "Bank of America as successors by merger

-                                                                                              44

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

to BAC Home Loans Servicing LP FKN Countrywide Home Loans Servicing

LP" clearly and definitively fabricated a Wild Deed upon Plaintiffs title.  *See*

*Exhibit J- Testimony of DeMartini in Kemp vs. Countrywide in RE:*

*Notes/Deeds never left the file.*

143.     Plaintiff further alleges based upon the factual documents attached

hereto as exhibits, and on information and belief, that the Defendants and each

of them, and by and through their Agents, either created or caused to be created

the drafting, execution, and recording of this instrument which is LEGALLY

"VOID", the subject of a Forgery, containing Fraudulent information and or

the identity of the individuals and or entities stated therein, as well as the result

of Notary Fraud, and the product of "Robo-signing".  More Specifically

Miguel Romero, as the signatory was not so situated, possessed the authority to

execute such an instrument, nor was an employed or Agent of the Entity

"Mortgage Electronic Registration System, Inc., nor was this individual

employed by this entity.

144.     2nd  ASSIGNMENT OF CORPORATION DEED OF TRUST

(*Exhibit G*) Doc# 2012-0129567 Purported Assignment drafted by "Recon

Trust" a subsidiary to Bank of America  "Bank of America as successors by

merger to BAC Home Loans servicing LP FKA of Countrywide Home Loans

Servicing LP". to "HSBC BANK USA, National Association, as trustee for the

-                                                                                          45

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th,

8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

Holders of the Deutsche Alt-A Securties Ince, Mortgage Loan Trust, Mortgage Pass-through Certificates Series 2007-OA4" Dated March 20, 2012.

145.     Plaintiff herein alleges that this secondary recording perpetrated upon the fraudulent recording of the aforementioned "Assignment of Deed of Trust" was additionally conveyed by a "Corporation Assignment of Deed of Trust" to Defendant HSBC, the Holders of the Mortgage Pass-through Certificates Series 2007-OA4 classification REMIC I was was conducted during the time that this Classification REMIC was extinguished upon the Securities and Exchange Commission. *See Exhibit P- Attestation of Termination of classification REMIC; Deutsche Alt A OA4 Series 2007.*

146.     Plaintiff herein alleges that the transfer into Mortgage Pass-through Certificates Series 2007-OA4 classification REMIC I would have been physically, factually and legally impossible, because the REMIC was a Special Purpose Vehicle underneath the Mortgage Loan Trust, which was not designed to hold both instruments, this in addition to the first fraudulent assignment makes this transfer "void".

147.     Secondly; Assignments of this sort, which was assigned to the "holders" of a REMIC "Securitized Trust" years after it stated and declared a "Closing Date" of June 1, 2007 (this too, was another physical and legal impossibility

-                                                                                                        46

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

148.     <u>Thirdly</u>; the first Assignment, or its documentary instrument, the "Assignment of Deed of Trust" was the product of "Robo Signing" (a blatent forgery) and thus further "void":

149.     <u>Fourthly</u>; Any assignment performed or carried out signaturely, alone or by itself, without a corresponding or contemporaneous assignment of the debt (promissory note) it secures, has long standingly been held **"NULL AND VOID".**

### EMBEDED TRACKING UPON THE CONTRACT

150.     Plaintiff alleges and asserts that MERS tracks the net advance for the loan that was cancelled upon inception.

151.     Plaintiff alleges and asserts that This is further evidenced by the MERS Min Number as follows:

a) The Mortgage Electronic Registration System's (MERS) Member Identification Number, herein referred to as MIN, identifies the "Trusts" Originator through the first series of numbers as MERS Member 1001337.

b) COUNTRYWIDE BANK, FSB is MERS Member 1001337

c) The MERS MIN identifies the second series of numbers as the loan being net advanced as 0002108190.

d) The loan number recorded on title under the presumption of the

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

lenders own funds is evidenced above the Doc ID# upon the Deed of Trust as 00016536826405007.

e) The last digits of the Doc ID# reflect the year.  Further the Doc ID# is displayed and recorded upon each corresponding recording pages upon the Deed of Trust.

f) Plaintiffs loan number disclosed to her by COUNTRYWIDE BANK, FSB was 165368264.

g) The Investors Interests pass through net advance that extinquished the Mortgage Deed of Trust was 0002108190.

152.    Plaintiff alleges and asserts that MERS Nominee Capacity allowed them to function in that of a 1031 like for like exchange.

153.    Plaintiff alleges and asserts that a substance for substance agreement was never properly met, therefore must be explored as to what reversionary rights are due and to whom.

154.    Plaintiff alleges and asserts upon belief that the demand issuer traded the payoff for this advance for another 5 years of return.

155.    Plaintiff alleges and asserts that MERSCORP hold the trademark "system" whom Plaintiff contracted with in partnership for the use of their estate as a bases for the collateral obtained.

156.    Plaintiff alleges and asserts upon belief that this partnership is what

-

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

.

V2.6-23

allows them to swap out their junk asset, under the presumption of a default, when in truth, no defaults in The Mortgage Loan trust exist.

157.     Plaintiff alleges and asserts that no fraud exists at this level if the amount misappropriated is treated as prepaid dividends assigned to a master servicer.

158.     Plaintiff alleges and asserts upon belief that that this also means that the mortgages, that were cancelled, were prepaid for 40 years and thus the legacy aspect of these reverse mortgage purchases and certificate sales.

