V1.6-8

**Faith Lynn Brashear**
Plaintiff /Witness/ Advocate
In RE: 1095 Lowry Ranch Road
Corona, CA 92881
Tel: 951-268-4042
<u>Preferred Response</u>: Fax: 855-204-0859
Faith@Betterquest.com <u>Mail Response</u>:

FILED
CLERK, U.S. DISTRICT COURT

APR – 6 2016

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

1
2
3
4
5

# FEDERAL COURT OF CALIFORNIA
## FOR THE LOS ANGELES, CENTRAL DISTRICT

6
7

8  FAITH LYNN BRASHEAR, an individual,
9  Plaintiff
   vs.
10 THE MORTGAGE LAW FIRM, PLC, as
11 Trustee and Agent of a Beneficiary; as
   agent for Wells Fargo Bank, N.A.; DARREN
12 J. DEVLIN, President of of The Mortgage
13 Law Firm, PLC;
   SPECIALIZED LOAN SERVICING LLC, as
14 servicer for HSBC Bank USA, National
15 Association, as Trustee for the Holders of
   the Deutsche Alt-A Securities, Inc.,
16 Mortgage loan Trust, Mortgage Pass-
17 Through Certificates Series 2007 –OA4;
18 MARK MCCLOSKEY Assistant Vice
   President of Specialized Loan Servicing
19 LLC, and All persons and entities claiming
20 any right to real property located at 1095
   Lowry Ranch Road Corona, California
21 92881 and Does 1-10, inclusively,
22                    Defendants
23

CV16 – 2360 GW (GJSx)
CASE No.

**JURTY TRIAL DEMANDED**
Declarations of Faith in support of
Complaint – Outline of Damages

<u>Page 2:</u> Attestations in Timelines which
caused Delays.

<u>Page 3</u> Declaration of additional Hardships

<u>Page 14</u> Declaration of Faith Lynn Brashear
Plaintiff in Support  Ex Parte Application

<u>Page 26</u> Constitutional Violations

<u>Page 31</u> Obstruction of Justice

<u>Page 37</u> Inferior courts judicial misconduct

<u>Page 39</u> Documented conflict of
interest/vested interest

<u>Page 44</u> No legal Standing

<u>Page 46</u>   (Outline of Perpetuated Damages)

<u>Page 72</u> Protection Money Attempts

<u>Page 77</u> Extortion attempts

<u>Page 79</u> Ultra Vires Acts

<u>Page  95</u> Affidavit of Faith Lynn Brashear
Duel Tracking.  (Exhibit 5)

24
25
26
27
28

**JURY TRIAL DEMANDED DEBTOR COMPLAINT PURSUANT TO 42 U.S.C. Sec 1983**     1
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th,
8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

1. *Here Comes Faith Lynn Brashear, Plaintiff herein with  Declarations of Faith in support of Complaint.*

**Attestations in Timelines which caused Delays. IN RE: Obstruction of Justice – Duel Tracking.  (Exhibit 5)**

2. It has taken the Federal Housing Financial Agency (See Federal Housing Financial Agency vs Deutsche Bank page 4 naming this specific classification series under the MPT) until 2013 to figure out these loans were never securitized, and it has taken the Securities and Exchange Commission six years to prove the marketing of synthetic contracts associated with these Mortgage Loan Pass through Trusts (moved to settlement January 2016), so how would it be legally possible for a lowly layman to properly assert this any sooner?

3. Plaintiff is not here to argue the ultra vires act that spin wheels until Defendants are beyond perceived statues to enforce the law ie Plaintiff being repeatedly told she was beyond the 3 years to bring forth a TILA recession in 2012 (The Supreme Court overruled that presumption of law in the 2015 Jesinoski vs. Countrywide ruling)

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**   2
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

4. Plaintiff has been trying for over 7 years to novate these contracts through Chapter 11 restructure which pushed her beyond statues (See attached Declarations).   Defendants past or present hold no intentions of loan modification on a long term basis, as they have retained their top attorneys for the drafting of the UCL Foreclosure ACT, which intends to call all modified loans, due and payable at a 30-day push of a button. (Ex Y)

5. This is contempt of the law through creative interpretations of the law, which causes further obstruction of justice.  It is Plaintiffs Opinion that it will take years before Yvanova's ruling at inferior courts will gain a clear perception of what constitutes pre-foreclosure merits as it will inevitably come down to the Bottom line tax issues currently being withheld from the general public in which Plaintiff touches upon herein.

6. Plaintiffs case is unique and falls within the small margin of the Yvonova ruling.

**DECLARATION OF ADDITIONAL HARDSHIPS**

7. Plaintiff, Faith Lynn Brashear hereby attests that in 2008/2009 she filed chapter 7 bankruptcy 6:08-bk-26762-PC. (Exhibit 7)

8. Plaintiff, Faith Lynn Brashear hereby attests that 2008 Plaintiffs Home in WA located at 12302 Sunrise Drive was destroyed by storms declared a Federal State of Emergency.  (Exhibit 5)

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**   3
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

9. Plaintiff, Faith Lynn Brashear hereby attests that in 2009 Plaintiff requested new Social Security cards for identify theft. (Exhibit 5)

10. Plaintiff, Faith Lynn Brashear hereby attests that in 2009 Plaintiff was called as a volunteer Federal Witness (Exhibit W)

11. Plaintiff, Faith Lynn Brashear hereby attests that in 2009 Petitioners changed their name as a coping mechanism. (Exhibit W) faithin

12. Plaintiff, Faith Lynn Brashear hereby attests that In 2009 her Father passed away (Exhibit 5)

13. Plaintiff, Faith Lynn Brashear hereby attests that In 2009 Plaintiff uncovered mortgage frauds upon her personal mortgage loans.

14. Plaintiff, Faith Lynn Brashear hereby attests that in 2009 she was asked by Special Agent Chris Seymour with the IRS to assist in an ongoing criminal investigation of mortgage crimes in the inland empire.

15. Plaintiff, Faith Lynn Brashear hereby attests that Plaintiff rescinded the loans upon all her properties. (Exhibit D)

16. Plaintiff, Faith Lynn Brashear hereby attests that In 2010 Plaintiff filed Chapter 11 Bankruptcy Case 09-20772-TTG to restructure these loans.

17. Plaintiff, Faith Lynn Brashear hereby attests that 2010 she was contact by the FBI where a retainer for attorney correspondence between the IRS and

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**   4
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

FBI was required as a result of the identity theft on top of the criminal investigations.

18. Plaintiff, Faith Lynn Brashear hereby attests that in 2010 her Home at 13900 Hidden Heights in WA was illegally foreclosed upon.

19. Plaintiff, Faith Lynn Brashear hereby attests that in 2011 Petitioners file home break in report WA0180700 and home invasion 11-190010-4

20. Plaintiff, Faith Lynn Brashear hereby attests that in 2011/2012 Petitioners relocated back to CA.

21. Plaintiff, Faith Lynn Brashear hereby attests that In 2012 she discovered fraudulent deed recordings and fraudulent Deed transfers.

22. Plaintiff, Faith Lynn Brashear hereby attests that In 2012 Petitioner Faith Lynn Brashear was held at gunpoint by mis-use of sherrifs force wrongfully detained as an independent on site of a CFPB raid later deemed much to do about nothing by the issuing judge SACV12-2088AG (ANx).

23. Plaintiff, Faith Lynn Brashear hereby attests that In 2012 she was audited two states away without the ability to defend against of have representation for an IRS audit, currently being proven erroneous.

(Exhibit 5)

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**   5
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

24. Plaintiff, Faith Lynn Brashear hereby attests that In 2012 filed civil complaint Case # RIC 1218862 under which she did try to move this to an Attorney and was denied leave to amend.

25. Plaintiff, Faith Lynn Brashear hereby attests that In 2012  under that civil complaint Case # RIC 1218862 she was not allowed discoveries.

26. Plaintiff, Faith Lynn Brashear hereby attests that In 2012/2013 she discovered that our Federal Reserve and international banks like JP Morgan are heavily involved in the internationalization of the Yuan where China has opened Yuan "clearing houses in multiple countries to allow faster convertibility of the Yuan, quietly supplanting the dollar as the world reserve currency: London, Hong Kong, Singapore, Taiwan, and Kenya are set and ready.

27. Plaintiff, Faith Lynn Brashear hereby attests that In 2013 Petitioner additional discoveries of the UCC foreclosure act being brought forth.  This act would allow servicers to call all mortgages including loan modified in good standing due and payable upon the original terms and conditions and payable retroactively upon the original terms and conditions of the loan with 54 FDIC Mers Member banks already positioned with pre-negotiated FDIC insurance payouts.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**   6
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

28. Plaintiff, Faith Lynn Brashear hereby attests that In 2014 ER visits and continued medical issues. Medical, and foreclosure defense issues.

29. Plaintiff, Faith Lynn Brashear hereby attests that In 2015 she filed civil complaint Case # RIC 1508101 to address the TILA rescission that Plaintiff was told she was beyond statutes to even raise in 2012.

30. Plaintiff, Faith Lynn Brashear hereby attests that It was IMPOSSIBLE for Plaintiff to bring forth this suit into Federal as FENCE rulings came down in 2015 through 2016 respectfully to assist in substantiating her claims.

31. Plaintiff outlined and asserted properly attested and asserted in her complaint which outlines in part the more specific delays that prevented her from entering Federal Courts "WITHHELD DISCOVERIES" page 68.

    1. Plaintiff attests and asserts that the NEW Discoveries Plaintiff is bringing forth deliberately withheld from Plaintiff are as follows in this section: The discovery of the meaning behind the MERS Min# in 2013

    2. The 2014 discovery of the termination of the Deutsche Alt-A Securities, Inc., Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 207-OA4, herein "classification REMIC" in 2008. *See Exhibit P*

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**   7
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

3.  The 2016 failure to respond to QWR Demand RESPA letters.

    *Exhibit O*

4.  The 2015 discovery that a 2010- 1099-A partnership
    abandonment was issued to Plaintiff from Fannie Mae upon
    her Washington Property without her knowledge.   Plaintiff is
    in the middle of an unconscionable IRS audit conducted two
    States away from her last known address where
    representation was refused to her.

5.  The discovery of additional algorithms embedded in the
    contracts upon the July 8th, 2015 Stock Market shutdown that
    suggest further manipulations of the US Housing bond market.

6.  The discovery of the use of specific capitalization in the
    contracts in 2015 and their underlying meaning.

7.  The 2015 discovery that classification REMIC I never
    securitized the contract *See page 4 of the FHFA /FNMAE vs*
    *Deutsch bank outlining this very REMIC conduit trust in failure*
    *to secure the instrument.*

8.  The 2016 affirmation that there is no evidence of any
    assignment to any "other" lender based on the law of
    assignments.  [a contract species].

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**   8
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5$^{th,}$ 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

9.  The 2016 discovery that the contract <u>WAS NEVER</u>

<u>CONSUMATED.</u>

32. Plaintiff did in fact assert she tried to bring this forth in Federal Bankruptcy

where a motion to produce documents was completely removed from the

records.   That is tampering with evidence, which Plaintiff must assert is

Obstruction of Justice.  CASE No. SV15-13053-MT in re:  COMPLAINT: 16-

101004.

33. Plaintiff, Faith Lynn Brashear hereby attests that tampering with the

submission of a motion to willfully detain a witness from bringing forth

evidence is in fact retaliation in **contempt of the law.**   Withholding

discoveries is a felony.

34. Plaintiff, Faith Lynn Brashear hereby attests that On,  January 20th, Plaintiff

received a phone call from Mrs Gonzalez  who identified herself as the

assistant to the Judge, after filing for Motion for production of

documentation.

35. Plaintiff, Faith Lynn Brashear hereby attests that The message conveyed

that Plaintiff's status conference hearing was coming up in March.

36. Plaintiff, Faith Lynn Brashear hereby attests that Plaintiffs Status

conference meeting was late February.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**   9
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5<sup>th,</sup> 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

37. Plaintiff, Faith Lynn Brashear hereby attests that the message conveyed a hearing could not be set for the motion until February 24th.

38. Plaintiff, Faith Lynn Brashear hereby attests that Plaintiff personally drove to the Bankruptcy courts on January 26th to address the scheduling of the Motion which was reset for Feb, 24th at 1:00.

39. Plaintiff, Faith Lynn Brashear hereby attests that Mrs. Gonzales, the Judges assistant, requested plaintiff to give a notice directly to council as to the date and time.

40. Plaintiff, Faith Lynn Brashear hereby attests that Plaintiff sent a text to her Council to request convey the hearing date of the motion to opposing council who can bear witness.

41. Plaintiff, Faith Lynn Brashear hereby attests that Plaintiff re sent notification through process server and repeatedly email reminder notifications to Opposing council, who has refused to respond to Plaintiffs inquiries.

42. **18 U.S. Code § 1512 - Tampering with a witness, victim, or an informant**

(a) (C) prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings;

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 10
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5[th,] 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

43. **18 U.S. Code § 1512 - Tampering with a witness, victim, or an informant**

(b) Whoever knowingly uses intimidation, threatens, or corruptly

persuades another person, or attempts to do so, or engages in misleading

conduct toward another person, with intent to— (1) influence, delay, or

prevent the testimony of any person in an official proceeding; (2) cause or

induce any person to— (A) withhold testimony, **or withhold a record,**

**document, or other object, from an official proceeding; or (3)**

44. **hinder, delay, or prevent the communication to a law enforcement**

**officer or judge of the United States of information relating to the**

**commission or possible commission of a Federal offense or a violation of**

**conditions of probation supervised release, parole, or release pending**

**judicial proceedings; shall be fined under this title or imprisoned not**

**more than 20 years, or both.**

45. Courts are under the presumption that Gomes did Not Identified a Legal

Basis for an Action to Determine Whether MERS Has Authority to Initiate a

Foreclosure Proceeding.