*159.     Plaintiff alleges and asserts that the Notices of Default issued upon thousands of Americans - **DID NOT** and **DOES NOT** qualify as lawful recapture of a mortgage (see IRC 26 US Code Sec 1250 and 1245 recapture rules and disallowance).*

*160.     **Plaintiff alleges and asserts that** by asserting a Classification REMIC as a third party foreclosing beneficiary in order to pursue a foreclosure for the purpose of an REO recapture into the Classification REMIC violates the tax exempt status under Code US 26 section §860D.*

161.     Plaintiff alleges and asserts that once the banking industry successfully removed what was perceived as "a dead beat" borrower under presumptions of law, they are free to tell the IRS, the party they removed by force abandoned their interests.

49

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

162.     Plaintiff alleges that *a 1099-A is issued for NON ORDINARY consideration under section 61 (a) (1) and sec 108 (i) paid post sale – it is not one in the same with interest earned by a lender and paid by a debtor.*

163.     Plaintiff alleges and asserts that a 1099-A is issued as attribution of income charged to the people is being done so as the household charged from a series of timed transfers and exchanges under section 1.1031 where the banks are swapping out their junk assets upon Plaintiffs alleged partnership interests or "interests on like property exchanges." faithin

164.     Plaintiff alleges and asserts that in the manner in which these REMIC were incepted, they immediately fell under 26 U.S. Code § 673 - Reversionary interests (a) General rule The grantor shall be treated as the owner of any portion of a trust in which he has a reversionary interest in either the corpus or the income therefrom, if, as of the inception of that portion of the trust, the value of such interest exceeds 5 percent of the value of such portion. This begs the questions of punitive tax damage that unveils the mortgages short falls and lack of standing by the 1099 issuer.

165.     Plaintiff alleges and asserts that the Target Consumers who were victims for use in this tax avoidance scheme, owes/owed the withholding tax on the Certificate of Deposit Index (CODI) under IRC Reg 26 us code 61(a) (1), which under The Mortgage Loan Trusts wash out provisions under their

-                                                                                           50

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

own accounting "system" is ZERO.

166.    Plaintiff alleges upon belief she ONLY need to pay capital gains tax to the IRS based upon the fair market value of her property in 2009 as it was the Federalized Banking System who abandoned the property prior to these incidents codified under 26 U.S. Code § 108 - Income from discharge of indebtedness prior to her bankruptcy filing in 2008.

167.    Plaintiff inadvertently complied under the 36 month look period and further exercised her rights under Regulation Z which in turn extinguished a nunc-pro tunct contract. A cancellation or extinguishment of an indebtedness that renders the debt unenforceable in a receivership, foreclosure, or similar proceeding in a Federal or State court, as described in 26 U.S. Code section 368(a)(3)(A)(ii)

168.    Regulation Z made it clear that, Plaintiff as Pro Se, had the extended right and choose to exercise it, upon the discovery in 2009, that the Finance Charges upon a phantom funded loan were fraudulently understated by $662,502.47.

169.    The California Supreme Courts held that the **security interest** and obligation to pay charges have been automatically voided per operation of law upon delivery of the recession. *See Jesinoski vs Countrywide*.

170.    Plaintiff asserts that Defendants cannot collect upon an unsecure

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

promissory note Federally discharged that never existed in the first place.

171.     Plaintiff alleges and asserts that since the effect of the estate was for the use of the property as a basis for the collateral it obtained, in taking the property free and clear upon its terminology, it created a freehold use in a fee simple estate.

172.     Plaintiff alleges and asserts that this freehold interests also creates rights in reversionary interests when it can be determined a beneficiary does not exist.   Courts are allowed to invalidate some restrictions placed on the alienation of land as a matter of public policy.

173.     Plaintiff alleges and asserts that the recognition of the note's destruction is by a controversial accounting system under the Accounting Standard Codes (ASC) faithin

174.     Plaintiff alleges and asserts that these accounting systems can be found under Receivables (ASC 310) , Investments (ASC 320) and Other Assets and Deferred Costs(ASC 340) using futures derivatives and short title methods, and other devises.

        Example : Et seq. 26 U.S. Code § 1091 - Loss from wash sales of stock or securities (e) Certain short sales of stock or securities and securities futures contracts to sell.

175.     These are always withheld from the courts, and in some cases even their

-                                                                                                    52

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th,
8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

Council.

176.    Plaintiff questions concerning the intrinsic nature and the use of property, have a bearing on whether the foreclosure is subject to § 1245 disposition and equitable distribution of the capital.

177.    Plaintiff asserts that aggravation of the 26 U.S. Code to perpetuate these contracts are as follow;

> *§ 1250 property is subject to recapture rules with application to the cancellation of debt § 61(a)(1), like kind exchanges § 1.1031, wash sale provisions § 1.1091 timing devisees, conversion of income and attribution thereof to reconstitute value of these "bad bank" non performing assets.*

178.    Herein the discovery reveals the case of a family to be evicted for a mortgage that was carried back from the prior settlement event, net funded abut showing paid by Plaintiff at settlement.

179.    Further Plaintiff alleges and asserts that the facts will show by *extremely convincing evidence* that Plaintiff is a creditor who holds legitimate reversion interests on her properties against Defendants for the collateral they obtained for the use of Plaintiffs property.

- 53

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

## BACKGROUND IN RE: PLAINTIFF

180.     In and around 2005, Plaintiff was privileged by Countrywide Home Loans to broker predatory loans.

181.     This complaint concerns the function of a synthesized home loan that was refinanced by Plaintiff's by a now non-party "COUNTRYWIDE HOME LOANS", INC; in and around May 14, 2007.

182.     Plaintiffs attests that her wholesale mortgage brokers agreements stated that Plaintiff was packaging Mortgage Loans for consumers.