46. Plaintiff is not arguing whether MERS Has authority, Plaintiff re-alleges and

re-asserts that it was a legal impossibility for MERS to have done so for the

following reasons:

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 11
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

1. PLAINTIFF ASSERTED AND NOW REASSERTS THE CONTRACT WAS RECINDED IN 2009.

JUSTICE SCALIA delivered the opinion of the Jesioski Supreme Court as follows;

"The Truth in Lending Act gives borrowers the right to rescind certain loans for up to three years <u>after the transaction is consummated."</u>

47. The statute and regulation specify that the security interest, promissory note or lien arising by operation of law on the property becomes automatically void. (15 U.S.C. § 1635(b); Reg. Z §§ 226.15(d)(1), 226.23(d)(1).

48. <u>As noted by the Official Staff Commentary, the creditor's interest in the property is "automatically negated regardless of its status and whether or not it was recorded or perfected." (Official Staff Commentary §§ 226.15(d)(1)-1, 226.23(d)(1)-1.).</u>

49. Plaintiff properly assert that he security interest is void and of no legal effect irrespective *of whether the creditor makes any affirmative response to the notice.*

50. Plaintiff properly assert that Evidence existed that facts unknown to the plaintiff at the time of the inferior courts hearing and gross

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 12
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

misapplications of the law governing foreclosure injunctions were applied

in error. *See Exhibit 911*

51. Plaintiff properly assert that Moreover, plaintiff has discovered judicial

misbehavior affecting the court's impartiality at the inferior courts held

bias which will be shown to have corruptly influenced the outcome of this

hearing. The prior denial of the TRO becoming a preliminary injunction

was tainted by this corruption all to plaintiff's prejudice. The denial of such

an application for a writ of mandamus is an immediately appealable.

52. Plaintiff properly assert that Opposing council made multiple attempts to

BAR the ONLY cause of Action brought forth.   A rescission action may not

be barred by prior or subsequent TILA litigation which did not involve

rescission (Smith v. Wells Fargo Credit Corp., 713 F. Supp. 354 (D. Ariz.

1989) (state court action involving, inter alia TILA disclosure violations did

not bar a subsequent action based on rescission notice violations in

conjunction with same transaction which were not alleged or litigated in

prior action) (See also In re Laubach, 77 B.R. 483 (Bankr. E.D. Pa. 1987)

(doctrine of merger bars raising state and federal law claims arising from a

transaction on which a previous successful federal TILA action was based;

merger does not bar, however, rescission-based on the same transaction).

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 13
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

These laws run concurrent therefor the entertaining of this bar attempt, is a violation of the Supremacy Clause of the US Constitution.

53. Plaintiffs discoveries of conflict of interest are outlined in the concurrently filed motion for Peremptory challenge where it would appear that The Model of Judicial Conduct has been compromised under Cannon 3 - Rule 3.11 (B)(2)(B)(4) - Rule 3.5 use of non public information for Rule 3.13 (A) A judge shall not accept any gifts, loans, bequests, <u>benefits</u>, or other things of value, if acceptance is prohibited by law* <u>or would appear to a reasonable person to undermine the judge's</u> independence,* <u>integrity,* or impartiality.*</u> The inferior court judge expressed bias in court took testimony off hearsay, did not act impartial to the parties involved, and ruled against Matters of Law and a Law of the Land ruling to dissolve a TRO so that defendants could foreclose on plaintiffs property without due process of law.   Exhibit 911 shows preliminary discoveries of Income reported by judge under California Form 700 that include his wife's ( a licensed Real Estate Sales Person) company First Team Real Estate who is receiving the majority of REO properties from Plaintiffs Defendants on cases that came from these courts.   Plaintiff home is located in same city company is working in and same location wife is working for as reflected

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 14
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

upon said form.  Plaintiff and judges wife both are members of the board of real estate and do business in the same town.

## Declaration of Faith Lynn Brashear Plaintiff

## in Support of the Ex Parte Application et al.

54. I Faith Lynn Brashear, plaintiff, and make this declaration under oath as though testifying as a witness in court. I am familiar with the content of the verified complaint and its meaning.  I am familiar with the Exhibits and assert they are true and correct copies of originals or copies in my possession and understand as a lay person of their importance.  I hereby incorporate the paragraphs of my Verified Complaint as though fully set forth by reference. My Exhibits supporting this TRO application of which I have knowledge of the existence and correctness of each, include, the Note, the Deed of Trust, the Assignment of Trustee, the Notice of Default, the Notice of Trustee's Sale. The property in question is real property which is my PRIMARY RESIDENCE. My Note was incepted in 2006 and refinanced in 2007, within the time constraints of the *Perata Act,* being after January 1, 2004.

  A. The basis for this TRO is recited above and confirmed herein below:

COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983 15 FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

1. The Note was not in default at the time of the illegal recording on 12/22/2014, Exhibit #2, of the **Notice of Default** recorded by trustee HSBC

2. The provisions of the *Perata* 2008 and *Foreclosure Protection Act of 2013* were obviously violated especially Civil Code Section 2923.5, 2925.55 as there was no "contact" with me to work out any foreclosure alternative, NOR did the Notice of Default contain any Declaration of due diligence signed by any person with personal knowledge of its content. There has NOT been any pre-recordation compliance with CC§ 2923.55. [1] Under **Mabry v. Sup. Ct.**, no foreclosure is permitted and may be statutorily enjoined under existing statutes, cited, *infra*.

55. As stated above, I am personally familiar with the following facts:  I obtained a pass through loan in the sum of $1,500,000 on or about May 3rd, 2007 with monthly optional payments of aprox. $4800 (below rate at 1%) aprox. $9800 (under disclosed par fluctuating rate) $11,150 (P&I rate). In which I was granted privilege to broker said loan to myself through

---

[1]      Under the *Civil Code 2923.5(b)* and the newly enacted **CC § 2923.55(b)(1)**, now in effect, stating, "... **before a mortgage servicer, as broadly defined, may even "record" a notice of default,** the mortgage servicer must, in addition to any already existing contact or notice requirements, send to the borrower: ... a written statement that the borrower may request a copy of the promissory note, deed of trust or mortgage, any assignment of the mortgage or deed of trust, and the borrower's payment history since the borrower was last less than 60 days past due. (Civil Code §2923.55(b)(1).) [see Fn 1, *Mabry v Superior Court*].

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 16
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

Countrywide, from an undisclosed lending source.   I continue to have an interest in the property by reason of the grant deed superior as legal owner, for valuable consideration (*see Ex K*)

56. Factually, the original "lender" Countrywide was the originator of the REMIC pass-through conduit Trust to whit defendant HSBC is the trustee on behalf of the terminated REMIC where the loan was pooled within. Neither Countrywide the "servicer" nor the non-assigned trustee The Mortgage Law Firm has a basis for foreclosing since the alleged Note is <u>not in default as the terms and conditions of the Note have been satisfied based on the Note's true terms which I have complied with while the payment period was not in dispute.</u>

57. A good faith dispute has existed for nearly 7 years concerning the payment terms of the note, and its alteration by the defendant lender affecting the sums due and paid but <u>not properly credited</u>. Moreover, I was <u>under credited by escrow at closing</u> by nearly **$22,083** receiving none of the full sum I was told would be refunded from escrow and interest overpayments I made. This **<u>first miscalculation</u>** of over a full percentage of interest rate miscalculations lead to a default being claimed by the foreclosing party Recon Trust, named trustee upon the promissory note.   This discovery of

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 17
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

misidentified and illegally retained funds by the loan originator

Countrywide, is CRITICAL.

58. The **second miscalculation** I discovered involved a promise to give me a pre-default novation lowering the monthly payments under the Note from the old original P&I payment of $9500 downward by a total under a significant principle reduction HAMP that would enable the same payment as the pre-qualification of $3282.86 as documented in the Original *Complaint.* 2% at Hamp limits. $729,750 over 40 years is $2,210 plus taxes and insurance $1350 = $3560. – Expanded approvals were allowed to 35% meaning qualifying income would have been up to $3,646. *See CA 2010 assurances for significant loan reductions on Jumbo pay option arms.* Further this property was within a community under Federal investigation for falsely inflating the values for the purpose of abandoning the property. "pumping and dumping"  *(See Exhibit L)  property value history.*   It involves my discovery of the failure of the lender to credit sums paid at the closing of escrow and the failure to comply with the promise of a novated [as lawyers call it] note which at the time of this agreement the note was current.

59. The combination of discounts I was errantly denied totaled <u>12 months at</u> <u>$1,840  of overpayments due me at escrow's closing which would have</u>

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 18
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5[th,] 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

reduced my monthly payment and loan balance significantly upon the

refinance.   The APR Annual Percentage rate was deceptively and

fraudulently understated by 1.48% and the Finance Charges for the total

payments of the loan were fraudulently understated by $662,502.47.

Thus my payment schedule did not include proper credits and set offs

entitled under the Notes and the master servicers promised novation of

significant principle reductions to our CA Attorney General .  This loan was

rescinded upon discovery of these Til and Respa violations in 2009 to whit

Countrywide/ Bank of America had 21 days to correct these errors and

failed to do so.  The total errors I assert were made in 2009 total over

$662,502.47.

60. If this loan was an actual substance for substance loan the I estimate that

should have been credited to my loan over the period from 2007 to 2015

would have been $176,640 based off these 2009 assertions.  Instead it

would appear that $660,602.59 has been erroneously recorded as the

default amount as of 12/20/2014.   Further since a prior rescission of

Trustee Sale exists on title on 5/23/2014 Exhibit #8- 7 months before the

wrongful filing of the NOD on 12/22/2014 that effectively wiped out the

previous claims of $362,047.61, it would call into question how the new

NOD could have legally reached a default of $660,602.59 in just 7 months

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 19
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

time that seemingly falls in line with the estimate of TILA errors calculated

back in 2009 of <u>$662,502.47</u> in under-disclosed finance charges against a

deliberately overvalued property.

61. The appraisal to the property was falsely inflated to $2,000,000 when the

assessed value of the property showed a value of in 2007 at $1,532,009

down to $1,246,000 in 2008 months apart. Exhibit #5. This is evidence of

an over inflated value range between $467,991 to $754,000 during a

downward market.  In a normal declining market it is typical to see drops

of 3%-5% sometimes 10% over the course of a year. This is evidence of a

37.7% value drop in the course of several months which support Plaintiffs

claims of the property being used within a "pump and dump" community.

This would also mean that the finance charges were based upon a

fraudulent value of the property.

62. The 8.375% disclosed upon the Adjustable Rate Rider to the Purchase

contract would put a 30 year payment at $11,401.08 at par based upon

the $1,500,000 75%ltv.  At the 2007 valuation a 75%ltv payment would be

based of a $1,150,000 loan making that payment at that rate $8,740.83.

At the 2008 valuation a 75%ltv payment would be based off a $934,500 at

that rates would be $7,102.87.   Making additional overpayments against a

fraudulently inflated property between $2,660.25 - $4,298.21 for a total of

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 20
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5[th,] 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

12 months of overpayments between $31,923.00 - $51,578.52.  Over the course of 30 year, this sum equals an additional $957,690.00 - $1,547.355.60 of under disclosed finance charges.  See Exhibit #6.

63. Taking this one step further adding the original discovered under disclosed finance charges of $662,502.47 and adding it to these figures, you now get. $1,620,192.47-  $2,209,858.07 of undisclosed overcharged finance charges of the total payments through the life of the loan.  This works out to an underlying Interest rate roughly between 14.5% to 16.25%.  Plaintiff asserts this is masked usury.

64. Plaintiff asserts that there was also wrongfully charged the sum of about $18,000 in forced placed insurance in which Bank of America fraudulent claimed my "homeowner's insurance" had been cancelled and Specialized Loan Servicing again replaced. In fact, it was in full force and effect at the time and canceled on behalf of the bank. This too was part of the miscalculations rendering my loan being defaulted wrongly.

65. When letters were sent **disputing this issue**, no response at any time was forthcoming, nor has any been forthcoming to date. This dispute has not been resolved or mediated by the lender although I have stood ready to negotiate a resolution through multiple redress attempts until the discovery of the UCL Foreclosure Act, which would nullify any modification

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 21
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

made. I can say with full certainty that all of the lawful sums due prior to

the dispute have in fact been <u>tendered.</u>

66. The two fundamental bases for the foreclosure TRO and OSC re:

injunction are stated above, A. factually I was not in default under any

construction of my loan and, B. the foreclosing defendants did NOT follow

the code and no foreclosure is allowed.

67.     FIRST, as of this date <u>no "contact" including as required under the</u>

<u>provisions of Civil Code section 2923.5 or 2923.55, et al., I cited under</u>

<u>*footnotes*, and *Points and Authorities*, i.e., there has been no due diligent</u>

<u>"contact" received by me in any manner to try to work out any alleged</u>

<u>default deficiency or foreclosure alternative as spelled out in the code</u>

<u>mentioned.</u>

68. SECOND, defendant foreclosing bank has violated the provisions of

2923.55(b)(1) by illegally recording a notice of default **prior to** <u>making the</u>

<u>contact</u> required under other provisions of this same code. [See Points and

Authorities] This is an illegal act. Moreover, because no contact was made

and I was <u>denied any opportunity to apply for a modification and to review</u>

<u>my loan documents,</u> to which I am statutorily entitled. This too, is illegal.