183.     Plaintiff was offered steering incentives to promote specific programs for the Synthesized Mortgage Deeds of trust which have been determined to be predatory 100% predicate in default programs. *See People v. Countrywide Home Loans.*

184.     The appeal of the product induced Plaintiff to place herself into this product.

185.     Plaintiff attests and asserts that she held no awareness at the time she was marketing a synthesized Deed of Trust embedded to trigger a default upon a pre-paid installment note. (Exhibit C)

186.     Plaintiff attests and asserts that she held no awareness at the time that the Federalized Banking Industry intent to profit upon a future trading short upon the triggering of default embedded within her contract.

- 54

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983** FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

187.    Plaintiff attests and asserts that she held no awareness at that time she was being, "lawfully seises" of her property for the use of her signature to obtain collateral for certificates being offered through the Classification REMIC I.

188.    Plaintiff attests and asserts that she held no awareness that the Certificates being exchanged were attached to the Manipulated LIBOR Index *See Exhibit Q- Attestation Deutsche Alt A OA4 Prospectus Page one.*

189.    Plaintiff attests and asserts that at that time, she held no awareness that the synthesized contracts she was granted privilege to market, IMPARED THE OBLIGATION OF THE CONTRACT.

190.    Plaintiff attests and asserts that Defendants did not hold the constitutional authority to deprive Plaintiff of her property upon inception.

191.    Neither State nor Federal Courts hold/held the constitutional authority to deprive Plaintiff of her properties.

192.    Plaintiff contracted with Countrywide in and around 2005 under the presumption of substance for substance contract.

193.    Plaintiff re-contracted with Countrywide in and around 2006 under the presumption of a substance for substance contract.

194.    Plaintiff attests and asserts that she was not aware at that time that she was contracted under a re-purposed Deed of Conveyance designed to bypass

-                                                                                  55

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

the Securities Market and go directly into collateralization upon her signature.

195.     Plaintiff attests and asserts that she held no awareness at that time that Countrywide was acting as the Originator of a classification REMIC. *See Exhibit Q- Attestation Deutsche Alt A OA4 Prospectus in re: Transaction Parties.*

*196.*     Plaintiff attests and asserts that she held no awareness at that time that Countrywide was abandoning the alleged notes in their files. *See Exhibit J- Testimony of DeMartini Kemp vs. Countrywide: Notes/Deeds never left the file.*

197.     Plaintiff attests and asserts that she held no awareness that the classification REMIC was using a copy of the alleged loans as a bearer note.

198.     Plaintiff alleges and asserts that no awareness at that time, that NO moneys funded Plaintiff's transaction.

199.     Plaintiff alleges and asserts that she held no awareness at that time, that the property was transferred without encumbrances as notated upon the contract.

200.     Plaintiff alleges and asserts that she held no awareness at that time that First American Title was issuing Bills of Sale on their Hud Ones.

*201.*     Plaintiff alleges and assert that CoreLogic was a part of First American Title (Exhibit N Doc#2011-0411709) *"When recorded mail to Core Logic".*

202.     In June 2010, CoreLogic, Inc. was established as a standalone business

- 56

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

when The First American Corporation split its businesses to create two separate legal entities, CoreLogic, Inc and First American Corporation which provides title and financial services.

203.     Plaintiff alleges and assert that CoreLogic's operations are divided into two segments: Data and Analytics, and Technology and Processing Solutions.

204.     Plaintiff alleges and assert that CoreLogic acquires and links property, mortgage and financial data using models and algorithms to produce analytics for the Banking industry.

205.     Plaintiff alleges and assert that CoreLogic algorithms are embedded in the Mortgage Electronic Registration System.

206.     Plaintiff alleges and asserts that she held no awareness at that time that Defendant HSBC collaborated in the used her signature to obtain an advance upon the future derivative value of her estate.

207.     Plaintiff alleges and asserts that she held no awareness at that time that Defendant HSBC falsely pledged Plaintiff's signature as backing of a classification REMIC. *See Declarations of Faith Collateralization NOT securitization.*

208.     Plaintiff alleges and asserts that she held no awareness at that time that she was entering into a partnership interest which would allow Defendant HSBC to swap out non performing assets in the form of a 1099-A

- 57

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

abandonment claim at a later date.

209.    Plaintiff alleges and asserts that she held no awareness at that time that her property was being broken down into common stock.

210.    Plaintiff alleges and asserts that she held no awareness at that time her property was being openly traded on the SEC stock market through the Bank of New York.

211.    Plaintiff alleges and asserts that she held no awareness at that time that in order to facilitate this claim, Plaintiff would be forced from her home.

212.    Plaintiff alleges and asserts that she did not contract for the possession of Non Ordinary Income as issued upon the 1099-A.

213.    Plaintiff alleges and asserts that she is NOT in possession of the Non-Ordinary Income Fannie Mae deceptively issued to the IRS on Plaintiffs behalf.

214.    Plaintiff attests, alleges and asserts that she is NOT in possession of Non-Ordinary Partnership Income from HSBC.

215.    Plaintiff alleges and asserts that it is a conflict of law to have a third party Fiduciary that holds dominion over all assets granted and conveyed to a trustee under a Mortgage Pass Through Securities Trust.

216.    Plaintiff alleges upon belief that it is a SEC violation to issue a notice of default upon something you are already in possession of.

-                                                                                    58

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

217.    Plaintiff alleges and asserts that Defendants and their council cannot argue a mortgage when none exist.

218.    Plaintiff alleges and asserts that past Defendants Councils statement of facts are fraudulently misleading because per the CONTRACT, Plaintiff never borrowed monies.