69. **<u>Several parts of the 2013 statutes are in play that were violated</u>**.  In

support, I cited: Damages (Civil Code §2924.19): Damages (Civil Code

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 22
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

§2924.12 (Section 16))  "Prior to a trustee's sale, a borrower may bring an

injunctive action against a mortgage servicer for a material violation of

Civil Code Sections 2923.55 (borrower outreach and declaration of contact

or due diligence), 2923.6 (dual track prohibition and loan modification

application denial and appeal)(by prior servicer), 2923.7 (single point of

contact), 2924.9 (notice to a borrower that has not applied for a loan

modification), 2924.10 (loan modification review process), 2924.11 (dual

track prohibition and prohibition against application or late fees) or

2924.17 (review of foreclosure documents).

70. I have lived at the same address since purchasing the subject property in

2006 with the exception of a interim relocation to WA from 2009-2012 to

address my husbands cancer treatments, at no times did I relinquish

ownership of this property and my mail is received thereat at all times.

There is no reason for the lack of contact prior to recordation of a NOD or

lack of offer of modification or denial of the right to modification.

71. The only response by the non-bank servicer is that they did their due

diligence to an outdated PO box, when the last know record was recorded

in Plaintiffs 2012 complaint updated to reflected the address of 1095

Lowry Ranch Road Corona CA 92881.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 23
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

72. The above shows a clear violation of  CC § 2923.55(b) **failure to contact**

**the borrower, me, and secondly,  failure to include in the recorded**

**Notice of Default any Declaration of due diligence authored by someone**

**with personal knowledge of the facts as required under that law and the**

*Mabry* **case, I cited, above.** In addition, I allege further that:

a. The **NOTE payments are not factually nor provably late**, thus

the NOD is *premature* and defective as a matter of law;

b. No required **notices of default** under the Civil Code have been

properly given, sent or mailed the owner Trust, [even if the Note,

arguably, was to be show to be in default] including the Notice of Default

and those notices required under *Fn 1* to this application already cited to

this court.

73.      The original lender's successor in interest HSBC and its servicer

Defendant SLS and trustee Defendant the Mortgage Law firm who is

claiming the right to foreclose, none of whom has either "contacted the

borrower" as CC § 2923.55 **requires,** nor attached any "declaration" also

as required. Nor has the advisory information about "contact" with the

borrower and providing a "written statement that borrower may request a

copy of certain documents [see para 10, infra, in violation of CC §

2923.55(b)(1) discussed, below.  The language of the two statutes is

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 24
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

couched in "shall" language. *Mabry* and *Castillo* supports this direct

consequence that the <u>foreclosure cannot proceed</u>.

74.     To respectfully repeat, Defendants have violated a critical requirement

[among several]:

75.        Under the *Civil Code 2923.5(b)* and the newly enacted in 2013 **CC §**

**2923.55(b)(1)**, now in effect, stating, "... **before a mortgage servicer, as**

**broadly defined, may even "record" a notice of default**, the mortgage

servicer must, in addition to any already existing contact or notice

requirements, send to the borrower: ... a written statement that the

borrower may request a copy of the promissory note, deed of trust or

mortgage, any assignment of the mortgage or deed of trust, and the

borrower's payment history since the borrower was last less than 60

days past due. (Civil Code §2923.55(b)(1).** [see Fn 1, *Mabry v Superior*

*Court*]. **<u>This was never done</u>** by their agents or assigns or any other entity

concerning the Trust's property.  I have received nothing of contact prior

to the recordation of the Notice of Default recorded in 2014 by mail which

I would have received at my residence address at which I have been

residing as my PRIMARY RESIDENCE as outlined herein, nor received any

phone call to my home phone number 951-268-4042 which I have had

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 25

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,

5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

continuously since 2012 from any lender, loan servicer, trustee or agent of any to date.

76. Please let the TRO and preliminary injunction issue forthwith as required by law.  I have already lost two houses from bank frauds with no relief; this is our home.  We hand painted murals of Unicorns and Princess castles in a room with clouds for our daughter, it is most endearing and would devastate us.

77. Your Honor seven years is long enough to seek a compromise for restructure. The banks have no intention of honoring state or federal assurances and I have shown these courts numerous times their outright contempt of the law.  Defendants have not suffered any financial loss from this loan and would suffer no injury by this TRO, while I would suffer unjustly should it not be granted.  Defendants and the TRUST are not beneficiaries under the DOT. Defendants have no right to declare a default and no right to attempt to consummate a foreclosure, as described Infra. These contracts were not equitable at any level.

### CONSTITUTIONAL VIOLATIONS

78. Defendant's actions were enabled by the repeal of specific portions of the Glass-Steagall Act by the 1999 Gramm–Leach–Bliley Act.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 26
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,] 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

79. These repeals allowed the bypassing of the secondary security market by the use of phantom funded promissory notes as un-backed bearer notes broken down for the purpose of certificate issuance to investors.

80. Plaintiff alleges and asserts that the future value of her properties were collateralized for the purpose of Defendants receiving enrichment against these estates future value.

81. Plaintiff alleges and asserts that the future value of the properties of the General Public were collateralized for the purpose of Defendants receiving enrichment against these estates future value.

82. Plaintiff alleges and asserts that the certificates issued to obtain this enrichment were attached to the manipulated LIBOR index.

83. Plaintiff alleges and asserts that the trademark system created to track these events is known as the Mortgage Electronic Registration System.

84. Plaintiff alleges and asserts that the privileged Membership to utilize this system is via MERSCORP.

85. Plaintiff alleges and asserts that MERSCORP holds the MERS trademark system.

86. Plaintiff alleges and asserts that MERSCORP is the enterprise through whom industry members operate the MERs system.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 27
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

87. Plaintiff alleges and asserts that a system is either a set of connected things or parts forming a complex whole or a set of principles or procedures according to which something is done; an organized scheme or method.

88. Plaintiff alleges and asserts that a system, by definition, is NOT a legal beneficiary.

89. Under Article III of the United States Constitution, a plaintiff must have sustained some injury in fact in order to have a justiciable "case controversy"., ie in order to have standing and jurisdiction to bring a suit in federal court.

90. The Supreme Court has stated, in defining what is sometimes referred to as a "Lujan injury", that "over the years, our cases have established that the irreducible Constitutional minimum of standing contains three elements.

    (1) He must show he suffered or is in imminent danger of suffering an actual, concrete injury,

    (2) proximity caused by the [mis] conduct of the Defendant

    (3) that the court has jurisdiction over parties and issues necessary to redress the injury.  U.S. CONST. art II, § *Lujan v. Defenders of      Wildlife,*

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 28

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

504 U.S. 555,560 (1992); see also *Massachusetts v. Mellon,* 262 U.S. 447,488 (1923)

91. Plaintiff alleges and asserts that she had been damaged

92. Plaintiff alleges and asserts that she is being damaged

93. Plaintiff alleges and asserts that she is in imminent danger of further damage.

94. Plaintiff alleges and asserts that she is proximity by Defendants actions through granted privilege to solicit properties for the used in this system.

95. Plaintiff alleges and asserts that she is proximity through implied partnership by her signature upon her properties defective contracts.

96. Plaintiff alleges and asserts that these courts hold jurisdiction necessary to redress the injuries.

97. **Article Six, Clause 2 of the United States Constitution** has been violated.

98. Plaintiff has the right to say what she wants **and to be heard**.

99. Plaintiff has the right to represent herself 'pro per'

100.    Plaintiff has <u>the **right to object to any statement by the judge**</u> and/or prosecutor.

101.    **Plaintiff has the right to Recluse a judge**

102.    Plaintiff alleges and asserts that Plaintiffs 1st Amendments rights have been violated.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 29
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

103.   Plaintiff has the right to a fair trial.

104.   Plaintiff has the right to due process of the law (trial), before she is deprived of any liberty, property, or money.

105.   Plaintiff alleges and asserts that Plaintiffs 5th Amendment rights have been violated.

106.   Plaintiff has the right to call Witnesses to assist her defense.

107.   Plaintiff has the right to face witnesses against her.

108.   Plaintiff has the right to demand that the court place in evidence, any unrevealed contract, statute, law, rule, or information being withheld or used against her.

109.   Plaintiff alleges and asserts that Plaintiffs 6th Amendments rights have been violated.

110.   Plaintiff has the right to challenge all relevant laws in terms of their intent, interpretation, fairness, enforcement, and whether they Serve and Protect the People of her State.

111.   Plaintiff alleges and asserts that Plaintiff has the right to personal liberty under the 13th Amendment

112.   14th Amendment Section 1 States: *No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of*

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 30
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

*life, liberty, or property, without due process of law; nor deny*

*to any person within its jurisdiction the equal protection of the*

*laws.*

113.   Plaintiff alleges and asserts that Plaintiffs 14th Amendments rights have

been violated.

## OBSTRUCTION OF JUSTICE

114.   Plaintiff alleges and asserts that Plaintiff has been denied due process.

115.   Plaintiff alleges and asserts that Violations under 18 U.S. Code § 242 -

Deprivation of rights under color of law have been documented.

116.   Plaintiff makes an additional declaration under Title 42 United States

Code standard 1983 and further asks for Relief of all orders made in

violation of these Lands Laws.

117.   Plaintiff alleges and asserts that a Superior Court Judge has acted

against his constitutional oath of office 5 U. S. C. § 3331.

118.    Plaintiff alleges and asserts that a Superior Court Judge has holds a

documented conflict of interest with Plaintiff.

119.   Plaintiff alleges and asserts that a Superior Court Judge held oversight

and rulings over Plaintiffs state case.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 31
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

120.    Plaintiff alleges and asserts that the Model of Judicial Conduct has been compromised at inferior courts.

121.    Plaintiff further alleges and asserts that the severity of this conflict compromises the safety and welfare of the general public.

*122.*    Plaintiff alleges and asserts that Cannon laws have been/ are being violated.  *Cannon 3 - Rule 3.11 (B)(2)(B)(4) - Rule 3.5 use of non public information for Rule 3.13 (A) A judge shall not accept any gifts, loans, bequests, **benefits**, or other things of value, if acceptance is prohibited by law\* or would appear to a reasonable person to undermine the judge's independence,\* **integrity,\*** or **impartiality.\****

123.    Plaintiff alleges and asserts that Graft benefits are being received from Defendants at inferior courts.

124.    Plaintiff alleges and asserts that the integrity of inferior courts has been compromised.

125.    Grafts includes the fraudulent obtaining of public money by the corruption of public officials[ii] through which under [i] Plaintiff has the absolute right to question this judged integrity based upon his actions in the inferior court.

126.    Plaintiff brought suit against Defendant HSBC, SLS and The Mortgage Law Firm.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 32
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

127.    Plaintiff alleges and asserts that the COA was procedural.

128.    Plaintiff alleges and asserts that the COA was not res jurisdiction.

129.    Plaintiff alleges and asserts that the COA was never raised.

130.    Plaintiff alleges and asserts that the COA was never challenged.

131.    Plaintiff alleges and asserts that the COA was brought to test the

integrity of these courts.

132.    Plaintiff alleges and asserts that the COA was TILA et seq. rescission

under the Jesnoski ruling. *See . Jesinoski v. Countrywide Home Loans, Inc*

*729 F. 3d 1092*

133.    Plaintiff alleges and asserts that the judge based his decision to

dissolve a granted TRO upon the arguments of past pleadings not before

the court.

134.    Plaintiff alleges and asserts that Plaintiff was entitled to the relief

under TILA 1635 et seq as follows:

1-An order to vacate the recession did not exist.

2-The recession was delivered within statues.

3-The recession was never challenged.

135.    Plaintiff alleges and asserts that Regulation Z made it clear that,

Plaintiff as Pro Se, had the extended right and choose to exercise it in

2009, upon the discovery that the APR Annual Percentage rate upon a

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 33
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

phantom funded loan was deceptively and fraudulently understated by 1.48% .

136.   Regulation Z made it clear that, Plaintiff as Pro Se, had the extended right and choose to exercise it, upon the discovery in 2009, that the Finance Charges upon a phantom funded loan were fraudulently understated by $662,502.47.

137.   Under the rights of recession the tolerance for a recession upon a presumed refinanced loan in a foreclosure action is allowable when an interest charge 12 C.F.R. § 226.23 (h) (2)(i) is understated by no more than $35; under **Truth in Lending Act**, 15 U.S.C. § 1635 et seq., and Federal Reserve Board **Regulation Z**, 12 C.F.R. § 226.23.

138.   The California Supreme courts held that the security interest and obligation to pay charges have been automatically voided per operation of law upon delivery of the recession.

139.   Plaintiff alleges and asserts that rescissions existed upon all plaintiffs' properties.

140.   Plaintiff alleges and asserts that all Defendants ignored all rescissions.

141.   Plaintiff alleges and asserts that Defendants never held an equitable loan under a substance for substance  agreement.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 34
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

142.   Plaintiff alleges and asserts that it STILL remained a legal impossibility for Defendants past or present hold an equitable loan under a substance for substance agreement.

143.   CC 2924(g)(d) prevents foreclosure sales from happening following a dismissal of an action brought by the borrower.

144.   Plaintiff alleges and asserts that Plaintiff has repeatedly, openly and actively has dismissed these loans.

145.   There is a private right of action implied in CC § 2924(g)(d), as it would be rendered useless without one.

146.   Plaintiff hereby re-asserts that per the power granted to her through Congress, Defendants alleged phantom funded loans, are automatically void by operation of law.

147.   Plaintiff alleges and asserts that phantom funded loans that masked a net advance went beyond Defendants scope of business.

148.   Plaintiff alleges and asserts that phantom funded loans that masked a net advance is Ultra Vires.

149.   Plaintiff alleges and asserts that Defendants held no constitutional authority for foreclose upon plaintiff.

150.   Plaintiff alleges and asserts that Defendant's hold no constitutional authority for foreclose upon plaintiff.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 35
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

151.   Plaintiff alleges and asserts that No substance for substance agreement was entered into.

152.   Plaintiff alleges and asserts that No loan was funded.

153.   Plaintiff alleges and asserts that No mortgage was created.

154.   Plaintiff alleges and asserts that it is a legal impossibility to secure a net advance against plaintiff's property.