219.    Plaintiff asserts Defendants are aware of this, as they are crossing off the word "Mortgage" upon their fraudulent Corporation Deed Transfers"

220.    Plaintiff alleges and asserts that she held no awareness at that time, that her signature was being used to obtain collateral in a tax avoidance scheme.

221.    Plaintiff alleges and asserts that Defendants **Moral turpitude** of Fraudulent Concealment and Gross misrepresentation to Plaintiff, breach ALL statutes, breach constitutional supremacy laws and do not allow for the "ignorance is no excuse" under our Declared Independence "That to secure these rights, Governments are instituted among Men, **deriving their just powers from the consent of the governed**."

222.    Plaintiff attests that she did not consent to Defendants underlying complexities designed for unjust enrichment and tax avoidance.

223.    States and Federal courts HOLD NO POWER to enable a foreclose upon these presumptions being forced upon Plaintiff.

224.    **WHERFORE**  Plaintiff asserts the following Congressional intents;

-                                                                                        59

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

Under TILA Section 131(f)(2) evidence of a securitized trust does not exists, wherefore under TILA1635 (f) (3) consummation never took place, wherefore TILA Recession CANNOT be TIME BARRED.

225.    TILA Rescission can ONLY be Res Judicata if there is an order to vacate the recession in existence.   Defendants are beyond statues of obtain such an order.   Tolling is therefore mute.

226.    Strict constitution of Regulation Z states that the VOIDING's in 2009 upon ALL Plaintiff's properties ARE/WERE ABSOLUTE.

In this Plaintiff WILL NOT STAND DOWN.


**ADDITIONAL REASONS FOR GRANTING INJUNCTION**

227.    Section 2924 provides in part that *"recital in the deed executed pursuant to the power of sale of compliance with all requirements of law regarding the mailing of copies of notices or the publication of a copy of the notice of default or the personal delivery of the copy of the notice of default or the posting of copies of the notice of sale or the publication of a copy thereof shall constitute prima facie evidence of compliance with these requirements and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value and without notice."*  See also  Dimock, supra, 81 Cal.App.4th 868 [purported sale conducted by former trustee who had

- 60

V2.6-23

substituted out and did not have the power to sell the property was void, not merely voidable]; Stockton, supra, 148 Cal.App.2d at p. 564 [trustor sought rescission on grounds of fraud]; Bank of America v. Reidy, supra, 15 Cal.2d at p. 248 [sham bidding]; and Lo, supra, 88 Cal.App.4th at p. 1097 [sham bidding]; see 1 Bernhardt, Mortgages, Deeds of Trust and Foreclosure Litigation, supra, § 7.67, pp. 580-581.)  In summary, in addition to procedural irregularity in the notice and sale procedure, the trustor may have other grounds for seeking to set aside a trustee's sale. The matters at hand bottom line, are Federal tax matter issues that do not fall under the State's jurisdiction. In order to rule under color of law, a Judge must first take a constitutional oath of office (5 U. S. C. § 3331). The TRO is a functional request as it would go against the color of law and Congressional intent, not to grant it under Plaintiffs circumstances.

228.     Plaintiff has properly alleged an asserted, that the use of material devisee was used instrumentality in the application of granting acceptance of a defective contract, and acts as material violation and concealment of a completely different transaction.  It would be unequitable to allow a foreclosure to ensue until these conflicts of law are properly addressed.

61

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

# OBSTRUCTION OF JUSTICE

## URGENT MATTER OF PROCEEDURAL LAW AT HAND

### Plaintiff asserts and attests the following in this section:

229.     Defendants have repeatedly attempted to BAR Plaintiff from discoveries in both assertions and in writing specifically stating "Plaintiff should be barred from discoveries" and through unanswered court ordered subpoenas.

230.     Defendants attempted to BAR a TILA action upon NEWLY raised issues with new Defendants claiming the new Defendant was under Res Judicata.

231.     Past Defendants are engaged in the filtering of questionable benefits to the head Superior Court Justice through his wife's Real Estate license.  In doing so it would appear the model of Judicial Conduct has been compromised by these actions.

232.     TILA Rescission is NOT barred before during or after other proceedings unless those other proceedings specifically mention rescission as an issue to be tried.

233.     Plaintiffs 2012 State case addressed Violations of the Truth in Lending 129 C(c) (2) [108] under the Securities and Exchange act fore steering incentives offered to Plaintiff as a broker to solicit loans on behalf of

- 62

V2.6-23

Countrywide.

234.     TILA 1635 recession of Plaintiffs personal loan WAS NOT RAISED as a Cause of Action.

235.     Defendants "The Mortgage Law Firm" and "Specialized Loan Servicing" were not parties in Plaintiffs 2012 case.

236.     Plaintiff attests, alleges and asserts that Past Defendants were aware of Plaintiffs rescission.

237.     JUSTICE SCALIA delivered the opinion of the Jesioski Supreme Court as follows;

"The Truth in Lending Act gives borrowers the right to rescind certain loans for up to three years after the transaction is consummated."

238.     The statute and regulation specify that the security interest, promissory note or lien arising by operation of law on the property becomes automatically void. (15 U.S.C. § 1635(b); Reg. Z §§ 226.15(d)(1), 226.23(d)(1).

239.     As noted by the Official Staff Commentary, the creditor's interest in the property is "automatically negated regardless of its status and whether or not it was recorded or perfected." (Official Staff Commentary §§ 226.15(d)(1)-1, 226.23(d)(1)-1.).