155.   Plaintiff alleges and asserts that Plaintiff holds original interests in the assets use for common stock through superior title.

156.   Plaintiff alleges and asserts that she is entitled to this interest as the superior holder of the original asset.

157.   Plaintiff alleges and asserts that her superior interests of her properties supersede/superseded Defendants interest in her property.

158.   Plaintiff alleges and asserts that MERS has relinquished all beneficiary rights upon all her properties.

159.   Plaintiff alleges and asserts that no legal beneficiary exists on any of her properties.

160.   Plaintiff alleges and asserts that **reversionary interest** is an **interest** that reverts back to the settlor of a trust once a beneficiary's **interest** has come to an end.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 36
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

161.   Plaintiff alleges and asserts that she has asserted reversionary interests in her properties.

162.   Plaintiff alleges and asserts that she is entitled to restitution.

## INFERIOR COURTS JUDICIAL MISCONDUCT

163.   Plaintiff withdrew suit after overt displays of judicial misconduct.

164.   Plaintiff alleges and asserts that Judicial misconduct included but was not limited to violation of Supremacy Laws.

165.   Plaintiff alleges and asserts that Judicial misconduct included but was not limited to ruling based on past pleadings with different defendants on different COA not before the courts.

166.   Plaintiff alleges and asserts that Judicial misconduct included but was not limited to ruling against a Supreme Court Law of the Land ruling to dissolve a TRO in order to move the home towards a wrongful foreclosure. See *Jesinoski v. Couintrywide.*

167.   Plaintiff alleges and asserts that Judicial misconduct included but was not limited to allowing a motion to strike delivered 2 days before a hearing to stand upon an oversight of missing of page numbers upon the opposition.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 37
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

168.    Motions to strike require 30 day notice, not negative 48 hours, to

respond.

169.    Plaintiff alleges and asserts that the Judge refused to recluse himself

upon a 170.6 preemptive challenge.

170.    Plaintiff alleges and asserts that 170.6 clearly states that if prejudice

exists to the point where a fair or impartial trial cannot be achieved, then

by law the judge MUST step down.

171.    Plaintiff alleges and asserts that 170.6 states this motion can be filed at

least 10 days before a trial or hearing.

172.    **Plaintiff alleges and asserts that Both Plaintiff and Superior Court**

**Judge Daniel A Ottolia's wife are on the same board of realtors.**

*173.*    Protocol under 170.6 (4) states: *If the motion is duly presented, and the*

*affidavit or declaration under penalty of perjury is duly filed or an oral*

*statement under oath is duly made, thereupon and without any further act*

*or proof, the judge supervising the master calendar, if any, shall assign*

*some other judge, court commissioner, or referee to try the cause or hear*

*the matter.*

174.    Plaintiff alleges and asserts that the motion was duly presented.

175.    Plaintiff alleges and asserts that the affidavit/ declaration was duly

made.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 38
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

176.   Plaintiff alleges and asserts that without further proof needed a new judge was requested.

177.   Plaintiff alleges and asserts that the reasons given for refusal were that plaintiff would have had to known about the conflict within 30 days of filing suit.

178.   Plaintiff alleges and asserts that Judge Daniel A. Ottolia has breached his Constitutional Oaths

179.   Plaintiff alleges and asserts that Judge Daniel A. Ottolia has violated supremacy laws

180.   Plaintiff alleges and asserts that Judge Daniel A. Ottolia is the lead justice at the Riverside Superior Court

181.   Plaintiff alleges and asserts that Judge Daniel A. Ottolia has compromised the integrity of the Riverside Superior Court.


**DOCUMENTED CONFLICT OF INTERST/ VESTED INTEREST**

182.   Plaintiff alleges and asserts that Judge Daniel A. Ottolia holds a position of authority in conflict of the safety and welfare of the General Public further outlined below.

183.   Plaintiff withdrew suit over these sever conflicts of interest.


**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 39 FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

184.   Plaintiff alleges and asserts that these conflicts of interest extend to the safety and welfare of the general public.

185.   Plaintiff alleges and asserts that Judge Daniel A. Ottolia is fully aware of these conflicts.

186.   Plaintiff alleges and asserts that both Plaintiff and Superior Court Judge Daniel A Ottolia's wife work in the same town where Plaintiffs property is located.

187.   Plaintiff alleges and asserts that Superior Court Judge Daniel A Ottolia's reports a vested ownership interest in the Real Estate Company his wife hangs her license under.

188.   Plaintiff alleges and asserts that the general description of the business activity Superior Court Judge Daniel Alexander Ottolia lists is Real Estate Sales.

189.   Plaintiff alleges and asserts that the fair market value of the business Entity Superior Court Judge Daniel Alexander Ottolia lists is between $2000-$10000.

190.   Plaintiff alleges and asserts that the form Superior Court Judge Daniel Alexander Ottolia submitted evidences Ownership interest is as follows:

First Team – Liz Ottolia.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 40
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

191.    Plaintiff alleges and asserts that on 3/17/05 Liz Ottolia was licensed by

the California Department of Real Estate

192.    Plaintiff alleges and asserts that said Real Estate company office in

Corona received over 350 REO bank referrals from the majority of these

Defendants.

193.    Plaintiff alleges and asserts that Plaintiff personally verified this

information from the following sources

A-Chain of Title reports showing the previous foreclosed owner

B- Internal MLS (Multiple Listing Services) records accessible by

Real Estate Broker membership.

C- Public court records of the court cases these past owners

were involved in.

194.    Plaintiff alleges and asserts that the named Real Estate Company upon

the CA Form 700 is First Team Real Estate 200 SOUTH MAIN STREET STE

100 CORONA, California Zip:92882.

195.    Plaintiff alleges and asserts that the licensing type for Liz Ottolia was

Salesperson.

196.    Plaintiff alleges and asserts that the license expiration for Liz Ottolia is

3/16/17.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 41
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

197.    Plaintiff alleges and asserts that the Employing Broker for Liz Ottolia is First Team Real Estate Corporate office in Orange .

198.    Plaintiff alleges and asserts that the Employing Brokers address for Liz Ottolia is 108 Pacifica #300 Irvine CA 92618.

199.    Plaintiff alleges and asserts that the Branch office of First Team Real Estate through which Liz Ottelia works is 200 S. Main Street 100 Corona CA 92789.

200.    Plaintiff alleges and asserts that the Branch office through which Superior Court Judge Daniel Alexander Ottolia wife works is the same address Superior Court Judge Daniel Alexander Ottolia discloses he owns 10% or greater ownership interest in.

201.    Plaintiff alleges and asserts that the First Team Real Estate office at this address has several office identification numbers.

202.    Plaintiff alleges and asserts that the First Team Real Estate Corporate office is located in Irvine where the Employing broker holds Liz Ottelia's real estate license.

203.    Plaintiff alleges and asserts that the First Team Real Estate have 1573 agents and 4 designated officers. First Team Real Estate has 29 DBA's and 36 franchise offices located in various cities: Anaheim, Arroyo Grande, Bakersfield, Beverly Hills, Big Bear, Cathedral City, Corona, Fullerton,

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 42
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

Huntington Beach, Irvine, Ladera Ranch, Laguna Beach, Laguna Niguel,

Long Beach, Palm Desert, Oceanside, Marina Del Ray, Mission Viejo,

Newport Beach,Pasadena, Palm Springs, San Clemente, San Diego, Seal

Beach, Sunset Beach, Temecula, Tustin, Yorba Linda, Valencia, and

Westlake.

204.   Plaintiff alleges and asserts that the First Team office located at 200 S.

Main Street STE 100, Corona CA 92882 has the following office codes

where they upload this information into the Multiple Listing Services

(MLS). IWGP , PB489 and KFTM02.

205.   Plaintiff alleges and asserts that Plaintiff has reviewed 100 out of the

371 REO listings under the above office codes.

206.   Plaintiff alleges and asserts that Over 85% have obvious court cases

attached to the foreclosed owner of the REO's.

207.   Plaintiff alleges and asserts that there are over 3,000 REO's being

transferred to the aforementioned Real Estate Company's branch offices.

208.   Plaintiff alleges and asserts that additional Court cases as far down into

San Diego have been identified in Defendants REO transfers.

209.   Plaintiff alleges and asserts that Constitutional oaths have been

broken.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 43
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

210.   Plaintiff alleges and asserts that Due process has not only been denied

Plaintiff, it has been denied to the general public.

211.   Plaintiff alleges and asserts that many of these REO properties had

blighted loans.

212.   Plaintiff alleges and asserts that many of the REO properties held

defective contracts.

213.   Further Plaintiff alleges and asserts that Defendants #1-5 prior council

laid claims at State Supreme Court, recon trust was the acting trustee.

214.   Plaintiff alleges and asserts that Defendants #1-5 prior council

consurently laid claims The Mortgage Law firm was the acting trustee at

the Superior court.

215.   Plaintiff alleges and asserts that that this type of judicial behavior is

NOT acceptable.

**NO LEGAL STADING**

216.   To establish a prima facie case in an action to foreclose a mortgage, the

bank must establish "the existence of the mortgage and mortgage note,

ownership of the mortgage and note, **and the Defendant's default in**

**payment.**" *Campaign v. Barba*, 23 AD3d 327 (2nd Dept. 2005).

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 44
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

217.   Plaintiff alleges and asserts that a mortgage does/did not exist on any of plaintiff's property.

218.   Plaintiff alleges and asserts that a mortgage note does/did not exist on any of plaintiff's property.

219.   Plaintiff alleges and asserts that Defendants do not hold a mortgage.

220.   Plaintiff alleges and asserts that Defendants do not hold a mortgage note.

221.   Plaintiff alleges and asserts that Plaintiff was NEVER in default.

222.   Plaintiff alleges and asserts that Defendants CANNOT set condition precedent to enact a foreclosure.

223.   Plaintiff alleges and asserts that the Purchase and Sale Agreement (PSA) to the REMIC is the insurance existing specifically to protect the banks from homeowner's default upon these phantom funded loans.

224.   Plaintiff alleges and asserts that it is a legal impossibility to default upon a net advanced pass through REMIC.

225.   Plaintiff alleges and asserts that By the PSA terms, the Master Servicer always pays any alleged "defaulting mortgage" and other fees, including real estate taxes.

226.   Logically, if the bank is never funded the loan and/or the bank is paid there is no default or damage to the bank.

COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983 45
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

227.   Question before the court... How can a loan be in default if the servicer advanced every alleged payment to cover any alleged default, bearing in mind that the fund utilized for the transaction itself were pass-through net advances, and not banks funding's.

228.   Plaintiff alleges and asserts that it is/was a legal impossibility for Defendants to establish a prima facie case.

229.   Plaintiff alleges and asserts that Defendants have/are conducting wrongful fictitious foreclosures.

**PLAINTIFFS CALIFORNIA PROPERTY**

**(Outline of Perpetuated Damages)**

*230.*   Plaintiff obtained a pass through net advanced phantom funded loan in the sum of $1,500,000 on or about May 3rd, 2007 with monthly optional payments of aprox. $4800 (below rate at 1%) aprox. $9800 (under disclosed par fluctuating rate) $11,150 (P&I rate).

*231.*   Plaintiff was granted privilege to broker clients, including herself, through Countrywide.

*232.*   Plaintiff continued to hold superior interest in the property by reason of the grant deed as legal owner, for valuable consideration.

COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983  46
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

233.      Factually, the original "lender" Countrywide was the originator of the Mortgage Loan Trust which pooled funding into an assigned REMIC pass-through conduit where as defendant HSBC is the trustee on behalf of the REMIC which has since been terminated.

234.      Neither Countrywide the "servicer" nor the "alleged" trustee The Mortgage Law Firm, has established conditions precedent for foreclosing.

235.      The alleged Note was incapable of being _in default as the terms and conditions of the Note have been satisfied based on the Note's true terms, which I have complied with while the payment period was not in dispute._

236.      Plaintiff asserts that a good faith dispute has existed for nearly 7 years concerning the bad faith of the defendants of the following issues:

1) payment terms of the note,

2) The notes alteration by the alleged lender affecting the sums due and paid but not properly credited.

3) The under credited by escrow at closing by nearly **$22,083** receiving none of the full sum I was told would be refunded from escrow and interest overpayments I made.

4) The NON-Funding of alleged Lenders actual loan.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 47 FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

237.    Plaintiff alleges and asserts this **first miscalculation** of over a full percentage of interest rate miscalculations lead to a TRIGGERED default being claimed by the foreclosing initial party Recon Trust, named trustee upon the promissory note.   This discovery of misidentified and illegally retained funds by the loan originator Countrywide, is CRITICAL.

238.    Plaintiff alleges and asserts the **second miscalculation** discovered involved a promise to give me a pre-default modification lowering the monthly payments under the Note from the old original P&I payment of $9500 downward by a total under a significant principle reduction HAMP that would enable the same payment as the pre-qualification of $3282.86 as documented in the Original *Complaint*.  Example:

      2% at Hamp limits. $729,750 over 40 years is $2,210 plus taxes and insurance $1350 = $3560. – Expanded approvals were allowed to 35% meaning qualifying income would have been up to $3,646. *See CA 2010 assurances for significant loan reductions on Jumbo pay option arms.*

239.    Further, Plaintiff alleges and asserts that this property was within a community under Federal investigation for falsely inflating the values for the purpose of abandoning the property. "pumping and dumping"

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 48
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

240.        Plaintiffs initial complaints involved her discovery of the failure

of the lender to credit sums paid at the closing of escrow and the failure to

comply with the promise of a modified note which at the time of this

agreement the note was current.