240.     The security interest is void and of no legal effect irrespective *of whether the creditor makes any affirmative response to the notice.*

-                                                                          63

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

241.      At this point, strict construction of Regulation Z would dictate that the

voiding be considered absolute and not subject to judicial modification.

242.      **Once the court finds a violation <u>such as not responding to the TILA</u>**

**<u>rescission letter,</u> no matter how technical, it has no discretion with respect**

**to liability** (in re Wright, supra. At 708; In re Porter v. Mid-Penn Consumer

Discount Co., 961 F,2d 1066, 1078 (3d. Cir. 1992); Smith v. Fidelity

Consumer Discount Co., Supra. At 898.

243.      **<u>Any misgivings creditors may have about the technical nature of the</u>**

~~<u>requirements should be addressed to Congress or the Federal Reserve</u>~~

**<u>Board, not to the Plaintiff, and NOT the courts</u>**.

244.      Since Defendants have/are refusing to settle the matter with clean hands,

Plaintiff holds no other remedy at hand but to have these courts order the

congressional intent of a TILA rescission as outlined further herein.

245.      To go so far to deprive Plaintiff of her properties as to actually remove a

hand carried motion for production of documents holding a request for seal as

an informant, in a Federal Bankruptcy court, **goes way beyond contempt.**

246.      Plaintiff alleges and asserts that Bankruptcy courts, their judges and the

judges assistance were acting under color of law when this motion was erased

from the courts records.

247.      Plaintiff dismissed the State case upon the discoveries of Defendants

-                                                                    64

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th,
8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

benefits being bestowed upon the Judge through third party means WITHOUT

prejudice. *Exhibit* 911

248.      Plaintiff withdrew through stamped notice, her bankruptcy adversarial

**DUE TO TAMPERING WITH COURT DOCUMENTS.**

249.      **Plaintiffs attests, asserts and alleges that DEFENDANTS are**

**actively, willfully and deliberately preventing Plaintiff from Bankruptcy**

**restructure.**

250.      Defendants are FULLY aware that if a consumer rescinds UNDER

TILA within the context of a qualified discharged bankruptcy, courts have held

that the rescission effectively voids the security interest, rendering the alleged

debt, if any, unsecured (*Exhibit* V chapter 7 discharge).  (See in re Perkins, 106

B.R. 863, 874 (Bankr. E.D.Pa. 1989); In re Brown, 134 B.R. 134 (Bankr.

E.D.Pa. 1991); In re Moore, 117 B.R. 135 (Bankr.E.D. Pa. 1990)).

251.      Any alleged loans have been PERMINATLY DISCHARGED under

Plaintiffs Federal Bankruptcy Laws and REMAIN PERMINANTLY unsecure.

252.      Since Defendants refuse an amicable resolution, Plaintiff holds ZERO

obligations to Defendants and will be holding Defendants and their agents,

assigns and/or representatives and their recipients of their benefits, accountable

to the **FULL EXTENT OF THIS LANDS LAWS.**

253.      THIS COURT holds ZERO discretion to deny damages, refunds etc. to

- 65

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th,
8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

Borrower once a violation of TILA, no matter how small, is presented.

254.      Defendants past and present are <u>AWARE</u> of the 2009 TILA rescission.

255.      Defendants past and present have <u>ACKNOWLEDGED</u> the 2009 TILA recession.

256.      Defendant Specialized Loan Servicing (SLS) in the Declaration of Daniel Leon, an agent of SLS who offered testimony without stating he holds "personal knowledge", admits contact from Plaintiff in regards to the TILA rescission, and to loan servicing but not in response to "Contact" to avoid the foreclosure.

257.      The Declaration of Daniel Leon, further admits that SLS does not comprehend TILA provisions, or remedies, THEREFORE, **<u>PLAINTIFF HAS DETAILED THIS HEREIN FOR THEIR COMPREHENSION.</u>**

258.      **The creditor's ONLY task is to take any necessary or appropriate action to reflect the fact that the security interest was automatically terminated by the rescission within 20 days of the creditor's receipt of the rescission notice (15 USC 1635(b); Reg. Z-226.15(d)(2),226.23(d)(2).**

259.      Defendants Council raising issues of past pleadings bearing NO relevance to their client's legal responsibilities to <u>COMPLY WITH THE LAW.</u> Any demurs to past pleadings will be moved to be stricken. There are over 90 CFPB complaints that document their client's awareness and recorded

66

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th,
8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

attestations of their Defendants that confirm awareness.  Defendants cannot not

hold ignorance as an excuse in Plaintiffs case.

260.      Defendants Council raised issues of non payment which bears NO

relevance as NO PAYMENTS can NOT be made upon a Federally discharged

Void upon inception, VOID PER OPERATION OF LAW AB INITIO

instrument.  Any attempts to raise this as an issue will moved to be stricken.

261.      Defendants council overstepped their authority to act on behalf of a

Judge through motions in defense of the Judge's income being derived from

REO stemming from court cases directed to the Real Estate Company he

reports a vested interest in.

262.      Plaintiff was NOT allowed to cross examine the SLS hostile witness,

and a TRO was willfully removed to deprive Plaintiff of her property without

DUE PROCESS OF LAW.

263.      **The 14th Amendment - explicitly prohibits States from violating an**

**individual's rights of due process.**

264.      **The 5th Amendment – The Federal Government CANNOT deprive**

**individuals of "life, liberty, or property," without due process of the law.**

265.      **To allow these activities to ensue would be a violation of the 8th**

**Amendment by the passive imposing of a 2.3M tax penalty of a forced**

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th,

8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

**abandonment of partnership NON ORDINARY INCOME PLAINTIFF held <u>implied partnership interests thereto, thereunder.</u>**

266. **PLAINTIFF ALLEGES AND ASSERTS THAT IT IS THE CONTRACT THAT IS LOGICALY INCOHERENT, NOT THE PLAINTIFF.**

267. Unenumerated rights will be actual rights insofar as they necessitate the systematization of positively enumerated rights anywhere laws would become <u>logically incoherent,</u> or <u>could not be adhered to</u> or maintained in the exclusion of those unenumerated items as rights.