241.        The combination of discounts Plaintiff was errantly denied

totaled <u>12 months at $1,840 of overpayments due me at escrow's closing</u>

<u>which would have reduced my monthly payment and loan balance</u>

<u>significantly upon the refinance.</u>

242.        Plaintiff's holds discoveries of the APR Annual Percentage rate

deceptively and fraudulently understated by 1.48%

243.        Plaintiff's holds discoveries of the Finance Charges for the total

payments of the loan were fraudulently understated by $662,502.47.

244.        Plaintiff alleges and asserts that her payment schedule did not

include proper credits and set offs entitled under the Notes and the

master servicers promised novation of significant principle reductions to

our CA Attorney General .

245.        Plaintiff rescinded all alleged loans upon discovery of these Til

and Respa violations in 2009.   Countrywide/ Bank of America had 21 days

to correct these errors and failed to do so.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 49
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

246.　　　Plaintiff's alleges and asserts that the total errors I assert were made in 2009 total over $662,502.47.

247.　　　Plaintiff's alleges and asserts that if this loan was an actual substance for substance loan plaintiff should have been <u>credited to this alleged loan</u> over the period from 2007 to 2015 would have been $176,640 based off these 2009 assertions.

248.　　　Plaintiff's alleges and asserts that instead it would appear that $660,602.59 has been erroneously recorded as the default amount as of 12/20/2014.

249.　　　Plaintiff's alleges and asserts that since a prior rescission of Trustee Sale exists on title on 5/23/2014 seven months before the wrongful filing of the NOD on 12/22/2014 that effectively wiped out the previous claims of $362,047.61, it would call into question how the new NOD could have legally reached a default of $660,602.59 in just seven months time that seemingly falls in line with the estimate of TILA errors calculated back in 2009 of <u>$662,502.47</u> in under-disclosed finance charges against a deliberately overvalued property.

250.　Plaintiff's alleges and asserts that the appraisal to the property was falsely inflated to $2,000,000 when the assessed value of the property

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 50 FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

showed a value of in 2007 at $1,532,009 down to $1,246,000 in 2008 months apart.

251.   Plaintiff's alleges and asserts that this evidences an over inflated value range between $467,991 to $754,000 during a downward market.

Example:

In a normal declining market it is typical to see drops of 3%-5% sometimes 10% over the course of a year. This is evidence of a 37.7% value drop in the course of several months which support Plaintiffs claims of the property being used within a "pump and dump" community.

252.   Plaintiff's alleges and asserts that this would also mean that the finance charges were based upon a fraudulent value of the property, thus reflecting actual damage in the monthly payments themselves.   Example:

1) The 8.375% disclosed upon the Adjustable Rate Rider to the purchase contract would put a 30 year payment at $11,401.08 at par based upon the $1,500,000 75% LTV

2) The 2007 valuation a 75%ltv payment would be based of a $1,150,000 loan making that payment at that rate $8,740.83.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 51
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

3) The 2008 valuation a 75%ltv payment would be based off a

$934,500 at that rates would be $7,102.87.

253.    Plaintiff's alleges and asserts that this is **ACTUAL DAMAGE** from

additional overpayments against a fraudulently inflated property between

$2,660.25 - $4,298.21 for a total of 12 months of overpayments between

$31,923.00 - $51,578.52.

254.    Plaintiff's alleges and asserts that over the course of 30 year, this sum

equals an additional $957,690.00 - $1,547.355.60 of under disclosed

finance charges **UPON A LOAN NEVER LENT.**

255.    Plaintiff's alleges and asserts that Taking this one step further adding

the original discovered under disclosed finance charges of $662,502.47

and adding it to these figures, you now get. $1,620,192.47-

$2,209,858.07 of undisclosed overcharged finance charges of the total

payments through the life of the loan. This works out to an underlying

Interest rate roughly between 14.5% - 16.25%.

256.        Plaintiff alleges and asserts this is **masked usury**.

257.        Plaintiff's alleges and asserts that there was also wrongfully

charged the sum of about $18,000 in forced placed insurance in which

Bank of America fraudulent claimed my "homeowner's insurance" had

been cancelled and Specialized Loan Servicing again replaced. In fact, it

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 52
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

was in full force and effect at the time and canceled on behalf of the bank. This too was part of the miscalculations rendering my loan being defaulted wrongly.

258.    Plaintiff's alleges and asserts that when letters were sent **disputing these issue**, no response at any time was forthcoming, nor has any been forthcoming to date. This dispute has not been resolved or mediated by the lender although Plaintiff have stood ready to negotiate a resolution through multiple redress attempts.

259.    Plaintiff's alleges and asserts that, as of this date no "contact" including as required under the provisions of Civil Code section 2923.5 or 2923.55, et al., i.e., there has been no due diligent "contact" received by plaintiff in any manner to try to work out any alleged default deficiency or foreclosure alternative as spelled out in the code mentioned.

260.    Plaintiff's alleges and asserts that, defendant foreclosing bank has violated the provisions of 2923.55(b)(1) by illegally recording a notice of default **prior to** making the contact required under other provisions of this same code.

261.    Plaintiff's alleges and asserts that this is an illegal act. Moreover, because no contact was made and plaintiff was denied any opportunity to

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 53 FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

apply for a modification and to review my loan documents, to which she

was statutorily entitled. This too, was illegal.

262.    Plaintiff's alleges and asserts that **Several parts of the 2013 statutes**

**are in play that were violated**.  In support, plaintiff cites: Damages (Civil

Code §2924.19): Damages (Civil Code §2924.12 (Section 16)  "Prior to a

trustee's sale, a borrower may bring an injunctive action against a

mortgage servicer for a material violation of Civil Code Sections 2923.55

(borrower outreach and declaration of contact or due diligence), 2923.6

(dual track prohibition and loan modification application denial and

appeal)(by prior servicer), 2923.7 (single point of contact), 2924.9 (notice

to a borrower that has not applied for a loan modification), 2924.10 (loan

modification review process), 2924.11 (dual track prohibition and

prohibition against application or late fees) or 2924.17 (review of

foreclosure documents).

263.    Plaintiff's alleges and asserts that she had lived at the same address

since purchasing the subject property in 2006 with the exception of a

interim relocation to WA from 2009-2012 to address her husbands cancer

treatments, at no times did she relinquish ownership of this property and

her mail is received thereat at all times.  There is no reason for the lack of

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 54
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5[th,] 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

<u>contact prior to recordation of a NOD</u> or lack of offer of modification or denial of the right to modification.

264.        Plaintiff's alleges and asserts that dispite the fact the hold no constitutional leg to even stand upon by asserting that funds were ever lent by the alleged lender, the above shows a clear violation of CC § 2923.55(b) **failure to contact the borrower, me, and secondly, failure to include in the recorded Notice of Default any Declaration of due diligence authored by someone with personal knowledge of the facts as required under that law and the *Mabry* case, I cited, above.** In addition, Plaintiff allege further that:

> a. The **NOTE payments are not factually nor provably late**, thus the NOD is *premature* and defective as a matter of law;

> b. No required **notices of default** under the Civil Code have been properly given, sent or mailed the owner Trust, [even if the Note, arguably, was to be show to be in default] including the Notice of Default and those notices required under *Fn 1* to this application already cited to this court.

> c. The original lender's successor in interest defendant HSBC and its servicer SLS and trustee The Mortgage Law firm who is claiming the right to foreclose, none of whom has either "contacted the borrower"

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 55 FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

as CC § 2923.55 requires, nor attached any "declaration" also as

required. Nor has the advisory information about "contact" with the

borrower and providing a "written statement that borrower may

request a copy of certain documents infra, in violation of CC §

2923.55(b)(1) discussed in below.

265.     Plaintiff's alleges and asserts that the language of the two statutes is

couched in "shall" language. *Mabry* and *Castillo* supports this direct

consequence that the <u>foreclosure cannot proceed</u>.

266.     To respectfully repeat, Defendants have violated a critical

requirement [among several]:

267.     Under the *Civil Code 2923.5(b)* and the newly enacted in 2013

**CC § 2923.55(b)(1),** now in effect, stating, "... <u>**before a mortgage servicer,**</u>

<u>**as broadly defined, may even "record" a notice of default,**</u> **the   mortgage**

**servicer must, in addition to any already existing contact or notice**

**requirements, send to the borrower: ... a written  statement that the**

**borrower may request a copy of the promissory note, deed of trust or**

**mortgage, any assignment of the mortgage or deed of trust, and the**

**borrower's payment history since the borrower was last less than 60**

**days past due. (Civil Code §2923.55(b)(1).)** [see Fn 1, *Mabry v Superior*

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 56
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

*Court*]. **This was never done** by their agents or assigns or any other entity concerning the "Trust's property".

268.   Plaintiff's alleges and asserts that Defendants stopped trying to notify plaintiff when plaintiffs realized there was NO LOAN in effect from Defendants to notify that plaintiff was in default upon.

269.   Plaintiff alleges and asserts that Bank of America prior to transferring a nunc-pro-tunct  null, void, phantom funded loan, they actually committed Duel Tracking while in an open law suit.  Plaintiff had no idea at that time of the judicial peacekeepers vested interest in the outcome of her case.

270.   **Plaintiff's alleges and asserts that DEFENDANTS ARE AWARE THEY ARE ATTEMPTING TO ENACT AN FICTICIOUS FORECLOSUE UPON A PROPERTY THEY HOLD NO CONSTITUTIONAL AUTHORITY TO DO SO.**

271.   Plaintiff's alleges and asserts that you cannot force a foreclosure upon the Collateralized Debt Obligations of Defendants Dirty Deeds.

272.   Plaintiff alleges and asserts that The Mortgage Law Firm PLC is alleging they are the new trustee (of a voided phantom funded loan) for the property located at 1095 Lowry Ranch Road, Corona, CA 92881.

273.   Plaintiff alleges and asserts that No loans exist on the property located at 1095 Lowry Ranch Road, Corona, CA 92881.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 57
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5[th,] 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

274.   Plaintiff alleges and asserts that The Mortgage Law Firm PLC refuses to provide evidence of the alleged unrecorded Trustee assignment.

275.   Plaintiff alleges and asserts that The Mortgage Law Firm PLC refuses to produce an auctioneers bond that would allow them to conduct a legal foreclosure.

276.   Plaintiff alleges and asserts that The Mortgage Law Firm PLC refuses to provide any evidence establishing color of title let alone a chain of title.

277.   Plaintiff alleges and asserts that The Mortgage Law Firm alleging they are acting upon the authority of MERS, the alleged beneficiary.

278.   **WHEREAS** Bank of America prepared an assignment of Deed with a known robo signer acting on behalf of Mortgage Electronic Registration Systems, Inc. recorded DOC#2011-0411709 with "all beneficial interests" and NO "for value consideration" as the loan was not attached ie no value.

279.   Plaintiff alleges and asserts that a legal beneficiary would have transferred an abandoned Deed into a security trust if it existed.

280.   Plaintiff alleges and asserts that this transfer evidences a transfer to Bank of America the "servicer" with "ALL MERS beneficiary interest".

281.   Plaintiff alleges and asserts that thereby The transferring of MERS beneficiary interests to Bank of America was also prepared by Bank of America.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 58
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

282.   Plaintiff alleges and asserts that Bank of America named themselves as the new Beneficiary under a regular Deed of Trust transfer with no "For Valuable Consideration".

283.   **WHEREAS** Bank of America, the "servicer" altered a Corporation Assignment of Deed of Trust/Mortgage and recorded a Corporation Deed Transfer to HSBC Bank USA, National Association, as Trustee for the "Holders" of the Deutsche Alt-A Securities, Inc Mortgage Loan Trust, Mortgage Pass-though Certificates Series 2007-OA4. Doc# 2012-0129567.

284.   Plaintiff alleges and asserts that the "Holders" of this REMIC do not hold the note.

285.   Plaintiff alleges and asserts that the REMIC does not hold the DEED.

286.   Plaintiff alleges and asserts that No "Actual" transfer into above trust to securitize the loan exists.

287.   Plaintiff alleges and asserts that It is not only beyond the 90 day pooling and servicing agreements of a legitimate security trust to be able to do so, said was terminated/suspended swapped out in 2008 rendering it nunc pro tunc, extinguished null and void to the point where it can no longer be placed into the REMIC.

288.   Bank of America perpetuated further frauds by way of transferring an identified 100% predicate in default negative amortization Countrywide

COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983 59
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

Net advanced phantomed loan to Specialized Loan Servicing without valid documentation, (*See People of the State of California v. COUNTRYWIDE Financial Corporations, et al Stipulated Judgment and Injunction Complaint No. LC083076, Superior Court of the State of California, County of Los Angeles, Northwest District (2008) "COUNTRYWIDE Stipulated Judgment")* while under a Federal Government servicing transfer Ban.

289.    Plaintiff alleges and asserts that the collateralization of plaintiffs estates passed through the REMIC.

290.    Plaintiff alleges and asserts that collateralization extinguishes all beneficiary interests to the estate. Cheung v. Wells Fargo Bank, N.A., 987 F. Supp. 2d 972 (N.D. Cal. 2013).

291.    Plaintiff alleges and asserts that said Trust was utilized for the purpose of issuing pass through certificates attached to the manipulated LIBOR Index.

292.    Plaintiff alleges and asserts that these illegal actions render the REMIC void per operation of law.

293.    **WHEREAS,** Article -3 §203 transfers cannot be made if the transferee engaged in fraud or illegality affecting the instrument. Once a Nunc Pro Tunct loan is transferred it turns any voidable portion of the contract void by operation of law. Transfers of predicate loans used to perpetuate

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 60
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

frauds to any non-bank servicer violates CALIFORNIA ROSENTHAL FDCPA

section 1788.17 (a) 1- 4.