268. **An IMPLIED partnership right embedded within these contracts exist, therefore Plaintiff must bring forth discoveries under the 9th Amendment to explore EXACTLY what those rights were/are.**

## PART TWO OF COMPLAINT

269. In Part two if this complaint plaintiff will ask three serious questions before the court. The second part of the complaint deals specifically with unaddressed <u>Matters of Law </u>under Regulations X, (REG-136676-13) and IRC 26 U.S. Codes which also <u>ARE</u> <u>NOT subject to judicial modification.  Part one should be sufficient enough to justify the quite title in rem.</u>  Current Defendants are being asked of their awareness of these undisclosed issues.

- 68

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

270.    The arguments presented herein shall give probable cause, that the People of the United States of America, were the target market of synthetic Mortgage Deed of Trust designed to bypass the securitization process.

271.    The arguments presented herein shall give probable cause enough to prove, that the People of the United States of America are being victimized in an elaborate tax evasion scheme.

## CORE INFORMATION BEING WITHHELD FROM THE COURTS

*Just because something is complex, does not mean it should not be heard.*

272.    Plaintiff alleges upon belief that the documents being generated under the promise of home ownership, holds specific encoding within a tracking system pre-classified to trigger fictitious defaults.

273.    Plaintiff asserts that she has been trying to bring forth evidence of the continued manipulation of the Housing Bond Market embedded within recorded documents being computer generated on title.

274.    Plaintiff alleges upon belief that initial belief of these encoding systems began in 2014 with Notice of Defaults that recorded "installment defaults" instead of "mortgage defaults" which removed specific verbiage through a series of title slander.

275.    CODE OF CIVIL PROCEDURE SECTION 697.510- 697.670

- 69

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

concerning 697.510. (a) A judgment lien on personal property described in

Section 697.530 is created by filing a notice of judgment lien in the office of

the Secretary of State pursuant to this article.

276.     In re: Verbiage upon the 2012 Notice of Default.  *(Exhibit A)*

That a breach of, and default in, the obligations for which such Deed of Trust is security
has occurred in that payment has not been made of : FAILURE TO PAY THE
INSTALLMENT OF PRINCIPAL AND INTEREST  WHICH BECAME DUE ON
06/01/2008  AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL AND
INTEREST, TOGETHER WITH ALL LATE CHARGES; PLUS ADVANCES MADE
AND COSTS INCURRED BY THE BENEFICIARY INCLUDING FORECLOSURE
FEES AND COSTS AND/OR ATTORNEYS FEES.  IN ADDITION,  THE ENTIRE
PRINCIPAL AMOUNT WILL BECOME DUE ON  06/01/2037 AS A RESULT OF THE
MATURITY OF THE OBLIGATION ON THAT DATE.

277.     Plaintiff alleges that except as provided in subdivision (b) of Section

697.540, <u>A JUDGMENT LIEN MAY NOT BE CREATED UNDER THIS</u>

<u>ARTICLE IF THE MONEY JUDGMENT IS PAYABLE IN</u>

<u>INSTALLMENTS UNLESS ALL OF THE INSTALLMENTS ARE DUE.</u>

278.     In re: The verbiage was Corrected upon the 2014 Notice of Default. The

corrected installment reflected $660,602.59 *(Exhibit B)*

has not been made of :

THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE
06/01/2008, TOGETHER WITH ALL LATE CHARGES, ADVANCES, INTEREST,
INSURANCE, TAXES AND ASSESSMENTS, IF APPLICABLE.

That by reason thereof, the present beneficiary under such Deed of Trust has deposited with said duly

279.     It was not until 2014 that revealed evidence of an un-disclosed TILA

and RESPA hidden interest charge falling within a 99.1% accuracy (predicted

in 2009) of the same value of the installment listed upon the Notice of Default

-                                                              70

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th,

8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

(herein NOD) called due in 2008 upon a corrected Notice of Default in 2014.

280.     In re: The 2009 Forensics audits Plaintiff repeatedly sent to

Countrywide, Bank of America and BAC Financing with TILA recessions.

**FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT FINDINGS:**

1. The "APR", Annual Percentage Rate is deceptively and fraudulently understated by 1.489%

2. The "Finance Charge" and "The Total of Payments" are deceptively and fraudulently understated by $662,502.47.

3. In the Area titled "Your Payment Schedule Will Be" the payments are deceptively and fraudulently disclosed as:

| 12  | Payments of | $4824.59   |
|-----|-------------|------------|
| 12  | Payments of | $5186.43   |
| 12  | Payments of | $5575.41   |
| 3   | Payments of | $5993.57   |
| 320 | Payments of | $13,461.08 |
| 1   | Payments of | $13,463.07 |

On the Truth in Lending Disclosures under the Sections titled "Your Payment Schedule Will Be", for the payments to be accurate as stated in the Adjustable Rate Note and Rider the payments should have been disclosed as:

| 1   | Payments of | $4824.59   |
|-----|-------------|------------|
| 11  | Payments of | $4824.59   |
| 12  | Payments of | $5186.13   |
| 4   | Payments of | $5575.41   |
| 260 | Payments of | $15,218.93 |
| 71  | Payments of | $15,218.88 |
| 1   | Payments of | $15,219.01 |

281.     Plaintiff asserts that Congress enacted the Home Ownership and Equity

Protection Act of 1994, to address predatory lending practices.