294.   **WHEREAS** said trust became the property of unknown "holders"

having non-claimable beneficiary "desires of interest" due to Defendants

default in the REMIC.

295.   Plaintiff alleges and asserts that these recorded Documents on title

evidencing these events, renders any sale action against this property

void.  *Aniel v. Aurora Loan Servs., LLC, 550 F. App'x 416 (9th Cir. 2013),*

*Engler v. ReconTrust Co., 2013 WL 6815013 (C.D. Cal. Dec. 20, 2013)CC §*

*2934a(a)(1)*

296.   In 2010 Dodd-Frank Act was enacted to bar traders from intentionally

interfering with the "orderly execution" of transactions that determine

settlement prices.  7 U.S.C. § 9 (2012) **Prohibition regarding manipulation**

**and false information. Wall Street Reform and Consumer Protection Act**

**(Dodd-Frank), Pub. L. No. 111-203, tit.VII (2010)  Title 17 : §240.3a67-**

**8 (c)**.

297.   Plaintiff alleges and asserts that Defendants violated 17 CFR 339.11 *See*

*FHFA/FNMAE vs Duetsch Bank.*

298.   Plaintiff alleges and asserts that these defective REMICS were

terminated on the SEC after a year or so of seasoning.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 61
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

299.    Plaintiff alleges and asserts that evidence of a 10k report filed for larger entities over 300 persons existed after the termination or suspension recorded. (Required under 17 CFR 339.11)

300.    Plaintiff alleges and asserts that Recordation of "Termination of Registration" were filed under Section 12(g) of the Securities Exchange Act of 1934.

301.    Plaintiff alleges and asserts that the verbiage within pooling and servicing agreements support this.

302.    Plaintiff alleges and asserts that the REMIC was swapped out under **17 CFR 240.12g-4 (b) If the suspension resulted from the issuer's merger into, or consolidation with, another issuer or issuers, the certification shall be filed by the successor issuer**.

303.    Plaintiff alleges and asserts that REMICS were swapped out without recall of the note into the REMIC.

304.    Plaintiff alleges and asserts that REMICS were swapped out without recall deeds into the REMIC.

305.    Plaintiff alleges and asserts that lack of securitization is why you see the verbiage upon 5 year after the fact deed transfers to the "Holders" of the REMIC and not the REMIC itself.

306.    Plaintiff alleges and asserts that the properties were NEVER securitized.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 62
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

307.   **WHERAS**, Evidence of a 10k report filed for larger entities over 300 persons existed after the termination or suspension recorded Exhibit #13.- This is a recordation of a Termination of Registration under Section 12(g) of the Securities Exchange Act of 1934, per **17 CFR 240.12g-4 (b) If the suspension resulted from the issuer's merger into, or consolidation with, another issuer or issuers, the certification shall be filed by the successor issuer**.

308.   Plaintiff alleges and asserts that swap out intents are identified in the P&S agreement as the "Certificate Swap Out Agreement Schedule" and "Floor Agreement schedules".

309.   Plaintiff alleges and asserts that the REMIC swaps finalize in August 2008 outlined in the P&S under the "Floor Agreement schedules".

310.   Plaintiff alleges and asserts that The Certificate Swap Agreement, dated as of June 29, 2007,was between HSBC Bank USA, National Association, as trustee, as trustee on behalf of the Supplemental Interest Trust, and the Certificate Swap Provider.

311.   Plaintiff alleges and asserts that the MERS Member Identification number referenced herein as MIN NO:  **1001337-0002108190-9** documents the MERS member 1001337 as Countrywide Bank, FSB.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 63
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

312.    Plaintiff alleges and asserts that  the MIN NO: further documents an

unidentified pass-through net advance **0002108190** witnessing the

phantom funding upon the Deed of Trust as NO: **00016536826405007**

recorded on **DOC # 2007-0319880**.

313.    Plaintiff alleges and asserts that Recession was exercised under 2941

sub (b)(1)(A-C) upon discovery of the un-securitized instrument and

additional verification of its lack of legality upon inception.

314.    Plaintiff alleges and asserts that It would be Inequitable to demand

additional tender. Moya v. CitiMortgage, Inc., 2014 WL 1344677 (S.D. Cal.

Mar. 28, 2014):Rigali v. OneWest Bank, No. CV10-0083 (Cal. Super. Ct. San

Luis Obispo Co. Feb. 14, 2013)

315.    **WHEREAS,**  The nunc pro tunct phantom loan acceleration date is

clearly outlined in the first HSBC / Recon Trust Notice of Default which

identified the loans DUE DATE aka acceleration date as 6/1/2008.

*316.*    Plaintiff alleges and asserts that Defendants are beyond statues to

record Doc 2012-0129568 3/20/12,.

*U.C.C. - ARTICLE 3 - NEGOTIABLE INSTRUMENTS (2002) § 3-  118.*

*STATUTE OF LIMITATIONS. (a) Except as provided in subsection (e), an*

*action to enforce the obligation of a party to pay a  note payable at a*

*definite time must be commenced within six years   after the due date or*

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 64
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

*dates stated in the note or, **if a due date is   accelerated, within six years***

***after the accelerated due date.*** *No   legal standing to foreclose exists*

*making the recording of a Notice of   Trustee Sale, in violation of **PENAL***

***CODE SECTIONS 470-483.5***

317.   **WHEREAS** CC 2923.5 Claim Unavailable if Servicer Rescinds NOD

Doc#2014-0188942.

318.   Plaintiff alleges and asserts that the nullifying by Doc#2014-0488544.

*319.*   Plaintiff alleges and asserts that it would be inequitable to require

tender where the circumstances being litigated for fraud claims of not only

the validity of the note and lack of securitization, but for potential RICO

claims still within statue to bring forth. ... *Pfeifer v. Countrywide Home*

*Loans, 211 Cal. App. 4th 1250 (2012)*

*320.*   Plaintiff alleges and asserts that Defendants are in contempt for

attempts to further collect in penalties in interest matching the fair market

value of the home upon a loan that WAS NEVER LENT.  *See Williams v.*

*Wells Fargo Bank, N.A., 2014 WL 4809205 (N.D. Cal. Sept. 25, 2014)*

321.   **WHEREAS**, under TILA Section 131(f)(2) evidence of a securitized trust

does not exists.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 65
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

322.    Plaintiff alleges and asserts that The REMIC Trust the Nunc Pro Tunc

Pre-Bifurcated loan allegedly was placed into "Terminated/Suspended"

REMIC trust without the deed.

323.    Plaintiff alleges and asserts that Said REMIC trust was used to commit

securities fraud prior to being "swapped out" in a trust refinance attached

to the manipulated ISDAfix index.

324.    Plaintiff alleges and asserts that swap out fully extinguishing any

security instrument made without a deed transfer.

325.    Plaintiff alleges and asserts that REMIC distributed certificates attached

to the manipulated LIBOR index.

326.    **WHEREAS** Operation of Law violations exist as follows:

**Civil code 1689.2, Civil code 1689 (b)(5), and Civil Code§ 1962(a).**

Termination and or/suspended REMIC in 2008 (attached Certification

and Notice of Termination of Registration under Section 12(g) of the

Securities Exchange Act of 1934).  Operation of Law extinguishment the

Deed CCP 1688.

327.    **WHEREAS** A terminated/swapped out trust nullifies the transaction,

extinguished the note, and forever disables the ability to fully consummate

a legal transaction.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 66
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

328.   Plaintiff alleges and asserts that no event the SEC can enforce the "tender" Rule pursuant to 14d-10 under the Securities Exchange Act 1934. See: Lerro v. Quaker Oats Co., 84 F. 3d 239(7th Cir. 1996).

329.   **WHEREAS**, § 9-315. SECURED PARTY'S RIGHTS ON DISPOSITION OF COLLATERAL AND IN PROCEEDS.(e) [When **perfected security interest in proceeds becomes unperfected.**] If a filed financing statement covers the original collateral, a security interest in proceeds which remains perfected under subsection (d)(1) becomes unperfected at the later of:  (1) when the effectiveness of the filed financing statement lapses under Section 9-515 or is **terminated under Section 9-513;  § 9-513. TERMINATION STATEMENT.**  (d) [Effect of filing termination statement.] or  (2) the 21st day after the security interest attaches to the proceeds. Except as otherwise provided in Section 9-510, upon the filing of a termination statement with the filing office, the financing statement to which the termination statement relates ceases to be effective. Except as otherwise provided in Section 9-510, for purposes of Sections 9-519(g), 9-522(a), and 9-523(c), the filing with the filing office of a termination statement relating to a financing statement that indicates that the debtor is a transmitting utility also causes the effectiveness of the financing statement to lapse.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 67
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

330.   Plaintiff alleges and asserts that since the instrument was never perfected, once terminated it can never be perfected.

331.   Plaintiff alleges and asserts that Defendants DO NOT HOLD A SECURITY INSTRUMENT.

332.   **WHEREAS**, under TILA1635 (f) (3) consummation never took place thereby extinguishing the seven-year rescinded instrument by OPERATION OF FEDERAL LAW. Jesinoski v. Countrywide Home Loans, Inc 729 F. 3d 1092 - Court of Appeals, 8th Circuit, 2013 LAW OF THE LAND RULING. Matter of State Law. 12 C.F.R. pt. 226,. 2(a)(13).

333.   Plaintiff alleges and asserts that it is a legal impossibility for Defendants to state a claim in recoupment.  Rule 12(b)(6) FRCP.

334.   **WHEREAS** If a borrower contends the validity of the foreclosure sale itself and can act with reasonable assertion of that fact to prevent undue harm, no tender is required. Tamburri v. Sunset Mortg., 2012 WL 2367881 (N.D. Cal. June 21, 2012).

335.   Plaintiff alleges and asserts that the DOT does not contain language "providing for a conclusive presumption of the regularity of sale," and therefore is defective notice, the sale is considered void. Little v. C.F.S. Serv. Corp., 188 Cal. App. 3d 1354, 1359 (1987).   **See also**:

   *A- Bain v. Metro. Mortg. Group, Inc., et al., 175 Wn.2d 83, 285*

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 68 FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

*P.3d 34 (2012).*

   B- *Glasky v. Bank of America (2013), San Francisco Supreme CRT.*

   C- *Subramani v. Wells Fargo Bank, N.A., 2013 WL 5913789 (N.D. Cal. Oct. 31, 2013*

   D-*Cheung v. Wells Fargo Bank, N.A., 987 F. Supp. 2d 972 (N.D. Cal. 2013)*

   E-*Rotella v. Wood 528, 549, 560-61,120 S. Ct. 1075, 145 L. Ed. 2d 1047(2000).*

   F- *15 U. S. C. §1601(a) - §1635(a) (2006 ed.) - §1635(g)*

   G- *Kemp v Countrywide Case 08-02448-JHW Doc 25*

336.   Plaintiff alleges and asserts that Countrywide is outlined within both the Prospectus and the Pooling and Servicing Agreements as a party to the REMIC conduit trusts.

337.   Plaintiff alleges and asserts that Plaintiff is proximity to REMIC conduit pass through Trust as she originated her own loan on behalf of Countrywide, who was the Originator of the REMIC itself.

338.   Plaintiff alleges and asserts that this make her proximity by association to the REMIC conduit trust through granted privilege.

339.   Plaintiff alleges and asserts that Plaintiff has the right to challenge loan assignments per her wholesale mortgage agreements as both a defrauded

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 69 FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

consumer who never received the funding upon the alleged loans, and/or a defrauded wholesale mortgage broker.

340.   Plaintiff alleges and asserts that these illegal actions breached all mortgage brokers ability to provide a fiduciary duty to all consumers under 2923.1 to their consumers, as the banking industry placed their own economic interest above that of the consumer.

341.   Plaintiff alleges and asserts that as an originator for a pass through REMIC utilized to perpetuate frauds on the SEC, a fiduciary duty was owed Plaintiff at all levels.

342.   Plaintiff alleges and asserts that it was never Plaintiffs intent to defraud herself and/or her clients.

*343.*   Plaintiff alleges and asserts that a Robo signed document transferring "all MERS beneficiary interests" of Federally suspended beneficiary MERS of alleged security instrument, with no "For valuable consideration" to Bank of America upon an invalid Trust Deed Assignment removes the beneficiary from her property.  See: *United States of America Department of the Treasury Comptroller of the Currency// Board of Governors of the Federal Reserve System/ Federal Deposit Insurance Corporation/ Office of the Thrift Supervision/Federal Housing Financial Agency In the Matter of MERSCORP, Inc and the Mortgage Electronic Registration System, Inc.*

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 70 FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

*Order to Cease and Desist. MERS MERSCORP and MERS MEMBERS April*

*12,2011*

344.    Plaintiff alleges and asserts that no secure obligation in favor of MERS

prior to April 12,2011 can currently exist as MERS was ordered to Cease

and Desist their practices.

345.    Plaintiff alleges and asserts that Plaintiffs Washington State Attorney,

Melissa Heulsman, went on to win Bains vs. Metropolitan Mortgage.

346.    Plaintiff alleges and asserts that MERS is not a legal beneficiary in the

State of Washington.

347.    Plaintiff alleges and asserts that Plaintiffs Property at 13900 Hidden

Heights Ln, Bainbridge Island WA 98110 was foreclosed by MERS.

348.    Plaintiff alleges and asserts that Plaintiffs Property at 13900 Hidden

Heights Ln, Bainbridge Island WA 98110 was identified as an illegal

foreclosure in the state of Washington through the National Sun Trust

Settlement.