282.     Plaintiff asserts that the original law by Congress to monitor the

Banking industry was the Banking Act enacted by the 14th Congress of the

United States in 1815-1817.

283.     Plaintiff alleges upon belief that the above verbiage corrections were a

mandated change at California Secretary of State level to specifically address

specific verbiage upon Banking Industries title recordings.

284.     Plaintiff alleges that June 1, 2008 "the date" upon which the Installment

was called due, was a Sunday in the States where the banks were closed.

285.     Plaintiff alleges upon belief that June 1, 2008 was trading day abroad,

- 71

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

which correlated with the Securities and Exchange commissions investigations

of short positions upon defaults attached to the Housing Bond Market which

yielded manipulated profits.

286.      Plaintiff alleges upon belief that the Notices of Default hold prima facial

evidence that can be called forth to demonstrate targeted IRS, Internal Revenue

Codes (IRC codes) and encoded default dates, are embedded upon these

synthesized contracts.

287.      Plaintiff alleges and asserts, that Synthetic Mortgage Deed of Trusts

were nothing more than a divestiture of the collateral they obtained.

288.      Plaintiff alleges and asserts that contracts that evidence direct

collateralization of an asset, hold the words ***BORROWER COVENANTS* that**

***borrower is lawfully seised of their estate"***.

289.      Plaintiff alleges and asserts that contracts that evidence direct

collateralization of an asset hold a MERS MIN# that reflects a undisclosed net

advanced tandem funding of an net advance against the collateral it obtained.

290.      Plaintiff alleges and asserts this verbiage is BREACH of Supremacy

laws and a Violation of Constitutional protected rights of due process.

291.      Plaintiff alleges and asserts that a Repossession (or REPO) is a term

used to denote a financial institution taking back an object that was either used

as collateral or rented or leased.

-                                                                                           72

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th,

8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

292.     Plaintiff alleges and asserts that <u>The mechanics of a repo involve buying and then reselling securities at a set price and a set time, at its financial essence, is a collateralized loan.</u>   Under a traditional Security Instrument, this would ONLY allow for the repossession and redistribution of the certificates themselves.

293.     Plaintiff alleges and asserts that to misconstrue Constitutional protected rights so egregiously as to turn a home into a Housing Bond Market REPO for the purpose of circumnavigating the tax exempt status of a Special Purpose Vehicle under a Pass Through Mortgage Loan Trust, not only misappropriates the use of Internal Revenue codes, it infringes civil liberties, as a result of the willful harm it inflicted.

294.     <u>**Substituting a household into a Federal Repo is not an Internal Revenue Rule policy EVER allowed nor has Congress enacted such in 75 years of housing legislation.**</u>

295.     Plaintiff alleges and asserts that these historical events succeeded in turning any contractual duty utilized by this system, unenforceable, null and void under UCC § 3-305(b)(1)(ii)(iii); Illegality based in fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms.

296.     Plaintiff alleges upon belief that the discoveries of continued

-                                                                73

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

manipulations of the Housing Bond Market were obtained through the July 8, 2015 stock market glitch.

297.     Plaintiff alleges upon belief that the date of the glitch itself, allowed further discoveries of core algorithms embedded within the MERS tracking system.   If proven successfully, it would indicate a premeditated future triggered event.


**WHAT TIPS THE SCALES IN ORDER FOR JUSTICE TO ENSUE?**

298.     It has been found that MERS violates U.C.C.-ARTICLE § 1-202. Notice; Knowledge. (a) Subject to subsection (f), a person has "notice" of a fact if the person: (1) has actual knowledge of it; (2) has received a notice or notification of it; or (3) from all the facts and circumstances known to the person at the time in question, has reason to know that it exists. At no time did MERS disclose that the "lender" was using funds from investors on the credit of Warehouse lenders who took presales of certificates to fuel the MERS system.

299.     Plaintiff properly asserts that Defendant HSBC VIOLATED U.C.C.-ARTICLE 3 §3-302 (a)(1) defines a Holder in Due Course as the holder of an instrument if: (1) the instrument when issued or negotiated to the holder does

- 74

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

not bear such apparent evidence of forgery or alterations or is not otherwise so irregular or incomplete as to call into question its authenticity;

300.     Plaintiff properly asserts that Defendant HSBC has obscured justice Under UCC § 1-206. Presumptions. Whenever the Uniform Commercial Code creates a "presumption" with respect to a fact, or provides that a fact is "presumed," the trier of fact must find the existence of the fact unless and until evidence is introduced that supports a finding of its nonexistence

301.     Plaintiff properly asserts that Under § 2-403. Power to Transfer; Good Faith Purchase of Goods; "Entrusting". MERS as an electronic nominee beneficiary did not have the power to electronically transfer because the transferor aka the "lender" was not acting in the capacity of a "transferor"

302.     Plaintiff properly asserts that under UCC § 2-503. Manner of Seller's Tender of Delivery 5) Where the contract requires the seller to deliver documents (b) tender through customary banking channels is sufficient and dishonor of a draft accompanying the documents constitutes non-acceptance or rejection.

303.     Plaintiff properly asserts that by failure to disclose whom the true lender was upon this contract, Countrywide, Bank of America, and Specialized Loan Servicing acted/are acting in bad faith which under UCC § 2-506 revokes their alleged and or implied securitization rights to these properties.