349.    Plaintiff alleges and asserts that MERS is listed as the in favor

beneficiary foreclosing on the property located at 1095 Lowry Ranch Road

Corona, CA 92881.

350.    Plaintiff alleges and asserts that MERS HAS DAMAGED PLAINTIFF

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 71
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

351. **Question before the courts...** If MERS recorded the transfer of all beneficiary interest of said property to Bank of America as a servicer, and Bank of America transferred the loan to Specialized Loan Servicing relinquishing their rights a Servicer, how then could MERS be the legal beneficiary of the property authorizing the foreclosure?

*352.* Plaintiff alleges and asserts that no transfer from Countrywide was ever made to anyone. *See Kemp vs Countrywide depositions :* Neither the loan or the Deed left their files.

353. Plaintiff alleges and asserts that no attempt to contact plaintiff was made.

354. Plaintiff alleges and asserts that Defendants presented no foreclosure options to plaintiff.

355. Plaintiff alleges and asserts that Defendants disclosed no notifications of servicer transfers to plaintiff.

356. Plaintiff alleges and asserts that The Mortgage Law Firm holds no legal authority to foreclose upon the property located at 1095 Lowry Ranch Road, Corona CA 92881.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 72 FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

## PROTECTION MONEY ATTEMPT

357.    Plaintiff alleges and asserts that The Mortgage Law Firm attempted to solicit business from Plaintiff to stay off a foreclosure they hold no authority to conduct.

358.    Plaintiff alleges and asserts that The Mortgage Law Firm attempted to collect protection money in exchange for not foreclosing upon plaintiff's property.

359.    Plaintiff alleges and asserts that The Mortgage Law Firm is engaged in illegal foreclosure activities.

360.    Plaintiff alleges and asserts that Darren J. Devlin has been the President of The Mortgage Law Firm, PLC, since its formation in 2010.

361.    Plaintiff alleges and asserts that Darren J. Devlin has been presented with this information.

362.    Plaintiff alleges and asserts that Darren J. Devlin has refused to provide any information requested by plaintiff that would establish legitimate chain of title records.

363.    Plaintiff alleges and asserts that Darren J. Devlin has refused to provide an assignment of trustee.

364.    Plaintiff alleges and asserts that The Mortgage Law Firm conducts foreclosures in California, Arizona and Hawaii.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 73
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

365. **Question before the courts...** If The Mortgage Law Firm is conducting foreclosures without verifying at the very least, color of title or holding an actual auctioneers bond to foreclose, and hold no recorded assignments to their alleged trustee position, how are they legally able to conduct a foreclosures?

366.    Plaintiff alleges and asserts that Participation in foreclosing upon defective contracts that hold no legal or constitutional standing to foreclose is a felony.

367.    Plaintiff alleges and asserts that Recon Trust was the original trustee assigned to the property located at 1095 Lowry Ranch Road, Corona CA 92881.

368.    Plaintiff alleges and asserts that Recon Trust was suspended from business in the state of Washington.

369.    Plaintiff alleges and asserts that Recon Trust was a subsidiary to Bank of America.

370.    Plaintiff alleges and asserts that Recon Trust is not registered to do business in the State of California as a corporation an LLC/LLP.

371.    Plaintiff alleges and asserts that ReconTrust is a corporation incorporated in Delaware (not a title company & not an attorney) "

COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983 74
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

therefore, should have be required to register with the State of CA. as a foreign corporation doing business in the state.

372.   Plaintiff alleges and asserts that If the name used to foreclose is not exactly as registered with the State Department of Corporations a Ficticious Business Name is required to be filed in each and every county in which they foreclose.

373.   Plaintiff alleges and asserts that Recon Trust is cannot foreclose in the State of Washington.

374.   Plaintiff alleges and asserts that Recon Trust no longer forecloses on properties in California.

375.   Plaintiff alleges and asserts that Recon Trust is not a legal registered trustee in the state of California.

376.   Bank of America was in conflict of interest with RECON TRUST as it was their wholly owned subsidiary.

377.   THE MORTGAGE LAW FIRM, is registered as A PROFESSIONAL LAW CORPORATION.

378.   Plaintiff alleges and asserts that THE MORTGAGE LAW FIRM did not exist at the time of this contract.

379.   Plaintiff alleges and asserts that THE MORTGAGE LAW FIRM is laying false claims they are the original trustee.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 75
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

380.   Plaintiff alleges and asserts that just because Defendants#1-5 Retained a law firm to act as a trustee does not make it a trustee.

381.   Plaintiff alleges and asserts that no secure obligation in favor of MERS prior to April 12, 2011 can legally exist.

382.   Plaintiffs Washington State Attorney, Melissa Heulsman, went on to win Bains vs. Metropolitan Mortgage.

383.   Plaintiff alleges and asserts that landmark case confirmed that MERS is/was not a legal beneficiary in the State of Washington.

384.   Plaintiffs Property at 13900 Hidden Heights Ln, Bainbridge Island WA 98110 was foreclosed by MERS.

385.   Plaintiffs Property at 13900 Hidden Heights Ln, Bainbridge Island WA 98110 was identified as an illegal foreclosure in the state of Washington through the National Sun Trust Settlement.

386.   Plaintiff alleges and asserts that MERS is listed as the in favor beneficiary foreclosing on the property located at 1095 Lowry Ranch Road Corona, CA 92881.

387.   Plaintiff alleges and asserts that **MERS HAS ALREADY DAMAGED PLAINTIFF.**

*388.*   Plaintiff alleges and asserts that no color and/or chain of title exists to grant MERS the legal authority to conduct a foreclosure:

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 76
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

389.   *Plaintiff alleges and asserts that No transfer from Countrywide was ever made to MERS. See Kemp vs Countrywide depositions : Neither the loan or the Deed left Countrywides files.*

## EXTORTION ATTEMPTS

390.   Plaintiff alleges and asserts she had not only been victimized, she has been terrorized.

391.   Plaintiff asserts and alleges that Plaintiff has been the subject of unconscionable abuse through these Federal investigations.

392.   Plaintiff asserts and alleges that she has been the victim of MULTIPLE break ins and home invasions.

393.   Plaintiffs properties in Washington were both ransacked and stripped.

394.   Plaintiff asserts and alleges that her friends and family has been the subject of unconscionable abuse.

395.   Plaintiff asserts and alleges that members of her family have died by unconscionable abuse

396.   Plaintiff asserts and alleges that innocent clients of Plaintiff have died by unconscionable abuse.

397.   The level of these abuses no longer falls into the category of coincidence.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 77
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

398.   Plaintiff alleges and asserts that upon divulging her awareness of these dirty deeds the following unconscionable events occurred.

1- The identity of Plaintiff, Plaintiffs immediate family, Plaintiffs Corporation was stolen.

2- Plaintiff was starved out of the banking industry for "failure to perform" upon notification of her cooperation in Federal  investigations.

3- Plaintiff was audited by the IRS two states away from her primary    residence without direct notice.

4- Plaintiff was repeatedly denied representation in the challanging of these audits.

5- Plaintiff was held at gunpoint by the CFPB at the establishment of a fraud investigation company once Bank of America was made aware of Plaintiffs location.

6- Plaintiff was subpeanaed as a witness for the Grand Jury where plaintiff turned over sensitive business information.

7- Plaintiff is currently being told by her IRS attorney, she has been given a choice as follows:

She either gives the names of the innocent people who she paid rent for the use of her personal business knowing that she signed agreements not to divulge this information lest be sent

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 78 FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

to jail. -or-

She admits she reported wrongful write offs and takes

additional punitive damage subject to additional audits.

399.   Plaintiff asserts and alleges that it is her understanding that unless she

takes punitive damage, her family and friends will suffer further.

400.   Plaintiff asserts and alleges that she is now a victim of extortion.  LIVID

IS AN UNDERSTATEMENT.

401.   Plaintiff asserts and alleges retaliation has occurred and is still

occurring under *18 U.S. Code § 1513* -

*Retaliating against a witness, victim, or an informant (b) Whoever*

*knowingly engages in any conduct and thereby causes bodily injury to*

*another person or damages the tangible property of another person, or*

*threatens to do so, with intent to retaliate against any person for— (1)*

*the attendance of a witness or party at an official proceeding, or any*

*testimony given or any record, document, or other object produced by*

*a witness in an official proceeding;*

402.   **Plaintiff files were called as supporting documents before a Grand**

**Jury.**

403.   **Plaintiff last meeting with a Grand Jury was November 2015.**

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 79
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

## DEFENDANTS ULTRA VIRES ACTS

404.    Plaintiff alleges and asserts that the Definition of 'Ultra Vires Acts' is any act that lies beyond the authority of a corporation to perform.

405.    Plaintiff alleges and asserts that Ultra Vires acts fall outside the powers that are specifically listed in a corporate charter or state law or federal law.

406.    Plaintiff alleges and asserts that Defendants acted Ultra Vires.

407.    This complaint concerns a home loan that was brokered to Plaintiff through granted privilege of a now non-party "COUNTRYWIDE HOME LOANS", INC;  originated by now non-party  COUNTRYWIDE BANK, FSB 1st and 2nd purchase combination loan, and on 3/06/2006 from a refinanced COUNTRYWIDE BANK.FSB  which was rescinded in 2009 where the recession itself has remained unchallenged *(see See Statement of Title history exhibits)* .   This loan has been successfully discharged through Chapter 7 bankruptcy.

408.        Plaintiff was granted privilege to broker said loans.

409.        Plaintiff was both a consumer and a wholesale broker to COUNTRYWIDE BANK, FSB who brokered said loan to herself.

410.        The original COUNTRYWIDE BANK, FSB loan was Assigned to MERS as a nominee beneficiary and to Recon Trust as a Trustee.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 80
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

411.      The Original COUNTRYWIDE BANK, FSB loan was refinanced by COUNTRYWIDE  BANK, FSB 5/14/2007.

412.      Plaintiff was unaware that COUNTRYWIDE BANK, FSB was acting as the Originator on behalf of the THE DEUTSCHE ALT-A SECURITIES INC MORTGAGE PASSTHROUGH CERTIFICATE SERIES 2007-OA4.

413.      Plaintiff was unaware of the pass through loan reflected upon the Deed of Trust was not the lenders own funds.

414.      The MERS Member Identification Number, herein referred to as MIN, identifies the "Trusts" Originator through the first series of numbers as MERS Member 1001337.

415.   COUNTRYWIDE BANK, FSB is MERS Member 1001337

416.      The MERS MIN identifies the second series of numbers as the loan being net advanced as 0002108190.

417.      The loan number recorded on title under the presumption of the lenders own funds is evidenced above the Doc ID# upon the Deed of Trust as 00016536826405007.

418.   The last digits of the Doc ID# reflect the year.  Further the Doc ID# is displayed and recorded upon each corresponding recording pages upon the Deed of Trust.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 81
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

419.         Plaintiffs loan number disclosed to her by COUNTRYWIDE BANK, FSB was 165368264.

420.         The Investors Interests pass through net advance that bifurcated the Deed of Trust was 0002108190.

421.         Plaintiff was unaware at that time that through the MERS system *"Collateralization Scheme"* the following occurred.  Evidenced by the **Transaction Structure** of the "Trusts" Prospectus, which outlines how "the system" works.

1) COUNTRYWIDE BANK, FSB originated loan on 5/14/2007,

2) Investor interests were passed through the HSBC as the Trustee of the "Trust" to undisclosed Investors and/or Investors. From  there Investor Interests were filtered through the system. Herein referred to as pass through funds.

3) The pass through funds were then filtered though Deutsch Bank  Securities, the Underwriter of the REMIC Conduit Trust.

4) The pass through funds were then filtered through ACE SECURITIES  CORP. the REMIC Conduits Depositor who deposited the pass through funds with the REMIC Conduit Trust Sponsor DB STRUCTURED PRODUCTS, Inc

5) The pass through funds were then filtered through the MERS

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 82 FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

Member Originator aka COUNTRYWIDE BANK, FSB who in turn

used these pass through funds to fund Plaintiffs home purchase.

6) The instrument was immediately bifurcated upon tender and

COUNTRYWIDE BANK, FSB maintained the Deed of Trust.

422.   Pass through funds were collateralized debt obligations. *See Declarations of Faith II.*  Prior to the net advance of the pass-through loan, The Originating MERS Member, COUNTRYWIDE BANK, FSB, created a contract for the REMIC Conduit Trust whereby a mortgage Note in favor of the COUNTRYWIDE BANK, FSB was transferred to the Servicer and a copy of the promissory note was uses as bearer paper to the REMIC Conduit Trust.

423.   Plaintiffs assert that No mortgage obligation existed between Plaintiffs and a true lender as a substance for substance agreement was not reached between the contracts parties.  This breach of contract made it impossible to cure the defects within the contract itself.

424.   The Transaction Summary details the Servicer who collected unsecured payments from Plaintiffs were directed back to the Wells Fargo, the Master Servicer assigned to the REMIC Conduit Trust through which Plaintiffs payments where pass-through as follows...

1) The Master servicer of the REMIC Trust would pass through

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 83
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

Plaintiffs payments back into the REMIC Conduit Trust.

2) In turn the REMIC Conduit Trust would filter these funds back to the Depositor.

425.    The actual securitization of the instruments Deed of Trust never took place. Instead the following occurred:

1) a copy of the promissory note was passed-through under blank endorsements to DB STRUCTURED PRODUCTS, Inc.

2) the promissory note was passed-through under blank endorsements to ACE SECURITIES CORP.

3) The promissory note was further passed-through under blank endorsements to HSBC BANK, NA AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF DEUTSCHE ALT- A SECURITIES MORTGAGE LOAN TRUST 2007-OA4.

426.    When a copy of a note is used with blank endorsements it becomes nothing more than a bearer note where the signature upon the note is backing a completely different instrument.