- 75

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

304.    Plaintiff properly asserts that under UCC § 2-508 no offer to cure this improper net advance was made, under the pooling and servicing within a "reasonable" or "seasonable" time, these bearer notes became nothing more than voidable promissory notes where monies have yet to be lent to the consumer.

305.    Plaintiff properly asserts that where MERS status as a nominee trustee unequivocally was breached upon inception, in this instance elaborated herein, and in accordance with UCC § 2-510 (1) Where a tender or delivery of goods so fails to conform to the contract as to give a right of rejection the risk of their loss remains on the seller until cure or acceptance.  And yet… the National Securitization Forum plans to make these ultra vires activities legal under a UCC Law?   Plaintiff would like to know exactly when the World decided that 1000 shades of gray was the new black and white?

306.    There are approximately 500 Mortgage pass through classification REMIC's that marketed these synthesized contracts of conveyance. Negotiations to pay in upwards of 90% of the loan values have been pre-arranged by the FDIC (evidenced on Plaintiffs 2nd mortgage not yet raised). The UCL foreclosure act will allow a servicer to identify contracts holding legal impossibilities, such as plaintiffs, as blights within their system in order bypass the tax exempt status of a SPV classification REMIC.

-                                                                                          76

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

307.     Once Identified, the servicer can then call them immediately due and payable at the push of a 30-day button, regardless if they are in good standing or not.   In turn this means that all these back door attorney loan modifications will be made called due.

308.     In accordance to the Official Staff Commentary §§ 226.15(d)(1)-1, 226.23(d)(1)-1. Regardless of the fact no securitization or mortgage existed, and by the by court rulings held in re Perkins, 106 B.R. 863, 874 (Bankr. E.D.Pa. 1989); In re Brown, 134 B.R. 134 (Bankr. E.D.Pa. 1991); In re Moore, 117 B.R. 135 (Bankr.E.D. Pa. 1990)) because of the complexities created by Plaintiffs contract, a **Substantive Test for Conditions Subsequent** would be needed in this matter to asset in figuring out a way to properly reconstitute the value of the bonding asset (freehold use of the estate under a separate (SPV) within the Mortgage Loan Trust) with the IRS without the use of the UCL foreclosure act (Exhibit Y).

309.     Plaintiff alleges and asserts that Multiple foreclosures enacted under a **(SPV) Classification REMIC-I**  currently violates the tax exempt status of a Special Purpose Vehicle because foreclosures initiated under a mortgage pass through trust do not qualify under ***IRC 26 US Code Sec 1250 and 1245 recapture rules and disallowance.*** The states do not hold Federal authority to interfere with a Government agency such as the IRS.  By passing judgment the

77

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983** FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

states have imposes millions of 1099 implied partnership interest upon millions of homeowners.  This is the substituting a Federal Repossession at a State level and enabling the swap out of antecedent debt from the banking initiatives as far back as 1985.  Plaintiff alleges that this is a legal impossibility of the contract, as the contract itself specifies its use is for US Currency and NOT non-ordinary income.

310.     Plaintiff alleges upon belief that this has already been done to Plaintiff prior to her signing the contract. *See below spread sheet that outlines the Offsets embedded in Plaintiffs title recordings*.  A Substantive Test for Conditions Subsequent would substantiate Plaintiffs findings as this is based "core logic".

| Offset | Subordinate Loan | Coupon | Ann Debt | Years | Capitalized Costs | Pari-Passu |
|---|---|---|---|---|---|---|
| 6 30 2005 | 660,602.49 | 21.10 | 31,305.00 | 9 15 1985 | 660,602.49 | (660,602.49) |
| 9 15 1985 | 330,301.25 | 10.55 | 31,305.00 | 3 6 2006 | 330,301.25 | 330,301.25 |
| 3 6 2006 | 362,425.76 | 9.35 | 38,782.00 | 7 8 2015 | 362,425.76 | 32,124.51 |
| 7 8 2015 | 1,500,000.00 | 46.69 | 32,124.51 | 12 5 195 | 1,500,000.00 | 1,532,124.51 |

311.     **According to the American Bar Association and their addressing the matter herein Plaintiff's cites the proposed Regulations provided by the department of Treasury as follows:**  *(Exhibit 4)*

> "*On April 13, 2011, the Department of the Treasury (the "Treasury") and the Internal Revenue Service (the "Service") published a notice of*

- 78

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V2.6-23

*proposed rule making in the Federal Register containing proposed*

*regulations under section 108(a)(1)(A) and (B)1 (the "Proposed*

*Regulations").Proposed Regulations provide that, for purposes of*

*applying the insolvency exceptions of section 108, a disregarded entity*

*or grantor trust shall not be considered to be the "taxpayer," but,*

*rather, the owner of the disregarded entity is the taxpayer . . . that, for*

*purposes of applying the insolvency exceptions of section 108,"* . . . .*a*

*disregarded entity or grantor trust shall not be considered to be the*

*"taxpayer," but, rather, the owner of the disregarded entity is the*

*taxpayer." Grantor trust and disregarded entity . . . shall not be*

*considered to be the "taxpayer"*

312.    Plaintiff alleges and assert that a Mortgage Pass though Trusts, by their function as a pass through trust, is not a grantor trust.  This is why the American Bar Association is making the above recommendation to the IRS. (Further elaborated upon in the 36 month look back)

313.    Plaintiff alleges and asserts that this is called contra accounting and it allows the money borrowed to be earned by lender in a reverse method of accounting used to offset the accrual . in re:.."....a disregarded entity or grantor trust shall not be considered to be the "taxpayer," . . . but, rather, the owner of the disregarded entity **is the taxpayer."**

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.