427.    The Note and the Deed never left the file. Countrywide never used their own funds to consummate the contract.  *See Kemp v Countrywide Case 08-02448-JHW Doc 25.*

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 84
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

428.    The DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST 2007-OA4

had a Prospectus outlining credit enhancement for certificates that

provided excess interest, overcollateralization, and subordination offerings

to public investors on the One-Month LIBOR Index .

429.    Arrest fore the Manipulation of the LIBOR index took place in and

around December 2012.

430.    The DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST 2007-OA4

was supposed to have the deed transferred into the trust within 180 days

or less from the time the Countrywide Originated loan was transferred

into the trust.

431.    Plaintiff asserts No re-conveyance of the loan was filed on the

refinanced Countrywide loan per line 23 of the Deed of Trust after this

loan was paid through the collateralization process from COUNTRYWIDE

BANK, FSB to DB STRUCTURED PRODUCTS, Inc.

432.    No re-conveyance of the loan was filed when this same loan was

further allegedly sold to ACE SECURITIES CORP.

433.    Plaintiff asserts No re-conveyance of the loan was filed when the same

loan was further allegedly sold to HSBC BANK, NA AS TRUSTEE FOR THE

CERTIFICATEHOLDERS OF DEUTSCHE ALT- A SECURITIES MORTGAGE LOAN

TRUST 2007-OA4.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 85
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

434.   Plaintiff asserts No re-conveyance of the loan was filed after the loan was net advanced by investors pass through funding who were issued the certificates through the trust against the collateralized debt.

435.   Line 23 states as follows "Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to Reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee.

436.   Plaintiff asserts No FORM 8594 was filed with the IRS under 26 U.S. Code § 860G - 3 (A) (ii) because it was NEVER purchased by the REMIC. Plaintiff asserts that no true sale took place.  REMIC does not hold the note or the deed.

437.   Dicoveries of actual TILA violations by plaintiff took place in and around 2009 during Plaintiffs time as a volunteer Federal Witness for Mortgage Crimes in the Inland Empire.

438.   On or about 03/2009 Plaintiff performed a Mortgage Loan Audit review by REA(Real Estate Attorney Support Services) that was completed on 3/25/2009 The audit noted the following:

   A) The Annual Percentage Rate (APR) was under disclosed by 1.48900.

   B)  The finance charge was under disclosed $662,502.47.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 86 FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

C)  The amount financed was under disclosed $6,586.16  for a total of

$669,088.63.

D)  The loan did not have the proper signed documentation of the

Plaintiffs right cancel, violating Regulation Z 226.5(a)(1) and

226.17 (a) (1), 15 USC 226.15 (b) and 226.23

439.   In and around November Plaintiff began working for a Fraud

investigation company where she dicovered further frauds by Countrywide

and Bank of America.

440.   Plaintiff became aware of  robo-signing, fraudulent deed assignments

and came to the realization that the investigations she had  volunteered

for, were loans used to perpetuate fruads on the SEC.  These frauds are

evident across all plaintiffs properties.

441.    Plaintiff again was conveyed assurances that BANK OF AMERICA would

not take any foreclosure actions.

442.    In and around 2014 BofA  transferred a fraudulent loan to SLS without

notifying plaintiff and Defendant SLS immediately began foreclosure

attempts without complying to california codes 2923.55

443.    Over the course of the following year Plaintff documented Defendant

SLS violating muliple laws further cocumented through the Consumer

Financial Protection Bureau referenced as CFBP Case numbers: 140221-

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 87
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

002071, Case number: 140508-001150, 140515-000623, 140515-000636,

140509-000318, 140515-000623, 140930-000635, 140508-001150,

140606-001215, 140609-000800, 140922-000297, 140922-000193,

140922-000207, 140922-000191, 140922-000211, 140922-000208,

141001-000235, 141001-000324, 141001-000306, 141001-000286,

141001-000356, 140922-000043, 141001-000379, 141215-000178,

141215-000144, 150102-000468, 150105-000714, 150102-000468,

150312-000857, 150318-000451, 150318-001551, 150318-001601,

150318-001560, 150318-001536, 150318-001585, 150324-000657,

150324-001726, 150318-001536, 150401-001922, and 150331-001704.

444.   Violations including but not limited to;

1-

Failure to notify Plaintiff of servicer transfer.  12 CFR § 1024.39.(8)

Failure to transfer accurately and timely information relating to the

servicing of a borrower's mortgage loan account to a transferee

servicer.

2 –

Laying false claims the "had the wrong address" when the last

know address was attached to the 2nd Amended compalint directly

served to Defendant Bof A while leaving printed notes within

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 88
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

envelopes madeshift into door hangers.

3-Failure to comply with requests made under 15 USC 1692g.

Sec 809 (b)

4- Failure to provide accurate information to a borrower regarding loss mitigation options and foreclosure, as required by 12 CFR § 1024.39.

5-Failure to provide an accurate payoff balance amount upon a borrower's request in violation of section 12 CFR 1026.36(c)(3)

6- Failure to produce a statement of Claim

7- Faitlure to acknowlege a recission through multiple notice of errors, conveyance of the court appeal and exhibits to the case.  Conveyance of awareness of the Government ban of Countrywide identified loans.

8- 12 CFR § 1024.39 (10) Moving for foreclosure judgment or order  of sale, or conducting a foreclosure sale in violation of § 1024.41(g) under which U.S. Code › Title 12 › Chapter 27 › § 2605 12 U.S. Code § 2605 (e) Duty of loan servicer to respond to borrower inquiries.

9- Failure to acknowledge 5 cease and desists notices as loan was federally discharged.

445.   In March 2015 Plaintiff Discovered that REMIC Conduit Trust was Termination and or/suspended in 2008 on the SEC. (see attached

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 89 FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

Certification and Notice of Termination of Registration under Section 12(g)

of the Securities Exchange Act of 1934)

446.    A terminated/swapped out trust nullifies the transaction, extinguished

the note, and disables the ability to fully consummate a legal transaction.

Thus the SEC cannot enforce the "tender" Rule pursuant to 14d-10 under

the Securities Exchange Act 1934. See: Lerro v. Quaker Oats Co., 84 F. 3d

239(7th Cir. 1996).                              .

447.    The Certificate Swap Agreement, dated as of June 29, 2007,was

between HSBC Bank USA, National Association, as trustee, as trustee on

behalf of the Supplemental Interest Trust, and the Certificate Swap

Provider, together with any schedules, confirmations or other agreements

relating thereto provided only "upon request".

448.    Plaintiff asserts that it is a common pattern to see a MERS pass-

through REMIC Conduit Trust seasoned for a year to position it for a SWAP

OUT of the TRUST without the transfer Deed of Trust into the REMIC

Conduit Trust.  The suspension only pertains to reporting if reports do not

follow.  The 10k report after the ruse of suspension is only because it is

outline within the Prospectus that a one-year report 10k report would be

filed on the SEC.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 90
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

449.    In September of 2015 Plaintiff uncovered enough probable cause to support her theory that Defendants had compromised the Riverside Country Historical Courts integrity.

450.    In November 2015 Plaintiff was called before the Riverside Grand Jury to present these findings.

451.    In November of 2015 Plaintiff found evidence that a 1099-A was issued against her social security number without her knowledge or awareness.

452.    In December of 2015 Plaintiff was engaged with the IRS, both in debate and in study.

453.    Plaintiff asserts you CANNOT enforce a Net Advanced phantom funded loan embedded to fail at the consumers expense that was rigged to control the payouts to investors while deflating the value of world currencies by the use of an ill conceived system used by defendants to swap us out.

454.    Plaintiff asserts you CANNOT enforce a fabricated loan laden with State and Federal Violations admitted as such by the originator of these dirty deeds.

455.    Plaintiff asserts you CANNOT lay claims on behalf of a REMIC that violated traditional securities underwriting that was used to perpetuate further frauds on the SEC.

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 91 FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

456.    When did contracts of adhesion become valid just because someone holds blank endorsed note.    Plaintiff holds the same blank endorsed note who's value is no more than a roll of toilet paper, yet is deemed a deadbeat because she was set up to take the "hit" in advance.

457.    Plaintiff beta tested the DU underwriting systems Defendants put into place, and was able to obtain a DU approval for her husband for the same amount a HAMP restructure payments with forgiveness.  When did it become acceptable for qualified candidates of Government programs to be cast aside?

458.    Plaintiff has witnessed every type of unethical tactics utilized to beat plaintiff into the ground, including the Wells Fargo attorney foreclosure manual designed to obstruct justice through judicial technicalities.

459.    Plaintiff has been damage far beyond the norm in uncovering these truths.  These courts have ZERO constitutional authority to deprive her of her properties.

460.    UCC 1-103.6, states: The Code cannot be read to preclude a Common Law action. To be in harmony with the Common Law, you must come forth with the damaged party and to date, the defendant's nominee beneficiaries, trustees affiliates or subsidiaries, have not been "damaged".

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 92 FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

State courts simply cannot make a legal determination of the sections 1-207 and 1-103 of the Uniform Commercial Code.

461.   Plaintiff has presented, has had confiscated, and have personally delivered, documentation of NON-COMPLIANCE 's, COMPLAINTS OF FORECLOSURE ABUSE, DOCUMENTATION OF FORECLOSURE AUDITS, YEAR OLD UNANSWERED COURT ORDERED SUBPEANA'S issued by the Superior Court to the following entities:  Bank of America, (BAC) Countrywide Financial Corporation, Countrywide Home Loans Inc., HSBC Bank USA, Recon Trust Company, Ace Securities Inc, the Deutsch Bank Alt "A" Securities Mortgage Loan Trust 2007-OA4, Deutsch Bank Securities Inc, Deutsch Bank Structure Products, Deutsch Bank, Merscorp (Mers), US Bank,  and Wells Fargo Bank and witnessed, whole or in part, by Government officials, the press, and various advocacy groups across this Nation.

462.   Plaintiff has presented directly or indirectly, has delivered willing or had forcibly confiscated, to and/or by the Consumer Financial Protection Bureau (CFPB) documentation of NON-COMPLIANCE, OBSTRUCTION OF JUSTICE, DOCUMENTATION SHOWING THAT THE SERVICERS OF THESE LOANS THEMSELVES, CLEARLY LACK THE COMPONENTS OF AN EFFECTIVE

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 93 FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th, 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

OR EVEN LEGITIMATE COMPLIANCE MANAGEMENT SYSTEM ADEQUATE

ENOUGH TO HANDLE THIS LEVEL OF PERPETUATED FRAUD.

463.    Plaintiff declares that, bifurcated breaches upon inception, perjury on

tile, forgery on title, theft of property, concealment of facts, non-

disclosures, blank endorsements, alterations, robo-signing, auto signing on

members "we the People's" behalf's, hand altered Trust Deeds positioned

for fraudulent insurance payouts, wrongful foreclosures, (and or) the

various law makers and adjudicators awareness and/or passive actions of

these activities, is the epitome of immoral, unjust, unethical behavior that

have cultivated unconscionable acts against our nation through the

manipulation of our Nations economy, the injury of the health, welfare

and property of members of "We the People", and violations of "We the

Peoples" Constitutional rights.

*464.*    Plaintiff declares that the frauds witnessed at such levels, that evidence

treacherous collaboration and manipulation of our Federal Reserve

Currency, has threatened our Nations economy and compromised the well

being of all members of "We the People.

465.    Plaintiff asserts that through misuse of Sherriff's force as was

investigated by the National Independent Mortgage review, wrongfully

took property contrary the laws of the land, through a *"Collateralization*

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 94
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

*Scheme"* with underlying intent to position themselves for future seizures of properties as alleged herein.

466.   Defendants have breached the very words upon the promissory notes we use as Federal currency "In God we Trust" in exchange for a "system" under an Enterprised tool.

467.   MERS is the Member Enterprise Racketeering System about to become a UCL Foreclosure Law under false claims that We the People are enabling it.

468.   Plaintiff asserts that we live in a premeditated Criminal Economy that preyed upon the weakest elements of human nature to exploit it.

469.   Question before the courts; At what point will these courts say "Enough is Enough"?    The LAW is on the side of the PLAINTIFF, not whomever receives these tainted monies as a benefit to look the other way.


**AFFIDAVIT OF FAITH LYNN BRASHEAR**

I Faith Lynn Brashear hereby swear that the preliminary research I conducted shows potential conflict of interest through the income derived by Judge Daniel A Ottolia through his wife Liv Ottolia a licensed sales person with the department of Real Estate, by her employment arrangements through First Team Real Estate and

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 95 FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

through First Team Real Estate business arrangements with Plaintiffs clients.  I have determined that at least two of the past Defendants had cases against them in the courts where the properties attached to the prior owners became listing within said company.  **Exhibit 911.**

Plaintiff was forced to learn law as a means to protect herself and her interests, as she is being repeatedly told by Attorneys, they cannot plead these specific matters before the courts.  It can take 7-8 years to become a lawyer. After obtaining a four year bachelors degree you can enroll in a law school that will take 3-4 years. In order to practice law one has to clear the bar exam and get license in their state.  Plaintiffs Dyslexia makes it difficult for her to take examinations of this nature.

Plaintiff has had to restructure her bankruptcy complaint into a Federal complaint.  The complexities associated with the drafting of such complaint take enormous manpower, and usually complaints of this nature involve mass action, holding multiple attorneys on record.   To accomplish a draft of this nature is impossible for a normal layman and would take a seasoned attorney month if not years to perfect.   Case in point the SEC filed suspicions of the marketing of synthesized CDO contracts in 2010, it took them 6 years to obtain a final judgment.

Respectfully submitted  this 5th Day of April, 2016

X_____

Faith Lynn Brashear


**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983** 96
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments,
5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.